# VOLUME  1  OF  1

COURT OF CRIMINAL APPEALS NO. _CR 04-0476_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

## CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 02-732.60_

CIRCUIT JUDGE _Shashy_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ■ YES  ☐ NO

_WILLIE L. GARDNER_
NAME OF APPELLANT

_WILLIE L. GARDNER   AIS # 231984_
(Appellant's Attorney)                                  (Telephone No.)
_100 WARRIOR LANE_
(Address)
_BESSEMER, AL. 35023_
(City)        (State)        (Zip Code)

V.

## STATE OF ALABAMA

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

NAME OF APPELLEE

_____

_____

(For Court of Criminal Appeals Use Only)

PENGAD 800-631-6989

EXHIBIT

A

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY………………………………………………………… 1-2

RULE 32 PETITION…………………………………………………………….. 3-29

ORDER FOR STATE TO RESPOND…………………………………………... 30

STATE'S ANSWER……………………………………………………………... 31-47

DEFENDANT'S REQUEST FOR DISCOVERY…………………………………… 48-52

RESPONSE IN PART TO RESPONDENT ANSWER……………………………… 53-55

ORDER DISMISSING PETITION………………………………………………... 56-58

NOTICE OF APPEAL…………………………………………………………….. 59-60

REPORTER'S TRANSCRIPT ORDER……………………………………………. 61

DOCKETING STATEMENT……………………………………………………… 62-63

APPEAL TRANSMITTAL………………………………………………………... 64

CERTIFICATE OF COMPLETION……………………………………………….. 65

```
ACRO370                   ALABAMA JUDICIAL INFORMATION SYSTEM          CASE CC 2002 000732.60
OPER: TOR                      CASE ACTION SUMMARY
PAGE:  1                       CIRCUIT  CRIMINAL
                                                                    RUN DATE: 09/09/2004
IN THE CIRCUIT COURT OF MONTGOMERY
                                                                    JUDGE: WAS
STATE  OF  ALABAMA                    VS        GARDNER WILLIE LIZZLIE
                                                AIS# 231984  4-13
CASE: CC 2002 000732.60                         100 WARRIOR LANE
                                                BESSEMER, AL  35023 0000

DOB: 05/29/1985          SEX: M  RACE: B  HT: 5 10  WT: 170    HR: BLK EYES: BRO
SSN: 903000732  ALIAS NAMES:

CHARGE01: RULE 32-FELONY     CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                        AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                         DATE ARRESTED: 09/04/2001
DATE  INDICTED:                           DATE   FILED: 08/26/2004
DATE  RELEASED:                           DATE  HEARING:
     BOND AMOUNT:          $.00              SURETIES:

DATE 1:              DESC:                 TIME: 0000
DATE 2:              DESC:                 TIME: 0000

TRACKING NOS: CC 2002 000732 00  /                         /

   DEF/ATY:                          TYPE:
                                                                    TYPE:
                        00000                          00000
PROSECUTOR:
```

```
CASE: CC200200073200 CHK/TICKET NO:
COURT REPORTER:                  SID NO:                GRAND JURY:
DEF STATUS: PRISON               DEMAND:      000000000
                                                                OPER: TOR
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 09/09/2004 | ASSIGNED TO: (WAS) WILLIAM A. SHASHY | (AR01) | TOR |
| 09/09/2004 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | TOR |
| 09/09/2004 | INITIAL STATUS SET TO: "P" - PRISON | (AR01) | TOR |
| 09/09/2004 | DEFENDANT ARRESTED ON: 09/04/2001 | (AR01) | TOR |
| 09/09/2004 | FILED ON: 08/26/2004 | (AR01) | TOR |
| 09/09/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 09/09/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 9/09/04 | Copy of Rule 32 Sent to DA & Ay. | | |
| 11-15-04 | Order Dismissing Rule 32 | | |
| 10/07/04 | Status Answer | | |
| 10/27/04 | Request for Production | | |
| 11/05/04 | Request Response In Part to Respondent Answer | | |
| 12/14/04 | Notice Of Appeal w/ Forms | | |

CRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000732.60
JUDGE ID:  WAS

STATE  OF  ALABAMA                    VS    GARDNER WILLIE LIZZLIE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 2/14/04 | Notice Of Appeal w/ Iamo |
| 2/16/04 | Appeal Transmittal To Crm Apps, AG & Def. |

Case Number

CC 02 732.60

ID    YR    NUMBER
(To be completed
by Court Clerk)

was

# IN FORMA PAUPERIS DECLARATION

_CIRCUIT COURT OF MONTGOMERY_
(Insert appropriate court)

_Willie L. Gardner_
(Petitioner)

vs.

_State of Alabama_
(Respondent(s)

AUG 2004
Filed
Melissa Rittenour
Circuit Clerk

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
IN FORMA PAUPERIS

I, _Willie L. Gardner_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____ N/A _____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No ✓

   b. Rent payments, interest, or dividends?

   Yes _____    No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No ✓

   d. Gifts or inheritances?

   Yes _____    No ✓

   e. Any other sources?

   Yes _____    No ✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

*money received ocassionally from family and friend for maintanance and hysiene*

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

*N/A*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ *8/20/04* _____
(Date)

*Willie Gardner*
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *0.93 ℄* on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said *William E. Donaldson* institution:

**COPY FOR COURT ATTACHED**

_____

_____

_____

*8/9/04*
DATE

My Commission Expires *5/31/2008*    AUTHORIZED OFFICER OF INSTITUTION

*Patricia A. Person*
*N.P.*

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
W.E. DONALDSON CORR. FACILITY

TS #: 231984      NAME: GARDNER, WILLIE L.              AS OF: 08/09/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG | 22 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.15 | $0.18 |
| MAY | 31 | $5.74 | $25.00 |
| JUN | 30 | $3.05 | $0.00 |
| JUL | 31 | $3.45 | $10.00 |
| AUG | 9 | $0.83 | $0.00 |

COURT COPY

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
KILBY CORRECTIONAL FACILITY

`S #: 231984      NAME: GARDNER, WILLIE L.            AS OF: 08/09/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG | 22 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.46 | $40.00 |
| DEC | 31 | $15.32 | $50.00 |
| JAN | 31 | $8.67 | $55.00 |
| FEB | 28 | $25.04 | $100.00 |
| MAR | 31 | $1.90 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 9 | $0.00 | $0.00 |

COURT COPY

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

AUG 2004
Filed
Melissa Rittenour
Circuit Clerk

**7**

Case Number

CC 88  732.60
ID  YR  NUMBER

IN THE ___CIRCUIT___ COURT OF _MonTGomery_ ALABAMA

_Willie L. Gardner_ vs. _State of Alabama_
Petitioner (Full Name)                          Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _231984_ Place of Confinement _William E. Donaldson_

County of conviction _Montgomery County_

NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _251 S. Lawrence Street, Circuit Court_
   _Montgomery, Ala 36104_

2. Date of judgment of conviction _10-23-03_

3. Length of sentence _Life Without Parole_

4. Nature of offense involved (all counts) _Capital Murder, Robbery 1,_
   _Attempted Murder_
   _____
   _____
   _____

5. What was your plea?   (Check one)
   (a)   Guilty ___✓___
   (b)   Not guilty _____
   (c)   Not guilty by reason of mental disease or defect _____
   (d)   Not guilty and not guilty by reason of mental disease or defect _____

6.  Kind of trial: (Check one)

    (a)  Jury _____     (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____     No _____

8.  Did you appeal from the judgment of conviction?

    Yes _____     No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court  Court of Criminal Appeals State of Alabama

        (2)  Result  Dismissed as Untimely Filed

        (3)  Date of result  9th Jan. 2004

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

petitions, applications. or motions with respect to this judgment in any court, state or federal?

Yes _____    No ✓_____

9

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed: *N/A*

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____           No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____           No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2). Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.        Yes _____        No _____

(2) Second petition, etc.      Yes _____        No _____

(2) Third petition, etc.       Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. __The court was without jurisdiction to render the judgment or to impose the sentence.__

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. __The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.__

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. __Petitioner is being held in custody after his sentence has expired.__

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. __Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:__

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

———— F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _X_

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _____

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case when the judgment under attack.

(a) At preliminary hearing David Eugene Belser, 400 S. Union St Ste 395, Montgomery, Ala, 36104-4337

(b) At arraignment and plea David Eugene Belser

(c) At trial David Eugene Belser

(d) At sentencing David Eugene Belser

(e) On appeal Aimee Michele Cobb Smith, 300 B Wartor St Ste 214, Montgomery, Ala 36104-2558

(f) In any post-conviction proceeding N/A

(g) On appeal from adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ✓    No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____    No _____

18. What date is this petition being mailed?

8/22/04

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

14

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____8/2/04_____
                    (Date)

_Lillie Gardner_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _2nd_ day of _August_ _2004_.

_James A. Beachem_
Notary Public

MY COMMISSION EXPIRES
SEPTEMBER 25, 2004

### OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

nd correct. Executed on _____
                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the
petition.

<u>IS THE CHARGING INSTRUMENT
"THE INDICTMENT" FATALLY DE-
FECTIVE FOR FAILURE TO ALLEGE
THAT PETITIONER INTENTIONALLY
CAUSED THE DEATH OF ANOTHER
PERSON? YES!</u>

Your petitioner **WILLIE LIZZLIE GARDNER** was charged by

the **MONTGOMERY COUNTY** authorities of the commission of a

felony, on the commencement of prosecution the said county for the

State of Alabama presented before the Grand Jury an indictment al-

leging petitioner **WILLIE LIZZLIE GARDNER** violated Penal Codes

of Alabama purporting and circumscribing as to the Capital Murder

Statute Title 13A, 13A-5-40. **(a)(2)** Code of Alabama.

Within the indictment it cites the petitioner was in viola-

tion of 13A-5-40. **(a)(2)** of the Alabama Criminal Code, never

theless it omits an essential element of a component of said statute!

The court's have held the mere inclusion of the statutory citation

does not cure an otherwise defective indictment that fails to include

an essential element of the offense! <u>Ex Parte Harper,</u> 594 So.2d

1181, at 1192 (Ala. 1991).

The Alabama Courts have set out the requirement of a suffi-

cient indictment in <u>Rumlin v. State</u>, 564 So.2d 1386, at 1388,

quoting <u>Andrews v. State</u>, 344 So.2d 533 (Ala.Cr.App. 1977):

> "An indictment to be sufficient
> must meet inter alia the following
> two criteria as set forth in <u>Russel</u>
> <u>v. United States</u>, 369 U.S. 749, 82
> S.Ct. 1038, 8 L.Ed.2d 240(1962) and
> in Gayden 41 State, 38 Ala.App. 39,
> 80 So.2d 501 (1954-55)
> "(a) The indictment must contain
> the elements of the offense intended
> to be charged and sufficiently apprise
> the defendant of what he must be pre-
> pared to meet; and

"(b) In case other proceedings are taken against the defendant, the record must show with accuracy to what extent he may plead a former acquital or conviction."

Andrew v. State, 344 So.2d 533, at 535 (Ala.Cr.App. 1977) made it clear where the indictment didn't contain the essential elements of the offense it can't be waived by failure to timely demur.

This principle of law as to the failure of an indictment to contain an essential element of the charged offense makes resulting convictions invalid is consistent in Alabama Courts:

> "When a material element is omitted from an indictment a conviction is due to be vacated and jurisdictional issues are not subject to waiver and may be raised at any time. See Ex Parte Harper, 594 So.2d 1181 (Ala. 1991). Neither are jurisdictional issues subject to a harmless error analysis."

Poole v. State, 846 So.2d 370, at 387 (Ala.Cr.App. 2001).

A valid indictment must contain "the element of the offense intended to be charged..." U.S. v. Bobo, 344 F.3d 1076, at 1083 (11th Cir. 2003).

The Capital Murder Offense is defined at section 13A-5-40. (a)(2) _____ Code of Alabama 1975:

Murder by the defendant during a robbery in the first degree or an thereof committed by the defendant.

_____
_____
_____
_____

2.

The Capital Murder statute in reference makes it a fundamental requisite that a Murder must be committed to constitute the offense, and such must be charged in the indictment as to the offense!

What constitute Murder under Alabama Law?

### "13A-6-2. Murder

(a) A person commits the crime of murder if:
(1) With intent to cause the death of another person he cause the death of that person or of another person; or..."
[pertinent parts]

Title 13A, 13A-6-2.(a)(1) Code of Alabama 1975.

In order for the indictment to be legally sufficient it must allege the element under the statute of "...another person..." in other words the petitioner must have been charged with the intentional killing of another person.

> ""It is fundamental that an indictment 'must state facts constituting the offense in ordinary concise language,... in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment? Alabama Code 1975 section 15-8-25. Indictments cannot be aided by intendment but must positively and explicitly state what the prisoner is called upon to answer! State v. Seay, 3 Stew 123, 130-31 (Ala. 1830)."

Delevie v. State, 686 So.2d at 1285 (Ala.Cr.App. 1996).

The state could only presumptively contend that the accused was charged sufficiently as to the alleged victim name and the pronoun "he" being averred in the indictment, subsequently such would be only intendments which can't support the charge in the

3.

charging instrument    according to <u>Delevie v. State</u>, 686 So.2d at 1285

at 1285 (Ala.Cr.App. 1996).

The name of the alleged victim and "he" and or "him" the

pronoun could have indicated any species to include a corporation

by definition and usage of words.

The "person" or the term that is expressed in Title 13A,

13A-6-2 "another person," and or "person" makes it a necessity

that the indictment explicitly stated the charge against the defend-

ant is due to causing the death of "another person" rasing the level

of accusation and culpability from that of killing a cow, goat, and

or sheep. The indictment must reflect that the defendant killed a

human being or words equivalent in nature!

> "Person. In general usage, <u>a human
> being</u> (i.e. natrual person), though
> by statute term may include labor
> organization, partnerships, associations,
> corporations, legal representatives, trust-
> ees, trustees in bankruptcy, or receivers.
> See e.g. National Labor Relations Act, section
> 2(1), 29 U.S.CA. section 152; Uniform Partner-
> ship Act section 2,"

<u>BLACKS LAW DICTIONARY</u>.

The State of Alabama was not just left with the legal defini-

tion of the word "person" such word has been explicitly defined

by statutory construction under Alabama Law:

> "Person. A human being, and where appro-
> priate, a public or private corporation,
> an unincorporated association, a partner-
> ship, a government or a governmental in-
> strumentality."

<u>Title 13A, 13A-1-2,(6)</u> amended to <u>13A-1-2.(11)</u> supplement (2003)
Code of Alabama 1975.

4.

> "Person. Such term, when referring
> to the victim of a criminal homicide,
> means a <u>human being</u> who had been born and was
> and was alive at the time of the homicidal act."

<u>Title 13A, 13A-6-1.(2)</u>. Code of Alabama 1975.

The use of a name in the indictment does not convey the requisite element of "another person" indicating the killing of a human being unjustifiable nor does the term "he" comports to the meaning or definition of person where the word "he" is vague, over-broad, and non-specific and/or all encompassing and excluding.

> "He-pron. 1.a. Used to refer to the
> man or boy previously mentioned or
> implied. b. <u>Used to refer to a male
> animal</u>. 2. Usage Problem. Used to
> refer to a person whose gender is un-
> specified or unknown: He who desires but
> acts not, breeds pestilence"(William Blake).
> -n. A male person or animal: Is the cat a he?"

<u>American Heritage College Dictionary, Third Edition, Copyright
1997, 1993 by Houghton Mifflin Company.</u>

> "He. properly a pronoun of the masculine
> gender but usually used and constructed
> in a status to include both sexes as well
> as corporations. May be read "they." <u>Buono
> v. Yankee Maid Dress Corporation</u>, C.C.A.N.Y.
> 77 F.2d 274, 278."

<u>BLACKS LAW DICTIONARY</u>.

The term "he" simply does not describes, or charge specific that a "person" or "human being" is in question beyond the male and female sex or both that could be associated with animals.

The words in a statute must be given their ordinary meaning when desrcribing an offense:

> "'Words used in a statute must
> be given their natural, plain,
> ordinary, and commonly understood
> meaning and where plain language
> is used a court is bound to inter-
> pret that language to mean exactly
> what it says. If the language of the
> statute is unambiguous, than there is
> no room for judicial construction and
> the clearly expressed intent of the
> legislature must be given effect."

Woodard v. State, 846 So.2d 1102, at 1110 (Ala.Cr.App. 2002).
quoting Ex Parte State Dept. of Revenue, 683 So.2d 980, 983
(Ala. 1996).

It is clear that in Alabama they have defined "Person"
for purposes of law enforcement officials at 13A-1-2.(11) and
13A-6-1.(2) Code of Alabama 1975.

In Alabama there must be a Murder to constitute a Capital
Murder conviction and the same elements that are necessary to
constitute a Murder conviction are needed for all convictions
to which murder is a component. The applicable statute makes the
intentionally killing of "another person" an element of the offense
and must be charged as such in the indictment!

> "An indictment must include
> essential elements that constitutes
> the offense and it must not leave any
> element open to inference. See Heidel-
> berg v. State, 575 So.2d 621, 622 (Ala.
> Cr.App. 1991);"

> "Failure to charge an offense is the
> kind of defect involved in due process
> of law and it cannot be waived. Although
> thelaw does not compel a 'ritual of words'
> in an indictment, '[t]he omission of an
> element of the crime, however, is not a
> mere formality that may be waived.' 'An
> indictment that fails to allege each
> material element of an offense fails to
> charge that offense.'" Barbee v. State,
> 417 So.2d 611, 613 (Ala.Cr.App. 1982)
> (citations omitted)."

Hale v. State, 848 So.2d 224, at 235-36 (Ala.Cr.App. 2002).

Such defect of the indictment is a jurisdictional defect of the indictment which renders the court judgment <u>void</u>. See <u>Ex Parte Lewis</u>, 811 So.2d 485, at 487 (Ala.2001). <u>Ex Parte Lewis,</u> quoting United <u>States v. London</u>, 550 F.2d 206,211 (5th Cir. 1977) "An indictment that fails to allege each material element of an offense fails to charge that offense at 488 <u>Lewis</u>. See also <u>Smith v. State</u>, 777 So.2d 322 (Ala.Cr. App. 2000).

The state has failed to follow a pattern in the charge of <u>MURDER</u> of a known requisite element of the offense which supports the conclusion of the petitioner that the said indictment in this case is defective!     See Exhibite A. attached.

> ""2nd: The Grand Jury of said county further charge that, before the finding of this indictment, LARRY JOE JORDAN whose name is to the Grand Jury otherwise unknown, did intentionally cause the death of another person John Howard Odom, by operating a motor vehicle under the influence of alcohol and did thereby cause the death of John Howard Odom by striking the vehicle which John Howard Odom was operating in violation of Section 13A-6-2. of the Alabama Criminal Code."

<u>Ex Parte Jordon</u>, 486 So.2d 485 (Ala. 1986).

The indictment in <u>Ex Parte Jordon</u>, is clear "did intentionally cause the death of another person..."
MOREOVER, there exist abundance of additional support for the conclusion that "another person" is a material element of Murder where such charge necessitate that "another person" being intentionally killed is an element of Murder 13A, 13A-6-2. Code of Alabama 1975.

> "That the Grand Jury of said county
> charge that...on or about the 31st day
> of July 1993, in the County of Talladega
> Alabama, Robert Shawn Ingram...did in-
> tentionaly cause the death of another
> person, to wit: Gregory Huguley, by burn-
> ing him, in violation of 13A-6-2 of the
> Code of Alabama, 1975...."

Ingram v. State, 779 So.2d 1225 (Ala.Cr.App. 1999).

> "The Grand Jury of Said County Charge
> that before the finding of this Indict-
> ment Vaughn Gilbert Johnson, Jr., whose
> name to the Grand Jury is otherwise un-
> known did intentionally cause the death
> of another person Rebecca Kay Salter Culbert,
> by multiple blunt force injuries, in violation
> of section 13A-6-2 of the Code of Alabama,
> 1975 as last amended."

Johnson v. State, 584 So.2d 881, at 883 (Ala.Cr.App. 1991).

Dobyne v. State, 672 So.2d 1319, at 1325 (Ala.Cr.App. 1994)

also uses "did intentionally cause the death of another person,"

See also McClain v. State, 659 So.2d 161, at 163 (Ala.Cr.App.

1994):

> "The appellant was charged with "intent-
> ionally causing the death of another person
> ...by shooting him with a pistol in violation
> of section 13A-6-2 of the Code of Alabama."

The petitioner argues persuasively that what the Grand

Jury would have did or the facts adduced at trial does not

cure a fatally defective indictment!

> "We have little doubt that the grand jury
> in this case still would have returned a
> true bill against the appellant if the
> indictment had been constructed properly."
> Moreover each member of the grand jury most
> likely considered the very element which is
> fatally omitted..."
> "However we can't speculate. "To allow...
> a subsequent guess as to what was in the
> minds of the grand jury at the time they
> returned the indictment would deprive the
> defendant of a basic protection which the

> guarantee of the intervention of a grand
> jury was designed to secure."

United States v. Outler, 659 F.2d 1306, at 1311 (1981).

Judges of Alabama Courts have charged juries as to
"another person" being an element of MURDER:

> "First of all, murder is the same
> as a homicide, that is taking the
> life of another person. unjustifi-
> able,..."
> "As I stated capital murder of course
> is the same as homicide. That is, the
> taking of the life of another human
> being."

Ex Parte Brown, 686 So.2d at 422 (Ala. 1996).

Andrews v. State, 344 So.2d 533 (Ala.CR.App. 1977) citing

Mitchell v. State, 27 So.2d 36 (1946) "An indictment must allege

sufficient fact to show in and of themselves the criminal offense

and a statement of bald conclusion will not suffice, and laxness

will not be permitted in charging the commission of a crime."

See also Ex Parte Rumlin, 564 So.2d 1386 (Ala. 1990) cite

Andrews at 1388.

A formal accusation sufficient to apprise defendant of

nature and cause of accusation is prerequisite to jurisdiction

of offense. See Poole v. State, 846 So.2d at 394-395 (Ala.Cr.App.

2002). In essense your petitioner has been adjudged guilty

and sentenced under §13A-5-40(a)(2) where the INDICTMENT fails to

reflect such charge.

> "A court cannot permit a defendant
> to be tried and convicted on charges
> not contained in the indictment against him."

Biddle v. State, 316 So.2d 837, 844 (Ala.Cr.App. 1986).

The indictment clause requires that all elements of an

offense appear in an indictment. See U.S. v. Stone, 139 F.3d

822, at 831 (11th Cir. 1998). See also <u>Ex Parte Clements</u>, 370 So.2d 723 (Ala. 1979). The Indictment without uncertainty must sufficient-ly apprise accuse of what he or she must be prepared to defend. See <u>Williams v. State</u>, 710 So.2d at 1320 (Ala.Cr.App. 1996), <u>Brecken-ridge v. State</u>, 628 So.2d 147 (Ala.Cr.App. 1993), <u>Ellard v. State</u>, 668 So.2d 147 (Ala.Cr.App. 1995), and <u>McHarris v. State</u>, 678 So. 259 (Ala.Cr.App. 1996).

The unjustifiable killing of a human being is a material element of murder as described by statute "another person" 13A-6-2, Code of Alabama 1975. Why? If **TRAVIS BENEFIELD** had been a cow, goat, or sheep it would not support a conviction of murder in the first degree! In fact it was adduced at trial **TRAVIS BENEFIELD** was a human being "person" and the charging instrut-ment failed to aver such with specificity made it fatally defective.

"Where an indictment is <u>void</u> and does not charge an offense this court is bound to take notice of such a defect. <u>Barbee v. State</u>, 417 So.2d 611, 613 (Ala.Cr.App. 1982)." <u>Inmon v. State</u>, 585 So.2d 261 (Ala.Cr.App. 1991) at 264.

CONCLUSION

The petitioner's conviction should be vacated by the circuit court as to the insufficiency of the indictment to charge the al-leged offense in omitting an essential element of the charge.

## COUNT II

### DID THE TRIAL COURT VIOLATE THE DOUBLE JEOPARDY CLAUSE WHEN THE COURT ENTERED JUDGMENT AND CONVICTION IN HIS CASE WHERE THE TRIAL COURT ENTERED JUDGMENT ON THE CAPITAL OFFENSE AND THE ROBBERY OFFENSE AS TWO SEPARATE VIOLATIONS WHERE IN EACH COUNT THE SAME FACTUAL TRANSACTIONS ARE AVERRED IN THE INDICTMENT.

Your petitioner was convicted in the Montgomery County Circuit Court for the Offense as charged in the INDICTMENT of CAPITAL MURDER as averred in COUNT I there-of and the OFFENSE of ROBBERY as averred in the INDICTMENT as COUNT IV in CC-02-732-SH. See Exh. B. attached.

In both charges the INDICTMENT avers:

"...in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America......"

This fact as alleged in the indictments connotes a single transaction eventhough two individuals separately are named in such indictments yet the same incident and or crime.

Your petitioner alleges that when the trial court accepted his guilty plea and imposed sentenced the court lacked jurisdiction to do so because the ROBBERY as stated above in regards to the gun, lawful currency, and/or coinage of the United States of America constituted the component of the CAPITAL MURDER CHARGE and could not be used as to the single transaction or event to support an indictment of ROBBERY as charged in COUNT IV.

Your petitioner argues that the State of Alabama has violated the principles of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The same facts without doubt was used in both charges at COUNT I and COUNT IV which formed the same offense charged separately in different counts. Such judgment of the trial court is contrary to Harris v. State, 854 So.2d 145 (Ala.Cr.App. 2002) where the Alabama Criminal Court of Appeals remanded Harris to the trial court to comply with Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912 53 L.Ed.2d 1054 (1977).

This court should vacate the petitioner's ROBBERY conviction in CC-02-732-SH.

## COUNT III

### WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO EXPLAIN THE LESSER INCLUDED OFFENSES OF CAPITAL MURDER TO PETITIONER FULLY ABREASTING HIM OF THE LAW RELEVANT TO THE CHARGE.

In the particular case the attorney failed to advise the defendant that the facts of this case could support the crime of felony murder rather than that of Capital Murder.

What was known to the attorney at the time that the defendant was not the principle party or the trigger to the Capital Offense. It was a arguable fact for a jury to decide if defendant/petitioner was an accomplice or guilty of lesser included offenses of Capital Murder. Counsel presented to the petitioner the ABSOLUTE that he would be convicted and sentenced to death if not accept the plea of guilty; if counsel had ex-

12.

plained that there was any possible chance of the jury bringing back any other verdict besides that of Capital Murder the petitioner would have elected to proceed to trial due to him not being the trigger man and having no intentions to cause the death of anyone. Petitioner acclaims such acts and failure to act on counsel's part denied him effective assistance of counsel in the plead bargaining stage of the proceedings, guaranteed by the Sixth Amendment of the United States Constitution.

ALTERNALTIVELY, based on the set of facts in COUNT III your petitioner was denied counsel at a critical stage of the proceedings where the type of perfunctional acts of counsel really in actuality was as if no counsel existed for petitioner.

## CONCLUSION

Your petitioner states that the additional COUNT II and COUNT III in this RULE 32 PETITION should cause the court to vacate ROBBERY CONVICTION in the INDICTMENT at COUNT IV thereof as cause for new counsel to be appointed on any further proceedings.on

**28**

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County, _____ MAY _____ Term, A.D. 2002

COUNT I:  The Grand Jury of said County charge that, before the finding of this indictment,

WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did intentionally cause the death of Travis Benefield by shooting him with a gun and caused said death during the time that Willie Lizzlie Gardner and/or an accomplice, was in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America, better descriptions of which are unknown to the Grand Jury, of some value, the value of which is unknown to the Grand Jury, the property of Travis Benefield and/or Premium Package, by the use of force against the person of Travis Benefield, with intent to overcome his physical resistance or physical power of resistance, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or dangerous instrument, to-wit: a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-5-40 of the Code of Alabama 1975 as amended, against the peace and dignity of the State of Alabama.

Ex. A

COUNT IV: The Grand Jury of said County further charge that, before the finding of this indictment,

WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America, of some value, the value of which is unknown to the Grand Jury, better descriptions of which are unknown to the Grand Jury, use force against the person of the owner or any person present, Raymond Davis, with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Raymond Davis, with intent to compel acquiescence to the taking of or escaping with the property, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or dangerous instrument, a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

EX B

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

     Plaintiff,

v.                            CASE NO. CC-2002-732.60

WILLIE L. GARDNER,

     Defendant.

_____

**ORDER**

     This cause is before the Court upon a Rule 32 Petition filed by Willie L. Gardner, and upon consideration of the same, it is

     ORDERED that the State of Alabama shall file its response thereto within 30 days.

     DONE and ORDERED this the 9th day of September, 2004.

                             *William A. Shashy*
                         _____
                         WILLIAM A. SHASHY
                         CIRCUIT JUDGE

cc: Scott Green, DDA

Willie Gardner
**Donaldson Correctional Facility**
100 Warrior Lane
Bessemer, AL 35023-7299

RECEIVED
9-13-04
CIRCUIT COURT CLERK



# IN THE CIRCUIT COURT
## FOR THE FIFTEENTH JUDICIAL CIRCUIT

WILLIE L. GARDNER        )
       **Petitioner,**        )
                        )
**v.**                       )     **Case No.  CC-02-0732.60-WAS**
                        )
**STATE OF ALABAMA**      )
       **Respondent.**     )
                        )
                        )

## STATE'S ANSWER TO PETITION FOR RELIEF
## FROM CONVICTION OR SENTENCE

**COMES NOW** the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following answer to the Petitioner's

Rule 32 Petition filed on, or about, August 30, 2004.

### Procedural Background

1.  The Petitioner was indicted by the Montgomery County Grand Jury in May 2002 for the offenses of Capital Murder, two counts of Robbery in the First Degree, two counts of Conspiracy to Commit Murder, and two counts of Conspiracy to Commit Robbery in the First Degree.

2.  On October 23, 2003, the Petitioner pled guilty to Capital Murder, Attempted Murder, and one count of Robbery in the First Degree.

3.  On October 28, 2003, the Petitioner was found guilty of Capital Murder, following a jury trial, as required in capital murder cases by Ala. Code §13A-5-42.

4.  On October 28, 2003, the Petitioner was sentenced to a term of life imprisonment without parole for the Capital Murder, and to terms of life for both the Attempted Murder and the Robbery in the First Degree.

5.  The Petitioner filed the present petition on, or about, August 31, 2004.

1

## Alleged Grounds for Relief

As a basis for this Petition, the Petitioner claims the following grounds for relief:

1. The Court was without jurisdiction to render judgment or impose sentence because Count I of the indictment, which charged the Petitioner with Capital Murder, was invalid because it did not specify that the Petitioner was charged with the killing of "another human being."

2. The Petitioner's protection from double jeopardy was violated because the Court entered separate judgments of guilty to both the Capital Murder and the Robbery in the First Degree counts of the indictment.

3. The Petitioner was denied effective assistance of trial counsel.

## Burden of Proof

Rule 32.6(b) Ala. R. Crim. P., requires that the petition contain a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." The petition must support every element of the claim with factual allegations. Dean v. State, 570 So. 2d 890 (Ala. Crim. App. 1990). The Petitioner has "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief." Rule 32.3 Ala. R. Crim. P. . When a petitioner fails to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. Lockett v. State, 644 So. 2d 34 (Ala. 1994). See also Young v. State, 557 So. 2d 141 (Ala. 1995). See also Davis v. State, 720 So. 2d 1006 (Ala. Crim. App. 1998).

**1. Petitioner's claim that the indictment was faulty, thus depriving the Court of jurisdiction to render judgment and impose sentence, is without merit and is due to be denied.**

The Petitioner claims that the indictment was faulty because it failed to sufficiently inform him that he was charged with intentionally causing the death of another person.

2

Specifically, the Petitioner alleges that the indictment is deficient because Count I states that the Petitioner "did intentionally cause the death of Travis Benefield by shooting him with a gun." (See State's Exhibit A). The Petitioner alleges that the deficiency arises because the language of Count I does not state that the Petitioner caused the death of another "person." In support of his claim, the Petitioner cites random court decisions in cases that have incomparable facts. The Petitioner also discusses at length the various potential meanings of the words "he" and "him" as they relate to the victim, Mr. Benefield.  Moreover, the Petitioner fails to note in his argument that Count I of the indictment goes on to say that the Petitioner intentionally caused the death of Travis Benefield during the course of committing a theft "by the use of force against the *person* of Travis Benefield." (See State's Exhibit A) (emphasis added). Thus, the basis of the Petitioner's argument is non-existent, and it fails to support his claim with factual allegations.

Therefore, the Petitioner has failed to meet the burden of proof required by Ala. R. Crim. P. 32.3, and his claim is due to be denied.

> **2. The Petitioner's claim that the Double Jeopardy clause was violated is without merit because the victim named in the capital murder count of the indictment is a separate individual from the victim listed in the first-degree robbery count to which the Petitioner pled guilty.**

The Petitioner's claim that his protection from double jeopardy was violated is without merit and is due to be denied. The Petitioner claims that double jeopardy was violated because the facts alleged in Counts I and IV of the indictment "connotes [sic] a single transaction" although two separate victims are named in each count.  The Petitioner bases his argument on Blockburger v. United States, 284 U.S. 299 (1932), which states that when "the same act constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of an additional fact the other does not." Blockburger, 284 U.S. at 304 (citing Gavieres v. United States, 220 U.S. 338 (1911)).

3

The counts of the indictment challenged by the Petitioner, Counts I and IV, charged the Petitioner with two separate offenses: the capital murder of Travis Benefield and the first-degree robbery of Ray Davis. (See State's Exhibit A). Each of these charges requires proof of an additional fact that the other does not, namely that 1) Travis Benefield was intentionally murdered during the course of a robbery and 2) Ray Davis was also a victim of first-degree robbery during the Petitioner's continuing course of action.

Because the State of Alabama bore the burden of proving that Travis Benefield was intentionally murdered during the course of a robbery under Count I and that Ray Davis was also a victim of first-degree robbery under Count IV, each of the counts to which the Petitioner pled guilty is a separate offense which required proof of an additional element that the other did not.

Thus, the Petitioner's claim that his protection from double jeopardy was violated is without merit and is due to be denied.

### 3. The Petitioner's claim that he was denied effective assistance of counsel is without merit and is due to be denied.

The Petitioner's claim that his attorneys, David Belser and Debra Hollis, were ineffective is without merit and is due to be denied. To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668 (1984). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. In Strickland, the United States Supreme Court said,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney

4

performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689 (internal citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373 (1985).

Even if deficient performance is proven, a showing of prejudice is also required. Prejudice is proven only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala. Crim. App. 1994) (citing Strickland, 466 U.S. at 694). A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala. Crim. App. 1989). To prove prejudice, the alleged errors of counsel must upset the adversarial balance between defense and prosecution so much so that the outcome of the case is rendered unfair. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986)).

In this case, the Petitioner has alleged that his attorneys failed to adequately represent him because they failed to advise the Petitioner that, if the jury believed his version of the facts of the case, it was conceivable that he would be convicted of the lesser-included offense of felony-murder. The Petitioner claims that the advice given to him by his attorneys was that he would be convicted of capital murder and sentenced to death if he chose not accept the State of

5

Alabama's offer to plead guilty in exchange for a sentence of life without parole. The Petitioner agreed to plead guilty, and he was then found guilty of capital murder by a jury as required by Ala. Code §13A-5-42.

Even if the Petitioner were able to prove that his attorneys were inadequate, he cannot show that he was prejudiced by that inadequacy. After the Petitioner pled guilty to the capital murder of Travis Benefield, he was found guilty of capital murder following the required jury trial. Given the additional finding of guilt by a jury, the Petitioner cannot realistically argue that there is a "reasonable probability" that, but for Mr. Belser and Ms. Hollis' allegedly deficient performance, the result of the Petitioner's case would have been any different. See Burnett, 651 So. 2d at 58. See also Howard, 551 So. 2d at 1158.

The Petitioner cannot show that the alleged errors of his attorneys so upset the adversarial balance between the State and the Petitioner that the result of this case was unfair, thus he cannot meet the burden of proof set forth by Rule 32.3. See Lockhart, 506 U.S. at 369.

Therefore, the Petitioner's claim that he was deprived of effective assistance of counsel is without merit and is due to be denied.

## Conclusion

For the foregoing reasons, the Petitioner is not entitled to relief on any of his claims. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to deny Mr. Gardner's Petition for Post-Conviction Relief.

6

Respectfully submitted on this the __7__ day of __October__ 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Daryl D. Bailey
Chief Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the Petitioner, by placing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed to him at AIS# 231984, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023.

DONE, this the __7__ day of __October__, 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Daryl D. Bailey
Chief Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney
100 South Lawrence Street
Montgomery, AL 36104
(334) 832-2550

38

# EXHIBIT

# A

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

---

Circuit Court of Montgomery County, _____ MAY _____ Term, A.D. 2002

COUNT I:    The Grand Jury of said County charge that, before the finding of this indictment,

### WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did intentionally cause the death of Travis Benefield by shooting him with a gun and caused said death during the time that Willie Lizzlie Gardner and/or an accomplice, was in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America, better descriptions of which are unknown to the Grand Jury, of some value, the value of which is unknown to the Grand Jury, the property of Travis Benefield and/or Premium Package, by the use of force against the person of Travis Benefield, with intent to overcome his physical resistance or physical power of resistance, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or dangerous instrument, to-wit: a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-5-40 of the Code of Alabama 1975 as amended, against the peace and dignity of the State of Alabama.

**40**

COUNT II:    The Grand Jury of said County further charge that, before the
finding of this indictment,

WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did, in the course of
committing a theft of a gun and/or lawful currency and/or coinage of the
United States of America, of some value, the value of which is unknown to
the Grand Jury, better descriptions of which are unknown to the Grand Jury,
use force against the person of the owner or any person present, Travis
Benefield, with intent to overcome his physical resistance or physical
power of resistance, or threaten the imminent use of force against the
person of the owner or any person present, Travis Benefield, with intent to
compel acquiescence to the taking of or escaping with the property, while
the said Willie Lizzlie Gardner and/or an accomplice was armed with a
deadly weapon or dangerous instrument, a gun, a better description of which
is unknown to the Grand Jury, in violation of Section 13A-8-41 of the Code
of Alabama, against the peace and dignity of the State of Alabama.

41

COUNT III:  The Grand Jury of said County further charge that, before the
            finding of this indictment,

                        WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did with the intent to

commit the crime of Murder (Section 13A-6-2 of the Code of Alabama),

attempt to commit said offense, to-wit: with intent to cause the death of

another, he attempted to cause the death of Raymond Davis, by shooting him

with a gun, in violation of Section 13A-4-2 of the Code of Alabama, against

the peace and dignity of the State of Alabama.



COUNT  IV:  The Grand Jury of said County further charge that, before the
finding of this indictment,

WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, did, in the course of
committing a theft of a gun and/or lawful currency and/or coinage of the
United States of America, of some value, the value of which is unknown to
the Grand Jury, better descriptions of which are unknown to the Grand Jury,
use force against the person of the owner or any person present, Raymond
Davis, with intent to overcome his physical resistance or physical power of
resistance, or threaten the imminent use of force against the person of the
owner or any person present, Raymond Davis, with intent to compel
acquiescence to the taking of or escaping with the property, while the said
Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon
or dangerous instrument, a gun, a better description of which is unknown to
the Grand Jury, in violation of Section 13A-8-41 of the Code of Alabama,
against the peace and dignity of the State of Alabama.

COUNT   V:   The Grand Jury of said County further charge that, before the
             finding of this indictment,

                            WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, with the intent that

conduct constituting an offense, to-wit: Robbery I, be performed, did agree

with one or more person, to-wit: Delano Smith and/or Anthony Fuller and/or

Tarus Hall, to engage in or cause the performance of such conduct, and one

or more such persons did an overt act to effect an objective of the

agreement, to-wit: arm himself with a gun, mask himself, in violation of

Section 13A-4-3 of the Code of Alabama, against the peace and dignity of

the State of Alabama.

COUNT   VI:   The Grand Jury of said County further charge that, before the
              finding of this indictment,

                        WILLIE LIZZLIE GARDNER,


whose name is otherwise unknown to the Grand Jury, with the intent that

conduct constituting an offense, to-wit: Robbery I, be performed, did agree

with one or more person, to-wit: Delano Smith and/or Anthony Fuller and/or

Tarus Hall, to engage in or cause the performance of such conduct, and one

or more such persons did an overt act to effect an objective of the

agreement, to-wit: arm himself with a gun, mask himself, in violation of

Section 13A-4-3 of the Code of Alabama, against the peace and dignity of

the State of Alabama.



COUNT   VII:   The Grand Jury of said County further charge that, before the finding of this indictment,

WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, with the intent that conduct constituting an offense, to-wit: Murder, be performed, did agree with one or more person, to-wit: Delano Smith and/or Anthony Fuller and/or Tarus Hall, to engage in or cause the performance of such conduct, and one or more such persons did an overt act to effect an objective of the agreement, to-wit: arm himself with a gun, mask himself, in violation of Section 13A-4-3 of the Code of Alabama, against the peace and dignity of the State of Alabama.

COUNT VIII:  The Grand Jury of said County further charge that, before the finding of this indictment,

                        WILLIE LIZZLIE GARDNER,

whose name is otherwise unknown to the Grand Jury, with the intent that

conduct constituting an offense, to-wit: Murder, be performed, did agree

with one or more person, to-wit: Delano Smith and/or Anthony Fuller and/or

Tarus Hall, to engage in or cause the performance of such conduct, and one

or more such persons did an overt act to effect an objective of the

agreement, to-wit: arm himself with a gun, mask himself, in violation of

Section 13A-4-3 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

                                    *Eleanor D. Brooks*
                        District Attorney, Fifteenth Judicial Circuit of Alabama

**47**

02-732 WAS

GJ NO. _____ 0645

**THE STATE OF ALABAMA**

Willie Lizzie Gardner
B/M HT: WT: DOB:05/29/85

450 Hall St.

GID. NO. _____   ARREST DATE _____ 09/04/01

**FOR**

Consp to Commit Murder (2 xs)
Capital Murder/Conp to Commit Robbery (2x)

Attempted Murder/Robbery 1 X2

**A TRUE BILL**

_____
Foreperson of Grand Jury

**BAIL IN THIS CASE IS FIXED AT**

$ _____   No Bond

_____
No Prosecutor

_____
Judge of Circuit Court of Montgomery County

CC NO. _____

SEP.P. 501   Redmond

Presented in open Court by the Foreperson of the Montgomery County Grand Jury in the presence of _____ 11 _____ other members of the Grand Jury and filed this 5 day of June, 2002.

_____
Clerk of the Circuit Court of Montgomery County

**WITNESSES**

K.B. Barnett
Wk:MPD

Ben Bristol
Wk:DFS 01-MM-00619

Raymond Davis
2029 Yancey Ave

Sarawanee Parish
Wk:DFS 01-MM-00619

Joseph Saloom
Wk:DFS 01A-01-MM-00619

IN The Circuit Court of Montgomery
County, For The Fifteenth Judicial
Circuit, Alabama

Willie L. Gardner,
   Petitioner,

vs.

State of Alabama,
   Respondent.

Case No. CC-02-0732.60-WAS

NOV 2004 FILED Melissa Rittenour Circuit Clerk

## REQUEST FOR PRODUCTION

Come now the petitioner, Willie L. Gardner,
in the above style cause before the court
pursuant to applicable rules of court
and state as follows:

1, On or about 7 Oct. 2004 the respondent
filed their response to the petitioner's Rule
32 Petition.

2, The respondent's in their response
allege at page 3 that the "person" as
element of Robbery is transferred
to compensate for the defects in
the indictment as to the failure
allege the elements of Murder

(1)

49

in the indictment as to intentional killing of "another person."

2. The respondents alleges that petitioner received a jury trial at page 6 of their response.

3. Your petitioner has no benefit of such proceedings taken according to 13A-5-42, Ala. Code 1975 to which the State infers and petitioner proffers herein that based on the facts if he was given a jury trial with full panoply of such right to jury trial under 6th Amend. U.S. Const. and Ala. Const 1901, Art 1, sec 6; based on the facts a jury could have returned a verdict of felony murder to which does not carries life without Parole or death!

4. This is the first instance of petitioner being aware that said plead of guilty was due to

(2)

offense of robbery against fix (5) days,
notwithstanding the respondents
contentions the is still a problem
in reconciling the Robbery First with
the ~~Attempt~~ Murder where the ~~force~~
undalining both offenses is used
to support both charges. See page 4
respondent response!

Therefore with premises considered
your petitioner request this honorable
court to "order" "court reporter" and
or "Clerk" to provide the petitioner
with transcript of the 13A-5-42,
proceedings and to provide the
petitioner with copy of cologuy
of sentencing procedures with
reflects the plead and or the
entry there-of of the plead of
quilty to all charge to which
petitioner pleaded guilty to
in connection with this close
abour styled cause!

(3)

Petitioner further request that either upon a grant or denial the honorable court provide from such date a 10 day period in which the petition may rebutt respondent's response to Rule 32 Petition.

Respectfully submitted

Willie Gardner

Willie L. Gardner
A.I.S. # 231984

100 Warrior Lane
Bessemer, Ala. 35023

(4)

**52**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal document has been served on the/respondents this 20th Oct. 2004 by placing the same in the U.S. mail, postage prepaid and addressed as follows:

Darryl D. Bailey
Chief Deputy District Attorney
100 South Lawrence Street
Montgomery, Ala. 36104

Respectfully submitted,
Willie Gardner
Willie L. Gardner   AIS#231984
100 Warrior Lane
Bessemer, Ala. 35023

(5)

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY,
FOR THE FIFTEENTH JUDICIAL CIRCUIT,
ALABAMA

WILLIE L. GARDNER,

    Petitioner,

vs.

STATE OF ALABAMA,

    Respondent.

CASE NO. CC -02-0732.60-WAS



## RESPONSE IN PART TO RESPONDENT ANSWER

COMES, now the petitioner in the above style cause before the court pursuant to applicable rules of court:

1.  In respondent answer 7th day of Oct. 2004 at page 3 the respondent contend that the mere use and inclusion of the word "person" in the element of robbery as spelled out in the indictment which is defined specifically at 13A-8-41, Ala. Code 1975; that such cures any manifested or implied defects as to the component of the capital offense of Capital Murder which comprises of also the offense of murder as defined at 13A-6-2, Ala. Code 1975 connoting the intent to cause the death of "another person."

2.  Ex Parte Jackson, 674 So.2d 1365, at 1369 (Ala. 1994) makes it clear that the Capital Offense of Capital Murder, Murder/Robbery involves the two offenses at 13a-6-2 and 13A-8-41.

3.  The respondent has evaded the law involving avertments in an indictment where nothing illustrated in one component releives the state of it's duty to properly charge the com- plete offense to which petitioner stands convicted and sentenced.

1.

4. The respondent mis-applies the law to petitioner's claim and/or fails to rely on any relevant law for this court to make it's ruling where-as the Criminal Court of Appeals in <u>Harrison v. State</u>, 879 So.2d 594 (Ala.Cr.App. 2003)cites <u>Duncan v. State</u>, 624 So.2d 1084 (Ala.Cr.App. 1993) which reads:

> "An indictment that tracks the language of a statute that incorporates a word or phrase "defined by law" in another statute need not further clarify the incorporated word or phase."

<u>Harrison</u>, id at 602.

Thus the respondent arguement at page 3 of their answer is meritless where it is clear that the use of "person" in the indictment was "only" to set out the elements of robbery, moreover, 13A-8-23, Ala.Code 1975 differs as to the definition and use of person in regards to that statute as opposed to 13A-6-1, Ala.Code 1975 as it clearly defines that "person" used in connection with the murder statute of 13A-6-2, Ala. Code 1975; furthermore in spelling out the elements of robbery in the indictment it does not make any reference to a factual situation where such law of <u>Harrison</u>, would apply. See for example Title 13A, 13A-8-41 which incorporates 13A-8-43 in such statute where-as 13A-8-43 is a separate offense which in essence has been spelled out in the indictment as a element of first degree robbery. This can't save the respondent from alleging that petitioner intentionally caused the death of a "human being" the meaning of person in connection to murder.

THEREFORE, with premises considered your petitioner herein with supporting law move this honorable court to deny the request of the respondent that such claim is dismised.

2.

Respectfully submitted,

*Willie L. Gardner*

WILLIE L. GARDNER
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal document has been served this 8th day NOV 2004 by placing the same in the United States mail postage prepaid and addressed as follows:

ELLEN Brooks
District Attorney
P.O. Box 1667
Montgomery, Ala. 36102-1667

Respectfully submitted,

*Willie L. Gardner*

WILLIE L. Gardner
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

3.

**56**

IN THE CIRCUIT COURT
FOR THE FIFTEENTH JUDICIAL CIRCUIT


WILLIE L. GARDNER                )
         Petitioner,        )
                    )
                    )
v.                               )    Case No.  CC-02-0732.60-WAS
                    )
STATE OF ALABAMA                 )
         Respondent.        )


### ORDER

This Court, having reviewed Mr. Gardner's Petition for Post-Conviction Relief filed pursuant to Rule 32, Ala. R. Crim. P., on or about August 31, 2004 and the State's Answer filed on October 8, 2004, hereby finds as follows:

1. The Petitioner's claim that the indictment was faulty, thus depriving this Court of jurisdiction to render judgment and impose sentence, is without merit and is denied. The Petitioner claims that the indictment was faulty because it failed to sufficiently inform him that he was charged with intentionally causing the death of another person. Specifically, the Petitioner alleges that the indictment is deficient because Count I states that the Petitioner "did intentionally cause the death of Travis Benefield by shooting him with a gun." The Petitioner alleges that the deficiency arises because the language of Count I does not state that the Petitioner caused the death of another "person." The Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief in accordance with Rule 32.3 of the Ala. R. Crim P.



RECEIVED

11-15-04

CIRCUIT COURT CLERK

2. The Petitioner's claim that the Double Jeopardy clause was violated is without merit and is denied because the victim named in the capital murder count of the indictment is a separate individual from the victim listed in the first-degree robbery count to which the Petitioner pled guilty.  Because the State of Alabama bore the burden of proving that Travis Benefield was intentionally murdered during the course of a robbery under Count I and that Ray Davis was also a victim of first-degree robbery under Count IV, each of the counts to which the Petitioner pled guilty is a separate offense which required proof of an additional element that the other did not.

   Thus, the Petitioner's claim that his protection from double jeopardy was violated is without merit and is denied.

3. The Petitioner's claim that he was denied effective assistance of counsel is without merit and is denied.  Petitioner failed to show that but for counsels alleged errors that the outcome of his trial and/or plea would have been different in accordance with Strickland v. Washington, 466 U.S. 668 (1984).  Aside from that, this Petitioner plead guilty and this Court took extra lengths to make sure that the Petitioner's plea was entered voluntarily and that all of his rights were protected.  Petitioner's counsel are well known and well respected criminal defense attorneys and represented Petitioner in an exceptional manner.

4. These claims and all other claims made by Petitioner are without merit and are denied because Petitioner failed to prove beyond a preponderance of the evidence facts necessary to entitle him to relief and his petition did not contain clear and specific statements of the grounds upon which he sought relief, including a full disclosure of those grounds.  Petitioner only made bare allegations that his constitutional rights had been violated and mere conclusions of law.  These claims are denied in accordance with Rules 32.3 and 32.6(b) of the Ala. R. Crim. P.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as
Petitioner's instant Petition is precluded by Rules 32.2(a)(3), 32.3, and 32.6(b), Ala. R. Crim. P.,
and is otherwise without merit, it is summarily dismissed in accordance with Rule 32.7(d), Ala.
R. Crim. P. and all costs associated with this proceeding SHALL BE TAXED AGAINST
PETITIONER.

Done this the _____ 15 _____ day of _____ Nov _____, 2004.

William A. Shashy
Circuit Court Judge

Cc:

Petitioner

Daryl D. Bailey, Chief Deputy District Attorney

**59**

IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY
ALABAMA

WILLIE GARDNER, AIS##231984 B-53    )

    Petitioner,    )

vs.    )    CASE NUMBER. CC-92-0732.60-WAS

STATE OF ALABAMA,    )

    Respondent.    )

<u>NOTICE OF APPEAL</u>

I, WILLIE L. GARDNER hereby gives notice of appeal to the Alabama
Court of Criminal Appeals from ORDER and Judgment entered by the Hon.
William A. Shasby denying Rule 32 Petition on or about 15th day Nov. 2004.

Respectfully submitted,

*Willie L. Gardner*
WILLIE L. GARDNER, AIS#231984
100 Warrior Lane
Bessemer, Al. 35023



1.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing legal documents have been served on the respondents this 14th day Dec. 2004 by placing the same in the United States mail postage prepaid and addressed as follows:

Office of
ELLEN BROOKS
District Attorney
Fifteenth Judicial Circuit of Alabama
P.O. Box 1667
Montgomery, Al. 36102-1667

Respectfully submitted,

*Willie L. Gardner*
WILLIE L. GARDNER, AIS#231984
100 Warrior Lane
Bessemer, Al. 35023



2.

REPORTER'S TRANSCRIPT ORDER -- CRIMINAL

Unified Judicial System
Form ARAP-1C      8/91

(See Rules 10(c) and 11(b) of the
Alabama Rules of Appellate Procedure (A.R. App.

Case 2:06-cv-00413-WHA-SRW    Document 11-12    Filed 06/22/2006    Page 63 of 67    61

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF ____MONTGOMERY____ COUNTY

_____WILLIE L. GARDNER_____, Appellant

V.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number | Date of Judgment/Sentence/Order |
|---|---|
| CC-02-0732.60-WAS | 11/15/04 |

| Date of Notice of Appeal | | Indigent Status Granted: |
|---|---|---|
| Oral: _____ | Written: 12/14/04 | ☑ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

X _____   X _____   X _____
Signature              Date                  Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. ☑ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

_trans. of proceedings under_
_13A-5-42 McCode 1975_
_guilty pleads capital murder_

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _ALL PLEADING OF RULE 32_ | 8/22/04 | |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to the proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

X _Willie Gardner_      X _12/10/04_      X _Willie L. Gardner_
Signature                Date                Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

State of Alabama
Unified Judicial System

Form ARAP-26 (front)    8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

**A. GENERAL INFORMATION:**

[✓] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF    *MONTGOMERY*    COUNTY

*WELLS L. GARDNER*    Appellant

V.    [ ] STATE OF ALABAMA    [ ] MUNICIPALITY OF

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-02-0732,60-WAS | | |
| Number of Days of Trial/Hearing ____ Days | Date of Notice of Appeal Oral: | Written: DEC, 14, 2004 |

Indigent Status Requested: [✓] Yes [ ] No    Indigent Status Granted: [✓] Yes [ ] No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.    If no attorney, will appellant represent self? [✓] Yes [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number |
|---|---|
| Address | City | State | Zip Code |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 [ ] State Conviction
2 [✓] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [✓] Capital Offense - § *Capital Murder*
2 [ ] Homicide - §
3 [ ] Assault - §
4 [ ] Kidnapping/Unlawful Imprisonment - §
5 [ ] Drug Possession - §
6 [ ] Trafficking In Drugs - §
7 [ ] Theft - §
8 [ ] Damage or Intrusion to Property - §
9 [ ] Escape - §
10 [ ] Weapons/Firearms - §
11 [ ] Fraudulent Practices - §
12 [ ] Offense Against Family - §
13 [ ] Traffic-DUI - §
14 [ ] Traffic-Other - §
15 [ ] Miscellaneous (Specify) *Attempted Murder* § *Robbery 1st*

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes [ ] No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  [✓] Yes [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. *DEC, 14, 2004*
3. If the answer to question "1" is "No:"
   (a) Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes [✓] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes [✓] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

DEC 14 2004
Filed
Melissa Rittenour
Circuit Clerk

POST-JUDGMENT MOTION (Post trial motions and date of disposition)
(whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 8 | 22 | 04 | Rule 32 PETITION | 1 | 15 | 200 |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Appellant Pleaded Guilty to Capital Murder, Attempt Murder, and Robbery in Montgomery County Circuit Court.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary)

1. Is The charging instrument "The Indictment" fatally defective for failure to allege that petitioner intentionally caused the death of another person?

2. Did the trial court violate the Double Jeopardy Clause when the court entered judgment and conviction in his case where the trial court entered judgment on the capital offense and the Robbery Offense as to separate violations where in each count the same factual transaction are averred in the indictment.

3. Was trial counsel ineffective for failure to explain the lesser included offenses of Capital Murder to petitioner fully abreasting him of the law relevant to the charge

**K. SIGNATURE:**

Date 8/26/04

Lillie Gardner
Signature of Attorney/ Party Filing this Form

64

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS GARDNER WILLIE LIZZLIE    JUDGE: WILLIAM A. SHASHY

APPEAL DATE: 12/14/2004

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES      ____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  ____ YES     _X_ NO N/A
  INDIGENT STATUS REVOKED ON APPEAL:              ____ YES     _X_ NO
  INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES     ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000732.60

ORDER ENTERED(DATE): 11152004 PETITION: X DISMISSED ___DENIED ___GRANTED

POST-JUDGMENT MOTIONS FILED:     DT FILED        DT DENIED      CON BY AGREE
___ MOTION FOR NEW TRIAL         _____       _____      _____
___ MOTION FOR JUDG. OF ACQUIT   _____       _____      _____
___ MOTION TO W/D GUILTY PLEA    _____       _____      _____
___ MOTION FOR ATTY TO W/DRAW    _____       _____      _____
___ OTHER _____              _____       _____      _____

COURT REPORTER(S):               _____
ADDRESS:                         _____
                                 _____

APPELLATE COUNSEL #1:            _____
ADDRESS:                         PRO SE

PHONE NUMBER:                    000-000-0000   ,    00000

APPELLATE COUNSEL #2:            _____
ADDRESS:                         _____
                                 _____

PHONE NUMBER:                    _____

APPELLANT (PRO SE):              GARDNER WILLIE LIZZLIE
ADDRESS:                         AIS# 231984  4-13
                                 BESSEMER      ,  AL   350230000
AIS #:

APPELLEE (IF CITY APPEAL):       _____
ADDRESS:                         _____

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                OPERATOR: DBH
KNOWLEDGE AND I HAVE SERVED A COPY OF           PREPARED: 12/16/2004
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 16th DAY OF Dec___, 2004   _Melissa Rittenour_
                                                CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14    Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

TO: THE CLERK OF
THE COURT OF CRIMINAL APPEALS OF ALABAMA

DATE OF
NOTICE OF APPEAL: 12/14/04

APPELLANT

WILLIE L. GARDNER

v.  STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___4th___ day of JANUARY, 2005.

_____Melissa Rittenour_____
Circuit Clerk