1    to do in the back, besides to get the tape?  Go
2    in the safe to get the big quantity of money
3    for the check cashing business.  So that's part
4    of their motive, part of their intent, which
5    tells you they were there to rob.  Then, of
6    course, we've talked about Ray.  And in his
7    statement the defendant says that, doesn't he,
8    and, of course, in his guilty plea.
9        Robbery is basically a theft with force.
10   In other words, it's not like I get you to turn
11   your head and steal your purse.  It's like I
12   put a gun to you and you give it to me because
13   you're afraid.  You're afraid I'll hurt you.
14   We know it was force because they came in with
15   guns, because they left having injured, in
16   fact, killed the victim, okay?
17       So we've quickly been through the
18   elements.  What I'd like to do now is to
19   summarize, in closing, the key piece of
20   evidence.  If you took away the defendant's
21   guilty plea, if you took away his statement to
22   the police, there is still sufficient evidence
23   to convict him because of the surveillance
24   tape, the video of the crime.  You saw him
25   commit this crime.  It's one of those rare

1    opportunities of having the crime actually

2    recorded and being able to play it in front of

3    you.  And granted, it's not easy to watch

4    because it was a fast track tape, time lapsed

5    and because it's four frames at one time, but

6    you observed it.  You saw what happened.  It is

7    this video, I think, that convicts the

8    defendant more than anything else.  You can't

9    argue against it, even though he didn't tell

10   the whole truth to the police about not going

11   back and only shooting one time.  You saw what

12   he did.

13       Now, you may say, well, yes, Ellen, you've

14   proved that Pop killed him.  You've proved Pop

15   is guilty of capital murder, but what about

16   this defendant?  In Alabama -- remember when we

17   first started, we talked about this -- in

18   Alabama, the law says that if you plan together

19   to commit a crime, you do anything to help each

20   other, even if you just stand there ready,

21   willing and able to help, you're just as guilty

22   if you know that's what's going to happen.  And

23   did he know?  Did he know?  Look at the facts

24   and what happened.

25       I would suggest that we are here today for

1    one simple reason.  This defendant didn't carry

2    out his part of the plan very well.  He screwed

3    it up.  You know, the three musketeers motto,

4    all for one and one for all.  Four people, all

5    for one, one cause, one plan.  All four must do

6    their part to make this work.  The lookout did

7    his part.  He got them in there when the people

8    they wanted to kill were there, no one else.

9    The man with the gun who was going to kill

10   Travis did his part, didn't he?  Anthony, the

11   man who had the bag to gather up the money did

12   his part, didn't he?  He got out with the money

13   and the gun.

14        The weak link in all of this is Willie

15   Gardner.  He screwed up.  We're here today

16   because of him.  One simple problem.  His job

17   was to get the safe open.  Didn't do it, did

18   he?  His job was to execute Ray, a witness who

19   could and did identify him.  He didn't do

20   that.  He tried.  And his job was to get the

21   surveillance tape out of the machine.  You may

22   remember seeing it, the video.  It was at the

23   end of the office.  There was a monitor and

24   right beside it was the black case where the

25   surveillance tape was kept locked up.  And he

```
1        failed to do the three things he was supposed
2        to do, and that's why we're here today.
3            Does that make him not guilty?  Absolutely
4        not.  It proves his guilt or we wouldn't have
5        been here.  If he had executed the live
6        eyewitness and there was no eyewitness and if
7        he had gotten that tape, we probably wouldn't
8        be here today.  So it's the video that convicts
9        him and his failure to do his part in this
10       plan.  He's guilty, just as guilty as Anthony,
11       as Taurus, and as Delano Smith.
12           I want to close.  My last comment is
13       this.  I know human nature is you're sitting
14       here going, well, the State of Alabama had such
15       a good case, why are we here just on capital
16       murder just on the life without parole?  Why
17       did you settle this case?  And that's what it
18       is.  We have a plea agreement wherein the
19       defendant pled guilty to the charge of capital
20       murder, and we agreed to recommend to the Judge
21       life without parole instead of death.  And I
22       think you deserve an answer to that.
23           The best that I can say is this.  Four
24       people committed this.  The State and the
25       families wanted all four held accountable to
```

1     the fullest extent under the law.  And to do

2     so, we had to make a plea agreement, because

3     part of the agreement is that he will now

4     testify against the others, okay?  Does it feel

5     good?  No.  Is it the right thing to do?  I

6     don't know.  Is it the best that we could do in

7     this situation?  I believe so.  And that's why

8     I signed my name to that document.  But I

9     didn't do so without talking with Robin

10    Benefield and her family, and Ray Davis, and

11    the Montgomery Police Department.  So this is

12    what we've all agreed to do.

13         The Judge will be responsible for

14    sentencing.  That is not your job at this

15    point.  We've agreed to waive that part, to let

16    the Judge do it.  I don't know why you have to

17    sit through all this, given that he has pled

18    guilty, except that it is the law of the

19    state.  I was not in the Legislature when they

20    decided that.  I'm not now either.  And in

21    their wisdom, that's what they thought was the

22    best thing to do back years ago.  So it is not

23    our job now to send a message and say, no,

24    we're not going to find him guilty because this

25    is silly.  He has pled guilty.  Your sole

1    responsibility is to weigh all of the evidence

2    and the law the Judge gives you and determine

3    whether or not we have proven our case beyond a

4    reasonable doubt.

5        Obviously, based on all I've been through,

6    the State of Alabama asks you to find the

7    defendant guilty as charged today, confirm his

8    guilty plea, allow us to move forward in the

9    prosecution of all responsible for the tragic,

10   needless death of a young man working on Labor

11   Day and his friend, his co-worker, who has

12   survived multiple surgeries and able to come to

13   court today to tell you what happened and to

14   protect that tape.  The evidence is there, the

15   law will support it.

16       Thank you for your service.  Thank you for

17   your attention.  On behalf of the victims and

18   the entire people of the State of Alabama, we

19   appreciate your service.

20           THE COURT:  Ms. Brooks.

21               (The following occurred at the

22               bench outside the hearing of the

23               jury:)

24           THE COURT:  I changed this.

25           MS. BROOKS:  Both parties are in

```
1     agreement.
2                    (The following occurred in open
3                    court:)
4              MR. BELSER:  Judge, the defense waives
5     closing argument.
6                    (The following occurred at the
7                    bench outside the hearing of the
8                    jury:)
9              THE COURT:  I showed them a jury
10    charge on the burden of proof, and they agreed
11    to it.
12                   (The following occurred in open
13                   court:)
14             THE COURT:  Ladies and gentlemen of
15    the jury, it now becomes my duty to explain to
16    you the law that will guide you in your
17    deliberations, and I would request that you
18    listen carefully to the law as I explain it to
19    you.
20         This case is brought before you by way of
21    an indictment, and I'm going to read that
22    indictment to you:  The grand jury of said
23    county, that before the finding of this
24    indictment, Willie Lizzlie Gardner, whose name
25    is otherwise unknown to the grand jury, did
```

1       intentionally cause the death of Travis

2       Benefield by shooting him with a gun and cause

3       said death during the time that Willie Lizzlie

4       Garnder and/or an accomplice was in the course

5       of committing a theft of a gun and/or lawful

6       currency and/or coinage of the United States of

7       America, better descriptions of which are

8       unknown to the grand jury, of some value, the

9       value of which is unknown to the grand jury,

10      the property of Travis Benefield and/or Premium

11      Package by the use of force against the person

12      of Travis Benefield with the intent to overcome

13      his physical resistance or physical power of

14      resistance while the said Willie Lizzlie

15      Gardner and/or an accomplice was armed with a

16      deadly weapon or dangerous instrument, to wit:

17      a gun, a better description of which is unknown

18      to the grand jury, in violation of Section

19      13A-5-40 of the Code of Alabama, 1975, as

20      amended, against the peace and dignity of the

21      State of Alabama, signed Eleanor Brooks,

22      District Attorney.

23          Now, as to this charge -- I want you to

24      understand from the beginning that the

25      indictment has no bearing on the guilt or

1    innocence of any person.  It is not evidence in

2    this case.  It is merely the paperwork or legal

3    process by which a case is presented for

4    trial.

5         Now, as to this charge, the defendant has

6    pled guilty.  However, before a conviction can

7    be had, each of you must be satisfied beyond a

8    reasonable doubt of defendant's guilt;

9    otherwise, he is entitled to an acquittal.

10        Furthermore, the defendant is presumed to

11   be not guilty of the offense and that

12   presumption attends him until his guilt is

13   established from the evidence beyond a

14   reasonable doubt.

15        The presumption that the defendant is not

16   guilty is evidence in the case and is to be

17   considered by you along with the other evidence

18   in the case.  It is a fact which is to be

19   considered by you and goes with the defendant

20   to your verdict unless the evidence convinces

21   you beyond a reasonable doubt of the proof of

22   each and every element of the charge.

23        Now, I mentioned reasonable doubt.  What

24   does that mean?  It simply is a fair doubt

25   based upon reason and common sense and arising

from the evidence. In short, it is a doubt for which you can assign a reason that comes from the evidence.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or any part of the evidence.

The burden is on the State to prove the defendant guilty beyond a reasonable doubt of each and every essential element of the crime as charged.

Now, the law tells us this about the term reasonable doubt. It is not just a mere possible doubt. In other words, it is not a mere guess or surmise or capricious doubt. Now, the doubt which would justify an acquittal must be an actual and substantial doubt. The reasonable doubt which entitles an accused to an acquittal is not fanciful, vague, conjectural or speculative but is a reasonable substantial doubt arising from the evidence and remaining after a careful consideration of the testimony such as reasonable fair-minded and conscientious men and women would consider under all the circumstances.

If you, after considering all the evidence

1       Just as you are the judges of the
2    evidence, you are also the sole and exclusive
3    judges of the credibility of witnesses and the
4    weight that should be given to their
5    testimony.
6       In passing on the credibility of a
7    witness, you have the right to consider any
8    bias, interest or prejudice that may have been
9    exhibited to you while that witness testified,
10   the demeanor of the witness on the stand, that
11   is, how they appeared to you while testifying;
12   their basis for testifying, that is, how they
13   know the facts they testified to, whether they
14   had an opportunity to discern and know those
15   facts.
16      I want to point out that I'm not permitted
17   to express my opinion or comment on the effect
18   of the evidence and the credibility of any
19   witness in this case; therefore, any rulings,
20   statement or expression which may have been
21   made by me during the course of this trial is
22   not to be considered by you as any effort on my
23   part to convey to you any feeling or opinion
24   about the facts in the case or the credibility
25   of any witness.

1    here, have an abiding conviction of the truth
2    of the charge, then you are convinced beyond a
3    reasonable doubt, and it would be your duty to
4    convict the defendant.  But evidence which
5    merely gives rise to a surmise, conjecture or
6    suspicion of guilt is not sufficient in order
7    to base a conviction on it.
8        Now, the State is not required to convince
9    you of the defendant's guilt beyond all doubt
10   or to a mathematical certainty but simply
11   beyond all reasonable doubt.
12       Now, as I told you earlier, you are the
13   sole judges of the evidence.  I'm going to
14   again explain again to you what is and what is
15   not evidence.  First, the indictment is not
16   evidence.  In addition, arguments, statements
17   and assertions of attorneys are not evidence.
18   Rulings of the Court are not evidence.  What is
19   evidence in this case?
20       First, it is testimony of witnesses under
21   oath from the witness stand.  It is also any
22   exhibits that are actually admitted into
23   evidence.  Finally, it is any presumptions of
24   law that I have given to you, such as the
25   presumption of innocence.

1       There has been some testimony from certain
2    witnesses who are considered to be experts.  An
3    expert witness is simply one who, by education,
4    training and/or experience has attained such
5    skill, knowledge or experience of some science,
6    profession, business or occupation not of
7    common knowledge to the average layman.
8       As I said, witnesses have testified as
9    experts and have been permitted to express an
10   opinion and/or draw conclusions.  In
11   considering their testimony, you should give it
12   the same weight as you would any other
13   witness.  You are not required to accept the
14   conclusions or expressed opinions of expert
15   witnesses.  It is up to you to determine for
16   yourselves the weight to be given such
17   testimony and evidence when considered in
18   connection with all other evidence material to
19   the issue.
20      The defendant in this case is charged with
21   capital murder.  The law states an intentional
22   murder committed during a robbery in the first
23   degree is capital murder.
24      A person commits an intentional murder
25   when he causes the death of another person and

1    in performing the act or acts which caused the
2    death of that person he intends to kill that
3    person or another person.
4        A person commits a robbery in the first
5    degree if in the course of committing or
6    attempting to commit a theft he uses force
7    against the person of the owner or any person
8    present with the intent to overcome his
9    physical resistance or physical power of
10   resistance or threatens the eminent use of
11   force against the person of the owner or any
12   person present with intent to compel
13   acquiescence to the taking of or escaping with
14   the property and in doing so he is armed with a
15   deadly weapon.
16       To convict, the State must prove beyond a
17   reasonable doubt each of the following elements
18   of intentional murder during robbery in the
19   first degree:  One, that Travis Benefield is
20   dead; two, that the defendant, Willie Gardner,
21   caused the death of Travis Benefield by
22   shooting him; three, that in committing the
23   acts which caused the death of Travis
24   Benefield, the defendant intended to kill the
25   deceased or another person.

1    to a result or to a conduct when his or her

2    purpose is to cause that result or to engage in

3    that conduct.

4        A deadly weapon is a firearm.

5        "During" means in the course of commission

6    of or in connection with or in immediate flight

7    from the commission of a robbery.

8        If you find from the evidence the State

9    has proved beyond a reasonable doubt each of

10   the above elements of the offense of murder

11   during robbery in the first degree as charged,

12   then you shall find the defendant guilty of

13   capital murder.

14       If you find that the State has failed to

15   prove beyond a reasonable doubt any one or more

16   of the elements of the offense of murder during

17   robbery in the first degree, then you cannot

18   find the defendant guilty of capital murder.

19       The prosecution and the defense have

20   agreed on the truth of certain facts.  These

21   stipulated facts are to be considered by you as

22   evidence as any other piece of evidence.

23       A plea of guilty is an admission of all

24   elements of the offense and may in a capital

25   offense be considered in determining whether

1    the State has met its burden of proof.

2         A person is legally accountable for his

3    behavior -- excuse me.  Let me start that over.

4    A person is legally accountable for the

5    behavior of another constituting a criminal

6    offense if, with the intent to promote or

7    assist the commission of the offense, he

8    procures, induces or causes such other person

9    to commit the offense, or aids or abets such

10   other person in committing the offense.

11        The words aid and abet comprehend all

12   assistance rendered by acts or words of

13   encouragement or support or presence, actual or

14   constructive, to render assistance should it

15   become necessary.

16        A nontrigger man can be convicted of a

17   capital offense if he or she was a knowing

18   accomplice to the intentional killing itself.

19        In a moment, you will be begin your

20   deliberations.  In passing upon the evidence,

21   you have the right to use your knowledge of

22   people and their affairs.  This is the tool

23   that is given to you in which some of us may

24   simply call your common sense.

25        In arriving at your verdict, you must not

1    permit sympathy, prejudice or emotion to

2    influence you.  Furthermore, you must not base

3    your verdict upon any preconceived ideas of

4    what would be a popular or unpopular verdict.

5    As you know, your verdict must strictly be

6    based on the evidence presented and the law

7    that applies to this case.

8        I also want to explain that before you may

9    reach a verdict, all 12 of you must agree on

10   the same verdict.  There can be no split

11   verdict.  It must be unanimous.

12       In a moment, you will go back to the jury

13   room.  The first thing you need to do is select

14   one person to act as a foreperson.  That person

15   shall have no greater weight in your

16   deliberations than anyone else but will simply

17   act as your spokesperson.

18       Discuss the case, every facet of it.  If

19   you have a question, have the foreperson write

20   out the question, sign it, knock on the door.

21   If it is a question of law, I will answer it;

22   however, if it's a question of fact, I cannot,

23   as you are the sole and exclusive judges of the

24   facts.

25       Once you've reached a verdict, have the

foreperson sign it, knock on the door.  You
will be brought back in, and the verdict will
be read in the courtroom.

I've prepared verdict forms, and I'm going
to go over that with you right now.  There are
two possible verdicts in this case:  We, the
jury, find the defendant guilty of capital
murder; or we, the jury, find the defendant not
guilty of capital murder.

Whatever your verdict is, you will put an
X or check to the left of the verdict.  The
foreperson will sign it and also date this
form.

There's one thing I need to do before I
let you begin to deliberate.  As you know, a
jury in Alabama is composed of 12 people.
There have been 14 of you.  We do 14 or an
extra two jurors in this case just in case
somebody had to be excused we wouldn't have to
start the trial over.  So what I'm going to do
at this time is excuse those two jurors.  But
let me get those two jurors to remain seated
until I get everybody in the deliberation
room.  That would be Ms. Boone and Ms. Carson.
Where are you?  All right.  If you would remain

```
1     seated and let me get all of you into the jury

2     deliberation room.  Do not begin to deliberate

3     until I tell you it is okay to do so.

4                    (The following proceedings

5                    occurred outside the presence of

6                    the jury:)

7            THE COURT:  I'm going to excuse these

8     two at this time.  Do you have any problem with

9     that?

10           MS. BROOKS:  No, sir.

11           MR. BELSER:  No, Your Honor.

12           THE COURT:  Thank y'all very much for

13    your service.  I appreciate you being here.  If

14    you would, check with Mr. Merrill's office, the

15    court administrator, to see if they need you

16    this afternoon or if you need to call the

17    code-a-phone, okay?  Thank you very much for

18    your service.

19                    (Alternate jurors excused.)

20           THE COURT:  How about the charge?

21           MS. BROOKS:  The State is satisfied.

22           MR. BELSER:  Satisfied.

23           THE COURT:  All right.  Mrs. King, if

24    you would put that together and y'all check

25    it.  Here is the verdict form.
```

1                    (Jury deliberating.)

2              THE COURT:  All right.  Y'all ready?

3      Let the jury in.

4                    (The following occurred in the

5                    presence of the jury:)

6              THE COURT:  All right.  Is that

7      everybody?  Y'all be seated.  Have the ladies

8      and gentlemen reached a verdict?

9              JUROR:  Yes, we have, Your Honor.

10             THE COURT:  Would you hand that to

11     Ms. Cummings and let me see it?  All right.

12        Would you give us the verdict of the jury,

13     please, sir?

14             JUROR:  Yes, sir.  We find the

15     defendant guilty of having committed the crime

16     of capital murder.

17             THE COURT:  All right, sir.  Anything

18     else?

19             MS. BROOKS:  No, sir.

20             MR. BELSER:  No, sir.

21             THE COURT:  Thank y'all very much for

22     your service.

23        Yes, ma'am.

24             MS. BROOKS:  Judge, I think we've done

25     this, but on the record, I would like to waive

1    the presence of the jury for a sentencing

2    hearing.

3              THE COURT:  All right.

4              MR. BELSER:  No objection.

5              THE COURT:  Ladies and gentlemen,

6    thank you very much for your service.  You are

7    excused at this time.  If you would, check with

8    Mr. Merrill's office to see if he needs you

9    this afternoon or if he wants you to call the

10   code-a-phone, but thank you very much.  You're

11   dismissed at this time.

12              (Jury dismissed.)

13              THE COURT:  All right.  Mr. Gardner, a

14   jury of your peers has found you guilty of

15   capital murder.  The Court is of the opinion

16   that the evidence warrants the verdict, and I

17   hereby find you guilty of capital murder.  All

18   right.  Now --

19              MS. BROOKS:  For purposes of the

20   sentencing hearing, Your Honor, the State

21   offers all the evidence presented in the jury

22   trial and the verdict, which means the one

23   aggravator would be a murder committed during a

24   robbery.  We further would stipulate to the

25   mitigating factors of the fact that the

```
 1        defendant was only 16 at the time of the
 2        offense and had no significant criminal
 3        history.
 4             We further offer for purposes of
 5        sentencing the plea agreement which was
 6        previously before the Court as an exhibit.
 7                   THE COURT:  All right.
 8                   MR. BELSER:  No objection.
 9                   THE COURT:  What do y'all want to do
10        about sentencing?
11                   MS. BROOKS:  We're ready.
12                   THE COURT:  Waive presentence report?
13                   MS. BROOKS:  State so waives.
14                   MR. BELSER:  We'll waive presentence
15        report.
16                   THE COURT:  Do you have anything to
17        say why sentence of law should not now be
18        pronounced upon you, Mr. Gardner?
19                   THE DEFENDANT:  No, sir.
20                   THE COURT:  Sir?
21                   THE DEFENDANT:  No, sir.
22                   THE COURT:  You are hereby sentenced
23        to life in prison without the possibility of
24        parole, court costs, restitution in the amount
25        of $35,481.38.  What else do I need to do on
```

1    that?

2              MS. BROOKS:  Crime Victims'

3    compensation of $50 in each of the three

4    counts, attorneys' fees, and no fines.

5              THE COURT:  Okay.  Fifty dollars in

6    each of the counts on Crime Victims'

7    Compensation Commission.  And also, as to the

8    other sentence, the other counts -- now, that

9    was capital murder which I just sentenced you

10   to.  As to the -- what was it, the robbery?

11             MR. BELSER:  Attempted murder and

12   robbery.

13             THE COURT:  As to the attempted murder

14   and robbery, what is the range there?

15             MR. KIDD:  Judge, on a class A felony,

16   10.  With a gun, it would be 20 to life.

17             THE COURT:  Okay.  In each of those

18   counts, you are hereby sentenced to life in

19   prison on those counts.  All right.  Anything

20   else?

21             MS. BROOKS:  In addition to court

22   costs, attorneys' fees and the $50.

23             THE COURT:  That's on all the counts.

24             MS. BROOKS:  Judge, I've prepared a

25   court-ordered monies reflecting that.

165

```
 1              THE COURT:  All right.  Anything else
 2    I need to do?
 3              MS. BROOKS:  No, sir.  If we could
 4    borrow your courtroom for just a moment for a
 5    meeting as agreed on in paragraph 10 of the
 6    parties, per agreement.
 7              THE COURT:  Do y'all need me for
 8    anything else?
 9              MR. BELSER:  No, Your Honor.
10              THE COURT:  Thank you.  All right.
11    Thank y'all.
12                   (Court adjourned.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1    CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT

 2    IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

 3              FIFTEENTH JUDICIAL CIRCUIT

 4       STATE OF ALABAMA vs. WILLIE LIZZLIE GARNDER

 5              CASE NUMBER:  CC-02-732

 6              I, Mary R. King, Official Court

 7    Reporter and Registered Merit Reporter for the

 8    Fifteenth Judicial Circuit of Alabama, hereby

 9    certify that I have this date completed and

10    filed with the clerk of the trial court the

11    original and three copies of a true and correct

12    transcript of all the evidence and matters

13    taken in the above-styled cause.  All pages are

14    numbered serially, prefaced by an index and

15    ending with the number appearing at the top of

16    this certificate.

17              I further certify that a copy of this

18    certificate has this date been served on the

19    clerk of the appellate court and counsel for

20    the defendant.

21              Dated this 9th day of February, 2005.

22

23              Mary R. King

24              MARY R. KING, RMR
                OFFICIAL COURT REPORTER

25
```