IN THE COURT OF CRIMINAL APPEALS,
STATE OF ALABAMA

CR-04-0476

WILLIE L. GARDNER,

Appellant,

vs.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court of

Montgomery County (CC-02-732.60)

BRIEF OF APPELLANT

"ORAL ARGUMENT REQUESTED"

ADDRESS OF APPELLANT, PRO-SE

Willie L. Gardner

AIS# 231984

100 Warrior Lane

Bessemer, Ala. 35022

EXHIBIT

C

PENGAD 800-631-6989

## STATEMENT REGARDING ORAL ARGUMENT

The appellant request oral argument before the Alabama Court of Criminal Appeal because this issue will be a issue of first impression and no circuit court has spoke to the merits of the jurisdictional nature of the claim and such claim has State wide implications and the nature of the legal development would require professional skilled lawyer which would assist the court in it's adjudicatory role.

1.

## TABLE OF CONTENTS

PAGE

STATEMENT REGARDING ORAL ARGUMENT.............. 1.

TABLE OF CONTENTS.............................. 2.

TABLE OF AUTHORITIES........................... 3.

STATEMENT OF THE CASE.......................... 5.

STATEMENT OF THE ISSUES........................ 6.

STATEMENT OF THE FACTS......................... 7.

STATEMENT OF THE STANDARD OF REVIEW............ 8.

SUMMARY OF THE ARGUMENT........................ 9.

ARGUMENT....................................... 11.

CONCLUSION..................................... 28.

CERTIFICATE OF SERVICE......................... 29.

TRIAL COURT RULING ADVERSE TO THE APPELLANT.... 30.

TABLE OF AUTHORITIES

                                                            PAGE

Anddrews v. State, 344 So.2d 533(Ala.Cr.App. 1977)...  12.

Barbee v. State, 417 So.2d 611 (Ala.Cr.App. 1982)....  22.

Biddle v. State, 516 So.2d 837 (Ala.Cr.App.1996).....  21.

Blockburger v. United States, 284 U.S. 299, 52 S.Ct.
180, 76 L.Ed. 306 (1932).............................  23.

Breckerridge v. State, 628 So.2d 1012(Ala.Cr,App.
1993)................................................  21.

Ex Parte Brown, 686 So.2d 409, 422(Ala. 1996).......  20.

Ex Parte Clements, 370 So.2d 723 (Ala. 1975)..........  21.

Delevie v. State, 636 So.2d 1285 (Ala.Cr.App. 1996)..  14.

Dobyne v. State, 672 So.2d 1319 (Ala.Cr.App. 1994)...  19.

Dobyne v. State, 805 So.2d 733 (Ala.Cr.App. 2002)....  8.

Hale v. State, 848 So.2d 224 (Ala.Cr.App. 2002)......  10.

Ex Parte Harper, 594 so.2d 1181 (Ala. 1991)..........  12.

Hill v. Lockhart, 474 U.S. 32, 88 L.Ed.2d 203, 106
S.Ct. 366 (1985).....................................  25.

Ingram v. State, 779 So.2d 1225 (Ala.Cr.App. 1999)...  18.

Inmon v. State, 585 So.2d 261 (Ala.Cr.App. 1991).....  22.

Johnson v. State, 584 So.2d 381 (Ala.Cr.App. 1991)...  19.

Ex Parte Jordan, 486 So.2d 485 (Ala. 1986)..........  18.

McClain v. State, 659 So.2d 161 (Ala.Cr.App. 1994)...  19.

Mitchell v. State, 27 So.2d 36 (1946)...............  20.

Poole v. State, 846 So.2d 387 (Ala.Cr.App)2001)......  13.

Powell v. State, 854 So.2d 1206 (Ala.Cr.App. 2002)...  24.

Rumlin v. State, 564 So.2d 1386 (Ala. 1990)..........  12.

Scott v. Wainwright, 698 F.2d 427 (1983)............  26.

Smith v. State, 777 So.2d 322 (Ala.Cr.App. 2002).....  18.

## TABLE OF AUTHORITIES

PAGE

Stano v. Dugger, 921 F.2d 1125 (11th Cir. 1991)...... 27.

State v. Thomas, 550 so.2d 1067 (Ala. 1989).......... 11.

Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d
674, 104 S.Ct. 2052 (1984)........................... 25.

U.S. v. Bobo, 344 F.3d 1076 (11th Cir. 2003)........ 13.

United States v. Culter, 559 F.2d 1306 (1981)....... 19.

United States v. London, 550 F.2d 206, 211(5th Cir
1977)............................................... 17.

U.S. v. Stone, 139 F.3d 822 (11th Cir. 1998)........ 21.

Verzone v. State, 841 So.2d 312 (Ala.Cr.App. 2002)... 25.

William v. State, 710 so.2d 1320 (Ala.Cr.App. 1996).. 21.

William v. State, 830 So.2d 45 (Ala.Cr.App. 2001).... 23.

Woodard v. State, 840 So.2d 1102 (Ala.Cr.App. 2002).. 17.

### OTHER AUTHORITIES

Title 13A, 13A-5-40(a)(2) Ala. Code 1975............. 7,12,23.

Title 13A, 13A-5-42, Ala. Code 1975................. 24.

Title 13A, 13A-6-2(a)(1), Ala. Code 1975............ 7,9,14,15.

Title 13A, 13A-6-1, Ala. Code 1975.................. 11, 16.

Title 13A, 13A-1-2.(11), Ala. Code 1975............. 15.

## STATEMENT OF THE CASE

This case involves a Rule 32 Petition to which the appellant filed in the  Montgomery County Circuit Court                alleging that the trial court lacked subject matter jurisdiction over the case due to the defective indictment that failed to charge the offense of murder.R-39 .

The circuit court raised the usual defenses in their response and or their motion to dismiss. R-31 . The trial court entered order denying the Rule 32 Petition on 15th, Nov. 2004.R-56    .

Your Appellant filed notice of appeal  14th dayDec.   ,2004.

## STATEMENT OF THE ISSUES

ISSUE# I       DID THE CIRCUIT COURT ERR WHEN IT DIS
               MISSED THE APPELLANT'S RULE 32 PETI-
               TION WHERE THE APPELLANT ASKED THE
               QUESTION, "IS THE CHARGING INSTRU-
               MENT "THE INDICTMENT" FATALLY DEFECT-
               IVE FOR FAILURE TO ALLEGE THAT PETI-
               TIONER INTENTIONALLY CAUSED THE DEATH
               OF ANOTHER PERSON?.." IN DISMISSING
               THE CLAIM AS BEING MERITLESS YET NEVER
               ADDRESSING THE QUESTION OF LAW OR FACT.


ISSUE# II      DID THE TRIAL COURT VIOLATE THE DOUBLE
               JEOPARDY CLAUSE WHEN THE COURT ENTERED
               JUDGMENT AND CONVICTION IN HIS CASE
               WHERE THE TRIAL COURT ENTERED JUDGMENT
               ON THE CAPITAL OFFENSE AND THE FORGERY
               OFFENSE AS TO SEPARATE VIOLATIONS WHERE
               IN EACH COUNT THE SAME FACTUAL TRANSACTION
               ARE AVERRED IN THE INDICTMENT!


ISSUE# III     WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE
               TO EXPLAIN THE LESSER INCLUDED OFFENSES
               OF CAPITAL MURDER TO PETITIONER FULLY ABREAST-
               ING HIM OF THE LAW RELEVANT TO THE CHARGE.

## STATEMENT OF THE FACTS

The appellant was indicted by the _____

authorities on the underlining case and conviction of Montgomery County

where the State of Alabama as represented by those authorities capital murder

brought back an indictment purporting to violation of Title 13A,

13A-5-40._____ Ala. Code 1975. The legal authorities for charging

the appellant omitted the legal term of 13A-6-2 Ala. Code 1975 (a)(2)

which is an element of murder connoting that the victim was in

fact a "human being" where the language of 13A-6-2, Ala.Code 1975

specifically states in pertinent parts at section (a)(1) "With

intent to cause the death of another person, he cause the death

of that person or of another person; or" no where in the appellant's

indictment does it identifies the siad "_____ "

as a person or another person as contained in 13A-6-2, Ala. Code 1975. "TRAVIS BENEFIELD

There exist no coloquy as to the appellant's plead of guilty

to Robbery in the 1st degree and Attempted Murder, where the

appellant claims "Double Jeopordy" attaches due to essentially

pleading guilty to Capital Murder and 1st Degree Robbery which

robbery is the lesser included offense to capital murder and

not a separate offense.

Trial Counsel prior to advicing the appellant to plead

guilty or the state would place him on death row, never explained

the relevant law to the appellant that he fully knew the options

available and that he could pursue a trial and seek the lesser

included offense of felony murder.

## STATEMENT OF THE STANDARD OF REVIEW

"' When reviewing a trial court's ruling on a postconviction petition, this Court must determine whether the trial court abused its discretion."

Dobyne v. State, 805 So.2d 733, at 740 (Ala.Cr.App. 2000)

## SUMMARY OF THE ARGUMENT

ISSUE# I    DID THE CIRCUIT COURT ERR WHEN IT DISMISSED
THE APPELLANT'S RULE 32 PETITION WHERE THE
APPELLANT ASKED THE QUESTION, "IS THE CHARGING
INSTRUMENT "THE INDICTMENT" FATALLY DEFECTIVE
FOR FAILURE TO ALLEGE THAT PETITIONER INTENTION-
ALLY CAUSED THE DEATH OF ANOTHER PERSON?..." IN
DISMISSING THE CLAIM AS BEING MERITLESS YET NEVER
ADDRESSING THE QUESTION OF LAW OR FACT.

The capital murder statute in reference makes it a fundamental requisite that a MURDER must be committed to constitute the offense, and such must be charged in the indictment as to the offense of capital murder. The elements of murder as defined by the statute 13A-6-2, Code of Ala. 1975 is that"...another person," must be in-tentionally killed which would constitute the intentional murder a component of capital murder.

ISSUE# II    DID THE TRIAL COURT VIOLATE THE DOUBLE
JEOPARDY CLAUSE WHEN THE COURT ENTERED
JUDGMENT AND CONVICTION IN HIS CASE
WHERE THE TRIAL COURT ENTERED JUDGMENT
ON THE CAPITAL OFFENSE AND THE ROBBERY
OFFENSE AS TO SEPARATE VIOLATIONS WHERE
IN EACH COUNT THE SAME FACTUAL TRANSACTION
ARE AVERRED IN THE INDICTMENT!

The trial court had no authority to enter the judgment on the 1st degree robbery and attempted murder conviction without establishing the proper coloquy as to informing the appellant as to whom those offense were against, the respondents attempts to defeat appellant's allegations by stating that such charges were in fact against another victim.R-33 Nevertheless even if such charges were against another person there still would exist a jurisdictional question as to charging appellant for the 1st degree robbery and attempted murder of the same person when both crimes are crimes of force, where the state would have to have elected which charge to pursue.

ISSUE# III        WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE
                  TO EXPLAIN THE LESSER INCLUDED OFFENSE
                  OF CAPITAL MURDER TO PETITIONER FULLY ABREAST-
                  ING HIM OF THE LAW RELEVANT TO THE CHARGE.

The appellant is guaranteed the effective assistance
of counsel in the guilty pleading precess and it is counsels
obligation in such process to explain the revelant law to
the appellant as to his options, which murder, felony murder,
and robbery are all lesser included offenses to capital murder.
It can not be fairly stated that the appellant entered his plead
knowingly and voluntarily when he had no knowlegde of the options
that confronted him, and there exist facts that in lieu of him
being coerced into the guilty plea facts existed that jury
could have brought back a conviction of felony murder. Appellant'
plea was in essense that of a blind man without knowing the re-
levant law or such being discussed with him in the presence
of guardian that they could have explained to the youth.

ARGUMENT

ISSUE# I        DID THE CIRCUIT COURT ERR WHEN IT
                DISMISSED THE APPELLANT'S RULE 32
                PETITION WHERE THE APPELLANT ASKED
                THE QUESTION, "IS THE CHARGING
                INSTRUMENT "THE INDICTMENT" FATALLY
                DEFECTIVE FOR FAILURE TO ALLEGE THAT
                PETITIONER INTENTIONALLY CAUSED THE
                DEATH OF ANOTHER PERSON?..." IN DIS-
                MISSING THE CLAIM AS BEING MERITLESS
                YET NEVER ADDRESSING THE QUESTION OF
                LAW OR FACT.

    Your appellant invoked the jurisdiction of the Mont-

gomery Circuit Court by filing his post-conviction petition

under Alabama Rules of Court, Rule 32 which is the proper

vehicle for raising jurisdictional defects to the charging

instrument which gives the circuit court subject matter

urisdiction over the case.

                "Even if court has jurisdiction of the
                person and of the crime, accusation made
                in manner prescribed by law is prere-
                quisite to court's power to exercise
                its jurisdiction."

State v. Thomas, 550 So.2d 1067 (Ala. 1989).

    Your appellant simply argues that the court had no juris-

diction over the subject matter due to the indictment failing

to charge the offense of murder as defined by §13A-6-2(a)(1),

Ala. Code 1975 and further guided by §13A-6-1, Ala. Code 1975

setting out clearly the definition of "Person" as used in that

section.

    The province of the circuit court was invoked to address

the following issue to which was not addressed by that court:

11.

## IS THE CHARGING INSTRUMENT*THE INDICTMENT*FATALLY DEFECTIVE FOR FAILURE TO ALLEGE THAT THE PETITIONER INTENTIONALLY CAUSED THE DEATH OF ANOTHER PERSON? YES!

Your appellant WILLIE L. GARDNER    was charged by the Montgomery.   COUNTY authorities of the commission of a felony, on the commencement of prosecution the said county for the State of Alabama presented before the Grand Jury an indictment alleging petitioner WILLIE L. GARDNER    violated PENAL CODES of Alabama purporting and circumscribing as to the Capital Murder Statute; Title 13A, 13A-5-40.(a)(2).

Within the indictment it cites the Appellant  was in violation of §13A-5-40.(a)(2) of the Alabama Criminal Codes, nevertheless it omits an essential element of a component of said statute! The court's have held the mere inclusion of the statutory citation does not cure an otherwise defective indictment that fails to include an essential element of the offense! Ex Parte Harper, 594 So.2d 1181, at 1192 (Ala. 1991).

The Alabama Courts have set out the requirement of a sufficient indictment in Rumlin v. State, 564 So.2d 1386, at 1388, quoting Andrews v. State, 344 So.2d 533 (Ala.Cr.App. 1977):

> "An indictment to be sufficient
> must meet inter alia the following
> two criteria as set forth in Russel
> v. United States, 369 U.S. 749, 82
> S.Ct. 1038, * L.ED.2d 240(1962) and in
> Gayden, 41 State, 38 Ala.App. 39, 80 So.2d
> 495, affirmed 262 Ala. 468, 80 So.2d 501
> (1954-55)...............................

> "(a) The indictment must contain
> the elements of the offense intended
> to be charged and sufficiently apprise
> the defendant of what he must be pre-
> pared to meet; and
> "(b) In case other proceedings are taken
> against the defendant, the record must
> show with accuracy to what extent he may
> plead a former acquital or conviction."

Andrew v. State, 344 So.2d 533, at 535 (Ala.Cr.App. 1977),

made it clear where the indictment didn't contain the essential

elements of the offense it can't be waived by failure to timely

demur.

This principle of law as to the failure of an indictment

to contain an essential element of the charged offense makes

resulting convictions invalid is consistent in Alabama Courts:

> "When a material element is omitted
> from an indictment a conviction is
> due to be vacated and jurisdictional
> issues are not subject to waiver and
> may be raised at any time. See Ex Parte
> Harper, 594 So.2d 1181(Ala. 1991).
> Neither are jurisdictional issues subject
> to a harmless error analysis."

Poole v. State, 846 So.2d 370, at 387 (Ala.Cr.App. 2001).

A valid indictment must contain "the elements of the

offense intended to be charged...." U.S. v. Bobo, 344 F.3d

1076, at 1083 (11th Cir. 2003).

The Capital Murder Offense is defined at §13A-5-40.(a)

of the Code of Alabama 1975 as:

> "Murder by the defendant during a
> robbery in the first degree or an
> attempt there-of committed by the
> defendant."

The Capital Murder Statute in reference makes it a funda-

mental requisite that a MURDER must be committed to constitute

the offense, and such must be charged in the indictment as
to the offense!

What constitutes MURDER under Alabama Law? Murder under
Alabama Law is:

> "(a) A person commits the crime of
> murder if:
> (1) With the intent to cause the death
> of another person he cause the death of
> that person or of another person; or..."
> [pertinant parts]

Title 13A, 13A-6-2.(a)(1) Code of Alabama 1975.

In order for the indictment to be legally sufficient it
must allege the elements under the statute of "...another person
,,," in other words the petitioner must have been charged with
the intentionally killing of another person.

> " "It is fundamental that an indict-
> ment 'must state facts constituting
> the offense in ordinary concise lang-
> uage, ... in such a manner as to enable
> a person of common understanding to know
> what is intended and with that degree of
> certainty which will enable the court, on
> conviction, to pronounce the proper judg-
> ment? Alabama Code 1975 §15-8-25. Indict-
> ments cannot be aide by intendment but
> must positively and explicitly state what
> the prisoner is called upon to answer!
> State v. Seay, 3 Stew 123, 130-31 (Ala. 1830)"

Delevie v. State, 686 So.2d at 1285 (Ala.Cr.App. 1996).

The state could only presumptively contend that the accused
was charged sufficiently as to the alleged victim's name and the
objective pronoun "him" of the pronoun "he" being averred in the
indictment, subsequently such would be only intendments which
can't support the charge in the charging instrument according
to Delevie v. State, 686 So.2d at 1285 (Ala.Cr.App. 1996).

14.

The name of the alleged victim and "him" or "he" the pronoun could have indicated any species to include a corporation by definition and usage of words.

The "person" or the term that is expressed in Title 13A, 13A-6-2 "another person," and or "person" makes it a necessity that the indictment explicitly stated the charge against the defendant is due to causing the death of "another person" raising the level of accusation and culpability from that of killing a cow, goat, and or sheep. The indictment must reflect that the defendant killed a human being or words equivalent in nature!

> "Person. In general usage, a human being (i.e. natural person), though by statute term may include labor organization, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers. See e.g. National Labor Relations Act, §2(1), 29 U.S.C.A. §152, Uniform Partnership Act§2,"

BLACKS LAW DICTIONARY.

The State of Alabama was not just left with the legal definition of the word "person" such word has been explicitly defined by statutory construction under Alabama Law:

> "Person. A human being, and where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a government instrumentality."

Title 13A, 13A-1-2.(6) amended to 13A-1-2.(11) supplement(2003) Code of Alabama 1975.

> "Person. Such term, when referring to the victim of a criminal homicide, means a human being who had been born and was alive at the time of the homicidal act."

Title 13A, 13A-6-1.(2). Code of Alabama 1975.

25.

The use of a name in the indictment does not convey the requisite element of "another person" indicating the killing of a human being unjustifiable nor does the term "him" or "he" comport to the meaning or definition of person defined by legislative enactments as applicable to "criminal homicide." §13A-6-1.(2) Code of Alabama 1975. The term "he" is vague, overbroad, non-specific and/or all encompassing and excluding.

"He- the man boy, or male animal"

Webster New World Dictionary of the American Language, College Edition (Library Journal, May, 1953).

"He- pron. 1.a. Used to refer to the man or boy previously mentioned or implied b. Used to refer to a male animal. 2. Usage Problem. Used to refer to a person whose gender is unspecified or unknown: He who desires but act not, breeds pestilence"(William Blake).-n. A male person or animal: Is the cat a he?"

American Heritage College Dictionary, Third Edition, Copyright 1997, 1993 by Houghton Mifflin Company.

"He. properly a pronoun of the masculine gender but usually used and constructed in a status to include both sexes as well as corporations. May be read "they." Buono v. Yankee Maid Dress Corporation, C.C.A.N.Y. 77 F.2d 274, 278."

BLACKS LAW DICTIONARY.

The term he or him simply does not describes, or charge specific that a "person" or "human being" is n question beyond the male and female sex or both that could be associated with animals.

The words in a statute must be given their ordinary meaning when describing an offense.

5.

16.

"' Words used in a statute must
be given their natural, plain,
ordinary, and commonly understood
meaning and <u>where plain language</u>
is used a court is bound to interpret
that language to mean exactly what it
says. <u>If the language of the statute</u>
<u>is unambiguous, then there is no room</u>
<u>for judicial construction and the clearly</u>
<u>expressed intent of the legislature must</u>
<u>be given effect.</u>'"

<u>Woodard v. State</u>, 846 So.2d 1102, at 1110 (Ala.Cr.App. 2002)
quoting <u>Ex Parte State Dept. of Revenue</u>, 683 So.2d 980, 983
(Ala. 1996).

It is clear that there must be a MURDER to constitute a
Capital Murder conviction and the applicable statute makes the
intentionally killing of "another person" an element of the offense
and must be charged as such in the indictment!

"An indictment must include all
essential elements that constitutes
the offense, and it must not leave any
element open to inference. See Heidel-
berg v. State, 575 So.2d 621, 622(Ala.
Cr.App. 1991);"

"Failure to charge an offense is the
kind of defect involved in due process
of law and it cannot be waived. Although
the law does not compel a 'ritual of words'
in an indictment, '[t]he omission of an
element of the crime, however, is not a
mere formality that may be waived.' 'An
indictment that fails to allege each
material element of an offense fails to
charge that offense.' " <u>Barbee v. State</u>,
417 So.2d 611, 613 (Ala.Cr.App. 1982)
(citations omitted)."

<u>Hale v. State</u>, 848 So.2d 224, at 235-36 (Ala.Cr.App. 2002).

Such defect of the indictment is a jurisdictional defect
of the indictment which renders the court judgment void. See
<u>Ex Parte Lewis</u>, 811 So.2d 485, at 487 (Ala.2001). <u>Ex Parte</u>
<u>Lewis</u>, quoting <u>United States v. London</u>, 550 F.2d 206, 211
(5th Cir. 1977) "An indictment that fails to allege each

17.

material element of an offense fails to charge that offense, at
488 LEWIS. See also Smith v. State, 777 So.2d 322 (Ala.Cr.App.
2000).

The state has failed to follow a pattern in the charge
of MURDER of a known requisite element of the offense which
supports the conclusion of the petitioner that the said indict-
ment in this case is defective! See R-39

> ""2nd: The Grand Jury of said county
> further charge that, before the finding
> of this indictment, LARRY JOE JORDAN
> whose name is to the Grand Jury otherwise
> unknown, did intentionally cause the death
> of another person John Howard Odom, by
> operating a motor vehicle under the influ-
> ence of alcohol and did thereby cause the
> death of John Howard Odom by striking the
> vehicle which john Howard Odom was operating
> in violation of §13A-6-2. of the Alabama
> Criminal Code."

Ex Parte Jordon, 486 So.2d 485 (Ala. 1986).

The indictment in Ex Parte Jordon, is clear "did intention-
ally cause the death of another person..."
MOREOVER, there exist abundance of additional support for the
conclusion that "another person" is a material element of
MURDER where such charge necessitate that "another person"
being intentionally killed is an element of Murder §13A-6-2.
Code of Alabama 1975

> "That the Grand Jury of said county
> charge that...on or about the 31st day
> of July 1993, in the County of Talladega
> Alabama, Robert Shawn Ingram...did in-
> tentionally cause the death of another
> person, to wit: Gregory Huguley, by burn-
> ing him, in violation of 13A-6-2 of the
> Code of Alabama, 1975...."

Ingram v. State, 779 So.2d 1225 (Ala.Cr.App. 1999).

18.

> "The Grand Jury of Said County Charge
> that before the finding of this Indict-
> ment Vaughn Gilbert Johnson, Jr, whose
> name to the Grand Jury is otherwise un-
> known did intentionally cause the death
> of another person Rebecca Kay Salter Culbert,
> by multiple blunt force injuries, in violation
> of §13A-6-2 of the Code of Alabama, 1975......

<u>Johnson v. State</u>, 584 So.2d 881, at 883 (Ala.Cr.App. 1991).

<u>Dobyne v. State</u>, 672 So.2d 1319, at 1325 (Ala.Cr.App. 1994) also

uses "did intentionally cause the death of another person," See

also <u>McClain v. State</u>, 659 So.2d 161, at 163 (Ala.Cr.App. 1994):

> "The appellant was charged with "intent-
> ionally causing the death of another person
> ...by shooting him with a pistol in violation
> of §13A-6-2 of the Code of Alabama."

The appellant argues persuasively that what the Grand

Jury would have did or the facts adduced at trial does not

cure a fatally defective indictment:

> "We have little doubt that the grand jury
> in this case still would have returned a true
> bill against the appellant if the indictment
> had been constructed properly." Moreover each
> member of the grand jury most likely considered
> the very element which is fatally omitted..."
> "However we can't speculate. "To allow...a sub-
> sequent guess as to what was in the minds of
> the grand jury at the time they returned the
> indictment would deprive the defendant of a basic
> protection which the guarantee of the intervention
> of a grand jury was designed to secure."

<u>United States v. Cutler</u>, 659 F.2d 1306, at 1311 (1981).

In the conclusion of appellant's jury trial the trial

court instructed the jury as to the essential element of murder,

being the intentional killing of another person yet such is not

averred in the indictment.

> "Now you may remember, ladies and
> gentlemen, that I said to you--
> I read this murder statute, and I
> said a person commits the crime of
> murder if with intent to cause the
> death of <u>another person</u>, he causes
> the death of that person And that's
> all the elements that take place in
> the crime of murder in Alabama and
> most states now."

<u>Trial Transcript at R-1524 of Petitioner's Trial in the Jefferson
County Circuit Court, presiding judge Hon. Cole.</u>

Similar jury instructions occur in other parts of the State of

Alabama:

> "First of all, murder is the same
> as a homicide, that is taking the
> life of <u>another person</u>, unjustifi
> able...."
> "As I stated capital murder of course
> is the same as homicide. That is, the
> taking of the life of another human
> being."

<u>Ex Parte Brown</u>, 686 So.2d 409, 422 (Ala. 1996).

Your appellant    indictment attached hereto as Exhibite A

does not set out the facts to charge the criminal offense of

Capital Murder in the fact of "another person" being omitted

from the indictment a critical element of the component  murder.

> "An indictment must allege sufficient
> <u>fact</u> to show in and of themselves the
> criminal offense, and a statement of
> bald conclusion will not suffice, and
> <u>laxness</u> will not be permitted in charging
> the commission of a crime."

<u>Mitchell v. State</u>, 27 So.2d 36 (1946). See <u>Andrew v. State</u>, 344 So.2d
533 citing <u>Mitchell</u>    . See also <u>Ex Parte Rumlin</u>, 564 So.2d 1386
at 1388 (Ala. 1990) citing <u>Andrews</u>.

Your appellant  never received the required formal accusation

at law to apprise him of the offense of Murder and such is prerequisite

to jurisdiction of offense. See <u>Poole v. State</u>, 846 So.2d at 394

-395 (Ala.Cr.App. 2002). In essense your appellant  has been ad

judged guilty and sentenced under Capital Murder where the
INDICTMENT fails to reflect such charge.

> "A court cannot permit a defendant
> to be tried and convicted on charges
> not contained in the indictment against
> him."

Biddle v. State, 516 So.2d 337, at 344 (Ala.Cr.App. 1986).

The indictment clause requires that all elements of an offense
appear in an indictment. See also Ex Parte Clements, 370 So.2d 723
(Ala. 1979) and U.S. v. Stone, 139 F.3d 822, at 831 (11th Cir.1998).
The indictment without uncertainty must sufficiently apprise accuse
of what he or she must be prepared to defend. See Williams v. State,
710 So.2d at 1320(Ala.Cr.App. 1996), Breckenridge v. State, 628 So.2d
147 (Ala.Cr.App. 1993), .

The unjustifiable killing of a human being is a material ele-
ment of murder as described by statute "another person" §13A-6-2,
Code of Alabama 1975. Why? If Nathan Madison had been a cow, goat,
or sheep it would not support a conviction of murder in the first
degree! In fact it was adduced at trial Nathan Madison was a human
being "person" and the charging instrument failed to aver such with
specificity made it fatally defective.

Murder is not consummated in Alabama unless the intent to cause
the death is climaxed with the actual death of a "human being"
contained in the statute as "another person." This logical con-
clusion must be spelled out in the indictment to apprise the appel-
lant of the nature of the offense; it stands to reason that one
being apprised also entails a fudamental requisite that he be al-
larmed or conscious of the act he is accused of committing and the

22.

possible consequences attached to such charge. A crime of this natur
never consummated to the conclusion as spelled out by statutory
language falls short of the obligation and a valid charge which
is imbued to appellees, the State of Alabama, in the failure to
charge an offense under Title 13A, 13A-5-40,(a)(2) Ala.Code 1975.

Where an indictment is void and does not charge an offense
this court is bound to take notice of such a defect. Barbee v.
State, 417 So.2d 611, 613 (Ala.Cr.App. 1982). see also Inmon
v. State, 585 So.2d 261 (Ala.Cr.App. 1991) at 264.

ISSUE#II    DID THE TRIAL COURT VIOLATE THE DOUBLE
            JEOPARDY CLAUSE WHEN THE COURT ENTERED
            JUDGMENT AND CONVICTION IN HIS CASE
            WHERE THE TRIAL COURT ENTERED JUDGMENT
            ON THE CAPITAL OFFENSE AND THE ROBBERY
            OFFENSE AS TO SEPARATE VIOLATIONS WHERE
            IN EACH COUNT THE SAME FACTUAL TRANSACTION
            ARE AVERRED IN THE INDICTMENT.

In the proceedings the appellant raised issue before the trial court that he essentially entered a plead to the offense of robbery twice in that the same robbery forms the underlining felony under §13A-5-40(a)(2) and appellant could not thereby be guilty of an offense and enter a plead twice for the lesser included offense of capital murder and the trial court lacks jurisdiction to accept his guilty plead according to Blockburger, v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306(1932).

> "The established test for determining whether
> two offense are sufficiently distinguishable
> to permit the imposition of cumulative punish-
> ment was stated in Blockburger v. United States,
> 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
> Where the same act or transaction constitutes a
> violation of two distinct statutory provisions,
> the test to be applied to determine whether there
> are two offenses or only one is whether each pro-
> vision requires proof of an additional fact that
> the otehr does not. The test emphasizes the elements
> of the two offenses. If each offense requires proof
> of a fact that the other does not, then the Block-
> burger test is satisfied, not withstanding a sub-
> stantial overlap in the proof offered to establish
> the offense."

William v. State, 830 So.2d 45, at 47 (Ala.Cr.App. 2001)

When the appellant raised this claim in the trial court the state responded and alleged in their pleadings at R-31 at page 4 therein:

> "The counts of the indictment challenged by
> the Petitioner, Counts I and IV, charge the
> Petitioner with two separate offenses: the
> capital murder of Travis Benefield and the
> first degree robbery of Ray Davis." See R-34.

Although the state contends that appellant plead guilty
in two separate instances against two different people, the
state does not submit any evidence to support such assertions;
and even in the event such be found true by this court there
exist another problem that the trial court lacked jurisdiction
to accept a guilty plead from the appellant for "attempted
murder" and "robbery" as one chain of events where both claims
by the state involves the use of force against the victim.

> "("When the same conduct of a defendant may
> establish the commission of more than one
> offense, the defendant may be prosecute¹ for
> each such offense. He may not, however, be
> convicted of more than one offense if...[o]ne
> offense is included in the other.")."

_Powell v. State_, 854 So.2d 1206 (Ala.Cr.App. 2002) at 1208.

In the states response to submit the transcript of the pro-
ceedings at trial   court level pursuant §13A-5-42, Ala. Code
1975 at page 125 it mentions "Explanation of Rights Forms"
and exhibites yet nevertheless there are no such documents
presented before this court for it to construe. The appellant
in these proceedings as a pro-se litigant has made several
attempts to ensure that an adequate record exist on appeal
for the resolution of issues presented. See R-48-51.

The prosecutor's statement at R-34 which was adopted
by the court at R-57 can not replace the requirements that
there be a coloquy consistent with Rule 14.4 Ala.R.Crim.Pro.

In the supplemental Record on appeal there is evidence
that the trial court sentenced the appellant on robbery
and attempted murder charges yet there exist no coloquy as
to those pleads before the court and thus the jurisdiction

is at question according to Verzone v. State, 841 So.2d
312, (Ala.Cr.App. 2002). "Without a transcript of the guilty
plea colloquy, if the trial court conducted one, we cannot
determine whether the appellant preserved any of these argu-
ments for our review, and we cannot determine whether the
trial court had jurisdiction to accept the appellant's guilty
plea." at 314. Thus the appellant argues that there exist no
coloquy by the appellees which shows whom were the victims
as to the specifically entered plea of guilty of first degree
robbery and attempted murder.

ISSUE#III WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE
         TO EXPLAIN THE LESSER INCLUDED OFFENSES
         OF CAPITAL MURDER TO PETITIONER FULLY
         ABREASTING HIM OF THE LAW RELEVANT TO THE
         CHARGE.

     When the attorney informed the appellant either he
plead guilty or go to trial and he would be placed on death
row. The attorney knew that it was possible that appellant
could receive a felony murder conviction or murder or even
robbery due to the facts of the case an him not being the
trigger man in the capital offense. Such failure to advice
the appellant of the relevant law establishes cause under
Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674,,104
S.Ct. 2052 (1984).

               "The failure of an attorney to inform
          his client of the relevant law clearly
          satisfies the first prong of Strickland
          analysis adopted by the majority, as such
          an omission cannot be said to fall within
          "the wide range of professionally competent
          assistance" demand by the Sixth Amendment."
          Strickland v. Washington,supra. at 690, 80
          L.Ed.2d 674. 104 S.Ct. 2052."

Hill v. Lockhart, 474 U.S. 32, 88 L.Ed.2d 203, 106 S.Ct. 366
, at 212 Justice White with whom Justice Stevens joins, concurring
in the judgment (1985).

                        25.

The appellant was a 17 year old Black Male unlearned or trained in the law and could not make an informed decision on being scared with implications that if he go to trial he would automatically receive a death sentence; especially that was not the case nor the relevant law.

> "The guilty plea cannot have been knowing and voluntary, however, if a defendant does not receives reasonably affective assistance of counsel in connection with the decision to plead guilty, because the plea then does not than represent an informed choice. Mason v. Balcon, 531 F.2d 717, 724-25 (5th Cir. 1976). Counsel must be familiar with the fact and the law in order to advise the defendant of the options available, Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)Calloway .v. Powell, 393 F.2d 886, 888 (5th Cir. 1968). The guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision. Lee v. Hopper, 499 F.2d 456, 463 (5th Cir.) cert. denied 419 U.S. 1053, 95 S.Ct. 633, 42 L.Ed.2d 650 (1974).

Scott V. Wainwright, 698 F.2d 427, at 429 (1983).

Based on the facts of this case appellant's guilty plea could not have been knowingly and voluntarily entered in either the attempted murder, robbery, and especially the capital murder charge in regards to counsels failure to offer the required advise to client and plead guilty or suffer the ultimate consequence of death.

> "The court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions" in his counsel's advise regarding the plea. McMann, 397 U.S. at 774, 90 S.Ct. at 1450; Tollett, 411 U.S. at 267, 93 S.Ct. at 369("The long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative course of action open to the defendant."

26.

(quoting North Carolina v. Alford,
400 U.S. 25, 91 S.Ct. 160, 164, 27
L.Ed.2d 162 (1970). Without reasonably
effective assistance of counsel in con-
nection with the decision to plead guilty,"
a  a defendant cannot enter a knowing and
voluntary plea because the plea does not
represent an informed choice. McCoy, 804
F.2d at 1198; Scott, 698 F.2d at 429."

Stano v. Dugger, 921 F.2d 1125, at 1151 (11th Cir. 1991).

The appellant argues that the trial court erred on this
point without conducting an evidentiary hearing.

## CONCLUSION

Notwithstanding the Montgomery County Circuit Court errors this honorable court should address the question asked of that court and vacate conviction as to the defective indictment which fails to charge the offense of capital murder. Your appellant further states that this may appear as a technicality involving a serious offense nevertheless if the argument and facts are correct and that the indictment must charge that a "human being" and or "another person" was intentionally (unjustifiable) killed than this court should vacate the conviction moreso because such is absent in the underlining indictment. R-28

Lastly, the appellant would have the honorable court to note:

> "While the state is loathe to allow a
> convicted murder and armed robber to
> obtain relief from what most would label
> a technicality, the state realises that
> the entire justice system is based on a
> series of rules that we all must operate
> within in order to maintain the integrity
> and respectability of the system that has
> become the model for evolving nations around the
> the world."

VINCE DEAS ASSISTANT DISTRICT ATTORNEY, MADISON COUNTY CIRCUIT COURT, CITED IN CASE NO. CC74-0308.62 LHL, 13th Sept. 2004. Douglas v. State, (Response to Rule 32 Petition).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal
document have been served on the appellee this _15_ day/March/

2005 by placing the same in the United States mail postage pre-

paid and addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
TROY KING
11 South Union Street
Montgomery, Ala. 36130

Respectfully submitted,

*Willie L. Gardner*
WILLIE L. GARDNER
AIS# 231984
100 Warrior Lane
Bessemer, Ala. 35023

## TRIAL COURT RULING ADVERSE TO THE APPELLANT

**NAME OF DOCUMENT**

**PAGE**

Order Dismissing Rule 32.................................... R-56.