CR-04-0476

In the COURT of CRIMINAL APPEALS
of ALABAMA

———————◆———————

WILLIE L. GARDNER,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————◆———————

On Appeal From the Circuit Court
of Montgomery County (CC-02-732.60)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7401, 242-7300*

April 12, 2005



EXHIBIT
D

## STATEMENT CONCERNING ORAL ARGUMENT

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief, and this Court will not be aided by oral presentation. The State, therefore, does *not* request oral argument.

i

# TABLE OF CONTENTS

STATEMENT CONCERNING ORAL ARGUMENT .................. i

TABLE OF CONTENTS ................................. ii

TABLE OF AUTHORITIES .............................. 1

STATEMENT OF THE CASE ............................. 1

ISSUES PRESENTED FOR REVIEW ....................... 7

STATEMENT OF THE FACTS ............................ 8

STANDARD OF REVIEW ............................... 14

SUMMARY OF THE ARGUMENT .......................... 15

ARGUMENT ......................................... 17

   I. The Trial Court Did Not Abuse Its Discretion
   In Denying Gardner's Petition When His Claim
   Concerning The Indictment Was Without Merit
   Because The Indictment Sufficiently Apprised
   Him Of The Crime Of The Capital Murder Of
   Travis Benefield.................................. 17

   II.  The Trial Court Did Not Abuse Its Discretion
   In Denying Gardner's Petition When His Double
   Jeopardy Claim Was Without Merit Because His
   Convictions For The Capital Murder Of Travis
   Benefield And The Robbery Of Ray Davis Required
   Different Elements To Prove The Offenses.......... 21

   III. The Trial Court Did Not Abuse Its Discretion
   In Denying Gardner's Petition Based On His
   Ineffective Of Trial Counsel Claim When Gardner
   Did Not Sufficiently Plead His Ineffective
   Assistance Of Counsel Claim With Specific Facts,
   And The Claim Was A Bare Allegation............... 23

CONCLUSION ....................................... 28

CERTIFICATE OF SERVICE ........................... 29

# TABLE OF AUTHORITIES

## Cases

Bracknell v. State, 883 So. 2d 724 (Ala. Crim. App. 2001) ................................... 24

Broadnax v. State, 825 So. 2d 134 (Ala. Crim. App. 2000) ................................... 26

Ex parte Allred, 393 So. 2d 1030 (Ala. 1980) ....... 18

Ex parte Harper, 594 So. 2d 1181 (Ala. 1991) ........ 19

Holcomb v. State, 519 So. 2d 1378 (Ala. Crim. App. 1988) ................................... 23

Shoulders v. State, 703 So. 2d 1015 (Ala. Crim. App. 1997) ................................... 19

Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1997) ................................... 27

Williams v. State, 830 So. 2d 45 (Ala. Crim. App. 2001) ................................... 21

## Other Authorities

40A Am. Jur. 2d § 217 ............................. 18

Ala. Code

  §§ 13A-5-40, 13A-6-2(a)(1), 13A-8-41(a)(1), and 13A-8-43 (1994) ................................. 22

## Rules

Alabama Rules of Criminal Procedure,

  Rule 32.2(a)(3) and 32.2(a)(5) .................... 20

  Rule 32.3........................................ 24

## STATEMENT OF THE CASE

Willie L. Gardner is appealing the denial of his
Rule 32 post-conviction petition from the Montgomery
County Circuit Court.  Gardner argues on appeal: 1) The
trial court erred when it denied his petition without a
hearing and failed to adequately address his claim that
the indictment was invalid because it failed to allege
that he intentionally caused the death of another
person or human being (Gardner's brief at 11-22); his
right to be free from double jeopardy was violated when
he was convicted of capital murder of one victim and
the robbery of another, which both arose out of the
same incident (Gardner's brief at 23-25); and, 3) trial
counsel was ineffective for failing to inform him that
it was possible he could have been found guilty of
felony murder or murder if he went to trial; therefore,
his plea was not voluntarily entered.  (Gardner's brief
at 25-27.)

The Montgomery County Grand Jury indicted Gardner
for the capital murder of Travis Benefield while
perpetrating a first-degree robbery, the first-degree
robbery of Travis Benefield, the attempted murder of

Ray Davis, the first-degree robbery of Ray Davis, two counts of conspiracy to commit murder, and two counts of conspiracy to commit first-degree robbery. (C. 39-47) Pursuant to a plea agreement, Gardner pleaded guilty to the capital murder of Travis Benefield, the attempted murder of Ray Davis, and the first-degree robbery of Ray Davis on October 23, 2003. (C. 7, 31, 34, 57; SR.[1] 48, 50, 125-27, 162-64) In exchange, the State would not seek the death penalty, would waive the sentencing phase, and would recommend life in prison without the possibility of parole on the capital charge. (SR. 23, 144-45, 161-63) A jury found Gardner guilty of capital murder on October 28, 2003, as required by law. (SR. 161)

Circuit Court Judge William Shashy sentenced Gardner to serve life without the possibility of parole for the capital murder charge on October 28, 2003, and to serve a life sentence on the attempted murder of Ray Davis and the first-degree robbery of Ray Davis. (SR. 163-64) The judge also ordered Gardner to pay

---

[1] "S.R." refers to the supplemental record included in the record on appeal in this case. The record from the guilty plea colloquy was not included in the record on appeal.

2

restitution, court costs, attorney fees, and Crime

Victims Compensation Assessments. (SR. 163-64) This

Court dismissed Gardner's direct appeal on January 9,

2004.[2]

Gardner filed his Rule 32 post-conviction petition

on August 22, 2004. (C. 13) He argued in his *pro se*

petition: 1) His indictment was void because it failed

to contain the essential element that he intentionally

killed "another person". (C. 15-24) 2) The trial

court violated his right to be free from double

jeopardy because it convicted him of the capital murder

of Travis Benefield, in count one of the indictment,

and the first-degree robbery of Ray Davis, in count

four of the indictment, even though both crimes

occurred during the same transaction. (C. 25-26) 3)

His trial counsel was ineffective for failing to

explain the lesser-included offenses of capital murder

to him; trial counsel allegedly told Gardner that "he

would be sentenced to death if [he did] not accept the

plea of guilty[.]" If his attorney "had explained that

---

[2] The State requests that this Court take judicial
notice of its own records in Gardner v. State, CR-03-
0502. See State v. Gagliardi, 747 So. 2d 366, 366
(Ala. Crim. App. 1999).

3

there was any possible chance of the jury bringing back

any other verdict besides that of Capital Murder[,]

[he] would have elected to proceed to trial due to him

not being the trigger man and having no intentions to

cause the death of anyone."  (C. 26-27)

The State requested summary dismissal of Gardner's

petition on October 8, 2004.  (C. 31)  It argued that

Gardner's first claim was without merit because the

indictment stated that Gardner "intentionally cause[d]

the death of Travis Benefield" and that later in the

indictment it stated that Gardner "use[d] force against

the person of Travis Benefield" connoting that Travis

Benefield was indeed a person.  (C. 32-33, 39)

(emphasis added)  The State argued that Gardner did not

meet the Blockburger v. United States, 284 U.S. 299,

304 (1932), test, because the elements of the first-

degree robbery of Ray Davis required elements that the

capital murder of Travis Benefield did not and vice

versa.  (C. 33-34)  Finally, concerning the State's

ineffective assistance of counsel claim, the State

argued that Gardner did not meet his burden under

4

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

The State argued:

> [Gardner] agreed to plead guilty, and he was then found guilty of capital murder by a jury as required by Ala. Code § 13A-5-42.
>
> Even if [Gardner] was able to prove that his attorneys were inadequate, he cannot show that he was prejudiced by that inadequacy. After [Gardner] pled guilty to the capital murder of Travis Benefield, he was found guilty of capital murder following the required jury trial. Given the additional finding of guilty by a jury, [Gardner] cannot realistically argue that there is a "reasonable probability" that, but for Mr. Belser and Ms. Hollis' allegedly deficient performance, the result of Gardner's case would have been any different. See <u>Burnett</u> [v. State], 644 So. 2d [57,] 58 [(Ala. Crim. App. 1994)]. <u>See also</u> <u>Howard</u> [v. State], 551 So. 2d [1155,] 1158 [(Ala. Crim. App. 1989)].

(C. 36)

The trial court dismissed Gardner's petition on November 15, 2004, without a hearing. (C. 56-58) It held that Gardner's claim concerning the indictment was without merit, and failed to plead and prove his claim with specific facts necessary to entitle him to relief. (C. 56, 57) The trial court also held that Gardner's double jeopardy claim was without merit because "each of the counts that [Gardner] pled guilty is a separate offense which required proof of an additional element

5

at the other did not." (C. 57)  The court held that

‐rdner's ineffective assistance of counsel claim was

ithout merit.

> [Gardner] failed to show that but for
> counsel's alleged errors that the outcome of
> his trial and/or plea would have been
> different in accordance with Strickland v.
> Washington, 466 U.S. 668 (1984).  Aside from
> that, [Gardner] plead[ed] guilty and this
> Court took extra lengths to make sure that
> [Gardner]'s plea was entered voluntarily and
> that all of his rights were protected.
> [Gardner]'s counsel are well known and well
> respected criminal defense attorneys and
> represented [Gardner] in an exceptional
> manner.

‐. 57)

The court also determined that Gardner failed his

‐rden of pleading and proof under Rule 32.3 of the

labama Rules of Criminal Procedure, and that his

‐aims lacked the required specificity under Rule

.6(b) of the Alabama Rules of Criminal Procedure.

‐rdner filed a notice of appeal on December 13, 2004.

‐. 59)

6

## ISSUES PRESENTED FOR REVIEW

1. Did the trial court abuse its discretion in denying Gardner's petition when his claim concerning the indictment was without merit because the indictment sufficiently apprised him of the crime of the capital murder of Travis Benefield?

2. Did the trial court abuse its discretion in denying Gardner's petition when his double jeopardy claim was without merit because his convictions for the capital murder of Travis Benefield and the robbery of Ray Davis required different elements to prove the offenses?

3. Did the trial court abuse its discretion in denying Gardner's petition based on his ineffective of trial counsel claim when Gardner did not sufficiently plead his ineffective assistance of counsel claim with specific facts, and the claim was a bare allegation?

## STATEMENT OF THE FACTS[3]

Tawaskie Williams heard Delano "Pop" Smith, Willie "Wet Willie" Gardner -- the defendant -- and Anthony "Ant" Fuller discuss robbing Premium Package Store, also known as Big Al's, days before the robbery and murder on September 3, 2001. (SR. 52, 69) There existed animosity between the persons that ran the store, Travis Benefield and Ray Davis, and Gardner and Smith because Smith and Gardner would loiter around the store and were asked to leave by Mr. Benefield and Mr. Davis. (SR. 54)

On September 3, 2001, Tawaskie Williams joined Gardner, Fuller, and Smith in a dice game. (SR. 69) He heard them discussing the robbery of Big Al's, and saw them loading handguns. (SR. 69) They asked Mr. Williams if he wanted to participate, but he refused. (SR. 70)  Fuller, Smith, and Gardner then left and went to Gardner's home to change clothes.  After they had changed clothes, Mr. Williams saw them again, and they asked him once again if he wanted to participate in the robbery, but he refused again. (SR. 70)

---

[3] A large portion of this narrative is derived from stipulated testimony that was presented to the jury.

Ray Davis and Travis Benefield worked at Big Al's on September 3, 2001. (SR. 52, 54) Davis knew Gardner and Smith because they were regularly in the store. (SR. 53-54) Taurus Hall entered the store, bought some cigarettes, and left. (SR. 55) Taurus Hall was the "look-out" man who alerted the trio when it was clear to go inside and rob the store. (SR. 126) Immediately thereafter, three persons, with masks covering only the lower part of their faces, came into the store with guns blazing. (SR. 55) Mr. Benefield was shot twice. (SR. 55) Mr. Davis managed to get on the floor before getting shot. (SR. 55) They ordered Mr. Davis to open up the safe, and he was lead into the office by Gardner, whom he recognized. (SR. 57) Apparently Mr. Davis did not move fast enough, so Gardner fired the weapon into the floor close to Mr. Davis's feet. (SR. 59) Davis was able to get inside the office before Gardner could gain entry when Gardner shot him the first time. (SR. 59) Mr. Davis could not lock the door, and Gardner opened the door and shot him again. (SR. 59) Mr. Davis still managed to close the door, lock it, and call the 911 emergency number. (SR. 59)

9

Mr. Davis was shot in the forearm and in the abdomen resulting in multiple wounds that required four surgeries. (SR. 60-61) He lost some function of his arm and had to wear a colostomy bag because of injuries to his internal organs. (SR. 61-62) Before his surgery, he told the police that Gardner was one of the perpetrators. (SR. 62) According to Gardner's knowledge money and guns were stolen from the store, and Mr. Benefield died there at the store. (SR. 59-60) He identified the defendant as Willie "Wet Willie" Gardner. (SR. 68)

While Gardner is dealing with Mr. Davis in the store, it is apparent from a surveillance videotape that Anthony Fuller is emptying the cash registers, and Delano Smith is standing over Mr. Benefield. (SR. 58, 72-73, 119) Smith then shot Mr. Benefield in the back of the head killing him. (SR. 121) Smith then attempts to open up the locked office door, but is unsuccessful. (SR. 121) Gardner, meanwhile walks to Mr. Benefield, stands over him, and steals a gun, while Anthony Fuller is stealing items from underneath the counter. (SR. 121) Smith then returns to the locked

10

door to wipe off the door handle. (SR. 121)  The three
then leave the store. (SR. 122)  The surveillance tape
was played for the jury while Detective Barnett, who
led the investigation, narrates what is on the tape.
(SR. 97, 113-122)

Tawaskie Williams heard the gunshots, and saw the
three perpetrators wearing masks and carrying guns jump
over a wall that separates Big Al's property from the
Tulane Court housing project. (SR. 71)  "[H]e saw them
act as if they dropped something, saw them act as if
they wanted to pick it up, but they decided not to, and
they took off running...." (SR. 71)  Police found a
gun on the other side of the wall from Big Al's
property, and bullet fragments taken from Mr.
Benefield's head were fired through that gun. (R. 80,
89)  A bullet recovered from Ray Davis "could have been
fired through this gun, but the results were
inconclusive.  The results were consistent with coming
from another gun of a similar type." (R. 89)

Travis Benefield sustained "two gunshot wounds to
his head, two gunshot wounds [to] his abdomen, and a

11

grazed wound on his right forearm." (SR. 85)  He died

of multiple gunshot wounds.  (SR. 85, 86)

The police went to Gardner's residence to speak to

him when he became a suspect.  (SR. 90)  They could not

locate him, but told his mother to bring him to the

police station if she found him.  (SR. 90)  At

approximately 3:30 a.m. on September 4, 2001, Gardner's

mother brought him to the police station.  (SR. 90-91)

Detective Barnett reviewed the juvenile right's form

with Gardner and he indicated that he understood his

rights.  (SR. 102-105)  At that point in time, Gardner

told Detective Barnett that he was at his girlfriend's

house during the capital murder and robbery.  (SR. 105)

Gardner was placed into custody for capital murder and

taken to the Montgomery County Correctional Facility.

(SR. 105)  The following morning, on September 5, 2001,

Gardner wanted to speak to police again about the

capital murder and robbery and wished to make a

statement.  (SR. 105-06)  Detective Barnett once again

reviewed a juvenile rights form with Gardner, and

Gardner indicated that he understood his rights and

wished to waive them.  (SR. 106-08)  Gardner also

12

reviewed an adult rights form with Gardner because he was facing charges as an adult; Gardner indicated that he understood these rights and wished to waive them. (SR. 106-08)  Gardner then made a videotaped statement that was played for the jury.  (SR. 108-09)  An audio version of the statement and a transcribed version were also introduced into evidence.  (SR. 111-113)  The jury also learned that Gardner pleaded guilty to the capital murder of Travis Benefield and the first-degree robbery of Ray Davis.  (SR. 124-127)

## STANDARD OF REVIEW

The standard of review to determine whether the trial court properly denied a post-conviction petition is whether the court abused its discretion.  See <u>Grady v. State</u>, 831 So. 646, 648 (Ala. Crim. App. 2001).  "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition."  Id.  (internal citations and quotations omitted).  "A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision."  <u>State v. Reynolds</u>, 819 So. 2d 72, 79 (Ala. Crim. App. 1999).

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in denying Gardner's meritless petition. His claim that his indictment was void because it did not state that he caused the death of another person is without merit. The indictment named Travis Benefield as the victim Gardner intentionally killed. Although, it did not specifically mention that Mr. Benefield was a person it is a reasonable inference based on the language of the indictment. The indictment sufficiently apprised Gardner that he was charged with the capital murder of Travis Benefield. Moreover, in the robbery clause of the capital murder indictment, it apprised Gardner that he used force "against the person of Travis Benefield" (C. 39); therefore, he was informed that Mr. Benefield was a person. Therefore, this claim is not jurisdictional and is procedurally barred by Rules 32.2(a)(3) and 32.2(a)(5) of the Alabama Rules of Criminal Procedure.

Gardner's second claim that his double jeopardy rights were violated is also without merit because the robbery of Ray Davis required different elements from

15

the capital murder of Travis Benefield and vice versa;
therefore, his double jeopardy rights were not
violated.  Consequently this non-jurisdictional issue
is procedurally barred by Rules 32.2(a)(3) and
32.2(a)(5) of the Alabama Rules of Criminal Procedure.

Finally, Gardner did not meet the burden of
pleading his ineffective assistance of counsel claim
with specific facts because he did not provide any
facts that would have supported instructing a jury on
felony-murder or murder; therefore, he neglected to
demonstrate that a jury would have found him guilty of
these lesser offenses.

16

ARGUMENT

I.  The Trial Court Did Not Abuse Its Discretion In
    Denying Gardner's Petition When His Claim
    Concerning The Indictment Was Without Merit
    Because The Indictment Sufficiently Apprised Him
    Of The Crime Of The Capital Murder Of Travis
    Benefield.


Gardner argues that his capital murder indictment

was void because the count did not specifically state

that Travis Benefield was a person.  (C. 15-24;

Gardner's brief at 11-22)  This issue is without merit.

Gardner's indictment read:

> WILLIE LIZZLIE GARDNER ... did intentionally
> cause the death of Travis Benefield by
> shooting him with a gun and caused said death
> during the time that Willie Lizzlie Gardner
> and/or an accomplice, was in the course of
> committing a theft of a gun and/or lawful
> currency and/or coinage of the United States
> of America ... of some value, the value of
> which is unknown to the Grand Jury, the
> property of Travis Benefield and/or Premium
> Package, by the use of force against the
> person of Travis Benefield, with intent to
> overcome his physical resistance, while the
> said Willie Lizzlie Gardner and/or an
> accomplice was armed with a deadly weapon or
> dangerous instrument, to-wit: a gun ... in
> violation of Section 13A-5-40 of the Code of
> Alabama as amended, against the peace and
> dignity of the State of Alabama.

(C. 39)

17

Although not apparently addressed specifically by the Alabama courts other jurisdictions have held that the inclusion of the word "person" or "human being" is unnecessary in a murder indictment and can be implied from the surrounding language.

> While an allegation of death is an essential allegation in a charge of homicide, and an indictment for homicide must charge that the life of a human being has been taken, it need not specifically allege that the victim was a human being; this fact may rest in implication arising from other language.

40A Am. Jur. 2d § 217.

> An indictment which alleged that the defendant at a stated time and place did unlawfully and with malice aforethought kill a specifically named victim and which specified the murder statute under which defendant was being charged was not defective even though it did not specifically allege that victim was a human being.

Id. at n.83 (citing State v. Hachey, 278 A.2d 397, 398-99 (Me. 1971).

Further, the Supreme Court of Alabama has stated, "An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense." Ex parte Allred, 393 So. 2d 1030, 1032 (Ala. 1980). "The crucial question, of course, is

18

whether the indictment sufficiently apprises the
accused with reasonable certainty of the nature of the
accusation made against him so that he may prepare his
defense, that he may be protected against a subsequent
prosecution for the same offense." Ex parte Harper,
594 So. 2d 1181, 1183 (Ala. 1991). Gardner's
indictment clearly apprised him that he was being
indicted for intentionally killing a person, Travis
Benefield, with reasonable certainty. Also, as pointed
out by the State below, the indictment clearly stated
that Gardner "used force against the person of Travis
Benefield". Therefore, in the indictment it clearly
stated that Travis Benefield was a person.
Consequently, Gardner's first issue is without merit.

Gardner failed to raise a truly jurisdictional
issue concerning the indictment. See e.g., Shoulders
v. State, 703 So. 2d 1015, 1018 (Ala. Crim. App. 1997)
(holding that merely because a petitioner couches his
claim in jurisdictional language does not necessarily
elevate the claim to a truly jurisdictional one).
Consequently, this claim should be barred from review
because Gardner could have raised it at trial or on

19

direct appeal.  <u>See</u> Ala. R. Crim. P. 32.2(a)(3) and

32.2(a)(5).

II.  **The Trial Court Did Not Abuse Its Discretion In Denying Gardner's Petition When His Double Jeopardy Claim Was Without Merit Because His Convictions For The Capital Murder Of Travis Benefield And The Robbery Of Ray Davis Required Different Elements To Prove The Offenses.**

Gardner's second issue that he was subjected to double jeopardy is also without merit.  He argues that he was subjected to double jeopardy because the capital murder of Travis Benefield and the robbery of Ray Davis arose out of the same incident. (C. 25-26; Gardner's brief at 23-25.)  This issue is without merit because the murder of Travis Benefield required different elements to prove the crime than the robbery of Ray Davis and vice versa, which means that Gardner's right to be free from double jeopardy was not violated.

> [T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not. The test emphasizes the elements of the two offenses. If each offense requires proof of a fact that the other does not, then the ... test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the offenses.

Williams v. State, 830 So. 2d 45, 47-48 (Ala. Crim. App. 2001).  Capital murder, under Gardner's indictment, required an intentional killing of Travis

21

Benefield, which was not required to commit the first-degree robbery of Ray Davis; conversely, in Gardner's indictment, the first-degree robbery of Ray Davis required the intentional taking of property by force from Ray Davis, which was not required to prove the capital murder of Travis Benefield. Compare Ala. Code §§ 13A-5-40, 13A-6-2(a)(1), 13A-8-41(a)(1), and 13A-8-43 (1994). Therefore, Gardner's issue is without merit. Because this double jeopardy issue does not implicate the jurisdiction of the trial court, it is precluded from review as it could have been raised at trial or on appeal. See Ala. R. Crim. P. 32.2(a)(3) and 32.2(a)(5).

22

III. **The Trial Court Did Not Abuse Its Discretion In Denying Gardner's Petition Based On His Ineffective Of Trial Counsel Claim When Gardner Did Not Sufficiently Plead His Ineffective Assistance Of Counsel Claim With Specific Facts, And The Claim Was A Bare Allegation.**

Gardner's final argument is that his trial counsel was ineffective because his trial counsel did not inform him of the lesser-included offenses of felony murder and murder, and had he known that there was a possibility the jury could have convicted him of these lesser offenses he would have gone to trial instead of pleading guilty. He also argues that because he did not learn of these lesser-included offenses his plea was not voluntary. (C. 26-27; Gardner's brief at 25-27.)

Gardner's argument that his plea was involuntary because his trial counsel failed to inform him of the possible lesser-included offense of capital murder is without merit. In Holcomb v. State, 519 So. 2d 1378, 1379 (Ala. Crim. App. 1988), this Court stated:

> Holcomb now argues that his guilty plea was involuntary because he was not advised "concerning the possibility of lesser[-]included offenses" of which he "might" have been guilty. ... This contention is without merit. We know of no authority and have been cited to none which requires an accused to be

23

informed of the elements of any lesser[-
]included offenses of the offense to which he
is pleading guilty.

Therefore, Gardner's claim that his plea was
involuntary because he did not know of the lesser-
included offenses of capital murder is without merit.

Gardner also did not meet his burden of pleading
ineffective assistance of counsel with specific facts
that would entitle him to relief.  Gardner "has the
burden of showing ... that his counsel's performance
was deficient and ... that the deficient performance
actually prejudiced the defense.  To prove prejudice,
'[t]he defendant must show that there is a reasonable
probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been
different.'"  Bracknell v. State, 883 So. 2d 724, 727
(Ala. Crim. App. 2001) (quoting Strickland v.
Washington, 466 U.S. 668, 694 (1984).  Under Rule 32.3
of the Alabama Rules of Criminal Procedure, Gardner has
"the burden of pleading and proving by a preponderance
of the evidence the facts necessary to entitle the
petitioner to relief." Rule 32.6(b) of the Alabama
Rules of Criminal Procedure also requires that

24

Gardner's "petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Gardner has failed to meet this requirement.

Gardner argues that he would not have pleaded guilty had his counsel told him that there was a possibility that the jury would have found him guilty of a lesser-included offense of capital murder. This is a bare allegation because Gardner has not provided any specific facts from his trial that would have entitled him to a lesser-included offense.

Gardner argues that the jury could have possibly convicted him of felony-murder; however, he has not provided any specific facts that the killing of Travis Benefield, of which he was an accomplice, was unintentional. "Lesser included offense instructions should be given when there is a reasonable theory from the evidence supporting such an instruction. ... The purpose of the felony-murder doctrine is to hold felons

25

accountable for unintended deaths caused by their dangerous conduct." Broadnax v. State, 825 So. 2d 134, 205 (Ala. Crim. App. 2000).

Gardner also argues that the jury could have possibly found him guilty of the lesser-included offense of murder; and therefore, his trial counsel was ineffective for not informing him of this possibility before he pleaded guilty. This issue is also without merit because Gardner provided no specific facts that the murder of Mr. Benefield was in anyway separated from the robbery. Therefore, there is no evidence that he would have been entitled to such an instruction. Consequently, Gardner has not met his burden that his counsel was ineffective because he has not pleaded facts demonstrating that there was a reasonable possibility that the jury would find him guilty of a lesser-included offense of capital murder. This conclusion is further strengthened by the fact that a jury when presented with the evidence found Gardner guilty of capital murder. Therefore, the trial court did not abuse its discretion in denying Gardner's ineffective assistance of counsel claim. If the trial

26

court's denial of a post-conviction petition is correct

for any reason, this Court must affirm the decision.

See Sumlin v. State, 710 So. 2d 941, 943 (Ala. Crim.

App. 1997).

## CONCLUSION

For the reasons stated in this brief, this Court should affirm the denial of Gardner's Rule 32 petition.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*

28

## CERTIFICATE OF SERVICE

I hereby certify on this 12th day of April, 2005, I have served a copy of the foregoing on Gardner, by placing said copy in the United States mail, first class, postage prepaid, and addressed as follows:

>           Willie L. Gardner
>           AIS 231984
>           100 Warrior Lane
>           Bessemer, AL   35023

Jean-Paul M. Chappell
Assistant Attorney General
CHA073

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama   36130
(334) 242-7300

197198/74705-001

29