Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
MAY 20 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0476                Montgomery Circuit Court CC-02-732.60

Willie Lizzlie Gardner v. State of Alabama

WISE, Judge.

The appellant, Willie Lizzlie Gardner, appeals from the trial court's denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2002 guilty-plea convictions for first-degree robbery, attempted murder, and murder made capital because it was committed during the commission of a felony. Following a jury trial, as required in capital murder cases by § 13A-5-42, he was sentenced to a term of life imprisonment without the possibility of parole for the capital murder conviction, and to terms of life imprisonment for both the attempted murder and first-degree robbery convictions. No direct appeal was taken.

1



On August 22, 2004, Gardner filed the instant Rule 32 petition, in which he raised the following claims: (1) that the Court was without jurisdiction to render judgment or impose sentence against him because count one of his indictment, which charged Gardner with capital murder, was invalid because, he alleged, it did not specify that he was charged with the killing of "another human being"; (2) that his constitutional protection against double jeopardy was violated because the trial court entered separate judgments of guilty to both the capital murder of Travis Benefield in count one of the indictment and the first-degree robbery of Ray Davis as charged in count four of the indictment, even though the crimes occurred during the same transaction; and (3) that his trial counsel was ineffective for failing to explain the lesser-included offenses of capital murder to him; more specifically, trial counsel allegedly told Gardner that "he would be sentenced to death if [he did] not accept the plea of guilty," and that, if his attorney had explained to him that there was any possible chance of the jury returning any verdict other than capital murder, he would have elected to proceed to trial. On November 15, 2004, after receiving a response from the State requesting that all of Gardner's claims for relief be denied, the trial court entered a detailed written order summarily dismissing Gardner's petition. The trial court held that Gardner's claim regarding the indictment was without merit and additionally that Gardner had failed to plead and prove sufficient facts that would entitle him to relief. The trial court also held that Gardner's double jeopardy claim was without merit on the grounds that each of the offenses to which Gardner pleaded guilty was a separate offense which required proof of an additional element that the other did not. Further, the trial court held that Gardner's ineffective-assistance-of-counsel claim was without merit, because he failed to meet the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). The trial court noted that extra lengths were taken to ensure that Gardner's pleas were entered voluntarily and knowingly, ensuring that all of his rights were protected. Moreover, the Court found that Gardner's counsel had represented him in an exceptional manner. The trial court also determined that Gardner failed his burden of pleading and proof pursuant to Rule 32.3, Ala. R. Crim. P., and further, that his claims lacked the specificity required under Rule 32.6(b), Ala. R. Crim. P. This appeal followed.

2

On appeal, Gardner argues that the trial court abused its discretion when it denied his claim regarding the indictment. Specifically, Gardner contends that his capital murder indictment was void because the count did not specifically state that the victim, Travis Benefield, was a person.

The record contains a copy of Gardner's capital murder indictment, which reads:

> "Willie Lizzlie Gardner, whose name is otherwise known to the Grand Jury, did intentionally cause the death of <u>Travis Benefield</u> by shooting <u>him</u> with a gun and caused said death during the time that Willie Lizzlie Gardner and/or an accomplice was in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America, better descriptions of which are unknown to the Grand Jury, of some value, the value of which is unknown to the Grand Jury, the property of Travis Benefield and/or Premium Package, by the use of force against <u>the person of Travis Benefield</u>, with intent to overcome his physical resistance or physical power of resistance, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or dangerous instrument, to-wit, a gun, a better description of which is unknown to the Grand Jury, in violation of § 13A-5-40 of the Code of Alabama 1975 as amended, against the peace and dignity of Alabama."

(C.R. 28 and 39.) (Emphasis added.)

As set out above, the indictment named Travis Benefield as the victim of an intentional killing. Also, the indictment clearly stated that Gardner "used force against the person of Travis Benefield." Finally, the indictment stated on its face that Travis Benefield was a person. An indictment is sufficient if it substantially tracks the language of the statute, provided the statute sets out the elements of the offense. See, e.g., <u>Harrison v. State</u>, 879 So. 2d 594, 605 (Ala. Crim. App. 2003); <u>R.L.G. v. State</u>, 712 So. 2d 348, 362 (Ala. Crim. App. 1997). The capital murder indictment was sufficient. Therefore, Gardner's claim is without merit.

Next, Gardner claims that he was subjected to double jeopardy because the capital murder of Travis Benefield and the robbery of Ray Davis arose out of the same incident. Because the murder of Travis Benefield required different elements to prove the crime than the robbery of Ray Davis and vice versa, Gardner's right to be free from double jeopardy was not violated.

This Court noted in <u>Ivey v. State</u>, 698 So. 2d 179 (Ala. Crim. App. 1995), aff'd, 698 So. 2d 187 (Ala. 1997):

> "'The "same evidence [or element]" test of <u>Blockburger[v. United States</u>, 284 U.S. 299 (1932)] is stated as follows: 'Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." <u>Blockburger</u>, 284 U.S. at 304, 52 S.Ct. at 182.' <u>State v. Patton</u>, 669 So. 2d 1002, 1004 (Ala. Crim. App. 1993)."

698 So. 2d at 183.

Section 13A-6-2(a)(1), Ala. Code 1975 provides that "[a] person commits the crime of murder if: (1) With intent to cause the death of another person, he causes the death of that person or of another person...." Section 13A-5-40(a)(2), Ala. Code 1975, provides that murder is made a capital offense when it is committed "...during a robbery in the first degree or an attempt thereof committed by the defendant." Section 13A-8-43 provides that "[a] person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance... ." Finally, Section 13A-8-41(a) states that "[a] person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he: (1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another."

Under Gardner's indictment, capital murder required an intentional killing of Travis Benefield, which was not

4

required to commit the robbery of Ray Davis; conversely, the first degree robbery of Ray Davis required the intentional taking of property by force from Ray Davis, which was not required to prove the capital murder of Travis Benefield. Thus, the trial court correctly denied any relief as to this claim.

Gardner also argues that his guilty plea was not knowingly and voluntarily made. Specifically, he contends that because his trial counsel did not inform him of the lesser-included offenses of felony murder and murder, and had he known that there was a possibility that the jury could have convicted him of one of these lesser offenses, he would have gone to trial rather than pleading guilty. He further claims that his attorney was ineffective based on his failure to advise him of this fact.

There is no requirement that requires an accused to be advised or informed of the elements of any lesser included offenses of the offense to which he is pleading guilty. See Holcomb v. State, 519 So. 2d 1378, 1379 (Ala. Crim. App. 1988). In addition, before accepting Gardner's guilty plea, the trial court ascertained that Gardner was entering this plea of guilty to capital murder because he was, in fact, guilty of that offense. Thus, Gardner's claim that his plea was involuntary because he did not know of the lesser-included offenses of capital murder is without merit.

Moreover, Gardner did not meet his burden of pleading and proving that he received ineffective assistance of counsel with specific facts that would entitle him to relief. Thus, the trial court did not err when it held that Gardner did not meet the criteria outlined in Strickland v. Washington, 466 U.S. 668 (1984), and in denying relief as to this claim.

In Strickland, supra, the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

> "A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala.1986)."

Moore v. State, 502 So.2d 819, 820 (Ala.1986).

Although Gardner argues that he would not have pleaded guilty had his counsel told him there was a possibility that the jury would have found him guilty of murder or felony murder as a lesser-included offense of capital murder, his petition contained no specific facts supporting this claim which would entitle him to relief. Indeed, Gardner's claim that the jury could have convicted him of either of the aforementioned lesser-included offenses is wholly unsupported by the record, which contains a transcript of the evidence presented by the State during the "trial phase" of his plea proceeding. Our review of the evidence presented indicates that the evidence against Gardner was overwhelming, including the eyewitness testimony of the one victim who survived the robbery and shootings at the Premium Package Store. Ray Davis testified that he was able to identify Gardner as one of the four males who entered the store, forced him to open the

6

store's safe, and shot both store employees, killing Travis Benefield as he lay begging for his life and seriously wounding Davis. Moreover, evidence was presented that another person overheard Gardner and his cohorts planning the robbery several days before the robbery-homicide occurred.

Although a defendant is entitled to a charge on a lesser offense if there is any evidence supporting the charge, Ex parte Hannah, 527 So. 2d 675 (Ala. 1988), charges on lesser-included offenses should not be given where the evidence permits no reasonable conclusion other than that the defendant is guilty as expressly charged or is not guilty of any offense. Love v. State, 677 So. 2d 1272 (Ala. Crim. App. 1996). Assuming Gardner's claim is true, given that no evidence supported an instruction on either murder or felony murder, it would have been unwise for Gardner's counsel to have offered him false hope that the court would instruct the jury on lesser-included offenses or that the jury would somehow disregard eyewitness testimony to convict him of any offense other than capital murder in the death of Travis Benefield. Thus, we fail to see how counsel could have been ineffective for failing to advise him about the existence of lesser-included offenses when the evidence did not support instructing the jury on these charges.

Rule 32.7(d), Ala. R. Crim. P., authorizes the trial court to summarily dismiss a Rule 32 petition "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings." See also, Hannon v. State, 861 So. 2d 426, 427 (Ala. Crim. App. 2003); Cogman v. State, 852 So. 2d 191, 193 (Ala. Crim. App. 2002); Tatum v. State, 607 So. 2d 383, 384 (Ala. Crim. App. 1992). As discussed above, Gardner's claims were either precluded, insufficiently pleaded, or lacked merit. Thus, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Shaw, JJ., concur. Baschab, J., concurs in the result.