

IN THE ALABAMA COURT OF CRIMINAL APPEALS

WILLIE LISLLIE GARDNER,          )

    Appellant,                   )

vs.                              )    CR-04-0476

STATE OF ALABAMA,                )

    Appellee.                    )

39(K) MOTION

COMES, now the appellant in the above style cause before the court pursuant to applicable rules of appellate procedures, and in-corporates consistent therewith "STATEMENT OF FACTS" complying with Rule 40(e), and 39(d)(5)(A), Ala.R.App.Pro., and state as follows:

1.  Your appellant was charged by the Montgomery County authorities with violation of Alabama Penal statute §13A-5-40(a)(2) Al. Code 1975.

2.  Your appellant raised the following issue in the Montgomery County circuit court at issue# I:

> "IS THE CHARGING INSTRUMENT
> "THE INDICTMENT" FATALLY DEFECTIVE
> FOR FAILURE TO ALLEGE THAT PETITIONER
> INTENTIONALLY CAUSED THE DEATH OF
> ANOTHER PERSON."

3. At page 2 of the memorandum opinion incorrectly state what the appellant alleges as his claim, when it stated: "was invalid because, he alleged, it did not specify that he was charged with the killing of "another human being."

Your appellant alleged that §13A-5-40(b) makes murder as defined by §13A-6-2(a)(1) applicable to §13A-5-40(a)(2)

EXHIBIT
F
PENGAD 800-631-6989

1.

and that the elements of the charge as framed in the words
of the statute must be averred in the indictment. The appellant
alleges that he must have been charged with the intentional
killing of "another person" as element of murder:

> ""[a] person commits the crime of
> murder if: (1) With intent to cause
> the death of another person, he causes
> the death of that person or of another
> person..."

§13A-6-2(a)(1) Ala. Code 1975.

Your appellant argued before the court that each of the
components murder as defined by §13A-6-2(a)(1) and robbery
§13A-8-41, and their elements must stand in the indictment
independant from each other. The court cites no precedence
or authority where the robbery elements in a capital murder
indictment pursuant to §13A-5-40(a)(2) compensate for the
failure of the state to allege the requisite elements of
murder.

4.   At page 4 of the memorandum opinion incorrectly
state what the appellant alleges as his claim, when it stated:
"Gardner claims that he was subjected to double jeopardy be-
cause the capital murder of Travis Banefield and the robbery
of Ray Davis arose out of the same incident."

There exist nothing in the record beyond the District
Attorney's Motion To Dismiss [R-33,34] that appellant plead
guilty to robbery of Ray Davis! The state implies that the guilty
plead was for an offense of robbery against Ray Davis, no where
in the Supplemental Record or otherwise does the state show
"...the intentional taking of property by force from Ray Davis,"

as stated in memorandum order at Page 5. as a separate requisite not required to prove in regards to Travis Benefield.

5.  At page 5 of the memorandum opinion incorrectly state what the appellant alleges is his claim, when it stated: "Thus, Gardner's claim that his plea was involuntary because he did not know of the lesser-included offenses of capital murder....."

At R-26 the appellant plead as follows: "In the particular case the attorney failed to advise the defendant that the facts of this case could support the crime of felony murder rather than that of Capital Murder. "....Counsel presented to the petitioner the ABSOLUTE that he would be convicted and sentenced to death if not accept the plea of guilty;" There is no testimony that the alleged victim Ray Davis was forced to open a safe, there is evidence that appellant only intended to rob the store from state witnesses whom overheard the conversation.

THEREFORE, with premises considered your appellant herein moves that this court accepts this as established, correcting, and or modification of the statement of facts regarding this appeal.

Respectfully submitted,

*Willie L. Gardner*

WILLIE LIZZLIE GARDNER

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing legal document have been served on the appellee this <u>1st</u> day <u>June</u>, 2005 by placing the same in the United States mail postage prepaid and address as follows:

OFFICE OF THE ATTORNEY GENERAL
Jean Paul Chappell
11 South Union Street
Montgomery, Al. 36130


Respectfully submitted,

*Willie L. Gardner*
WILLIE LIZZLIE GARDNER
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

4.

IN THE ALABAMA COURT OF CRIMINAL APPEALS

WILLIE LIZZLEE GARDNER,          )

    Appellant,                   )

vs.                              )   CR-04-0476

STATE OF ALABAMA,                )

    Appellee.                    )

### APPLICATION FOR REHEARING

Comes now the appellant in the above style cause before the court pursuant to Rule 40, Ala.R.App.Pro., and state as follows:

1. The memorandum issued by the Court of Criminal Appeals May 20, 2005 misapprehended and overlooked an important point point of law and facts regarding the sufficiency of the indictment, as to the charge of murder; and further issued opinion in MEMORANDUM May 20, 2005 which does not address the pleads of the appellant where he alleges that the indictment is fatally defective because of the failure to aver all of the statutory elements of §13a-r-c1()(1) made applicable to the capital murder statute §13A-5-40(a)(3) by §13A-5-40(b). see brief in support.

2. The Criminal Court of Appeals in it's Memorandum Opinion issued May 20, 2005 in regards to issue II. present ed to the Circuit Court of Montgomery County stated that:

> "..the first degree robbery of
> Ray Davis raquired the inten-
> ional taking of property by force
> from Ray Davis, which was not re
> quired to prove the capital murder
> of Travbis Benefield."

1,.                    5.

In the Circuit Court of Montgomery County failed
to adequately apply the law to the issue where the record
is absent of any indincia of a factual basis or coloquy
besides that of the attestation of the District Attorney's
in their Motion to Dismiss before the circuit court. The re-
cord in simply not complying to any of the rules governing
these proceedings and Ala.R.Crim.Pro., Rule 14.4 controls
all issues of facture basis and coloquy. Furthermore the
factual evidence adduced at §13A-5-42 regarding the specific
acts of the appellant that was known to contradict any pos-
sible plead of guilt was known by the court prior to it's
imposition of sentence for tne attempted murder and rob-
bery charge. The facts adduced at tne §13A-5-42 proceedings
established that the appellant only removed a weapon from

2.        6.

another part of the store after he apparently shot Ray Davis.

The record does not reflect that the appellant ever took any-

thing from Ray Davis that was outside of the alleged capital

murder component of the charge involving robbery. In fact

the evidence reflected that the appellant was in another

part of the store when a co-defendant shot the victim Travis

Benefield point blank in the head while he was preoccupied

in the back of the store with Ray Davis. Your appellant is

left with the inescapable conclusion that the same property

taken from the store underlining the capital offense can't

support a separte offense of robbery of another person simply

because they were present; with no allegations of personal

ownership or possession.

3.

7.

Based on the evidence adduced at the §13A-5-42, proceeding

the only charge that the appellant could have been charged with

in connection with Ray Davis is probably 'attempted felony

murder. See supplemental record on appeal.

3.  Your appellant states that the circumstances of

the case made it a requisite for the counsel to explain the

law to his client in order for him to accurately understand

his options, the case Holcomb v. State, 519 So.2d 1378, 1379

(Ala.Crim.App. 1988) is simply not applicable here! Why?

Because the effective assistance of counsel is different

as to the requirement of judges prior to accepting the plead

of guilty according to Holcomb, yes the court had no responsibility

to explain the law of capital murder to the defendant and his

legal option yet counsel did.

8.

Based on the undisputed statements of the appellant

in the Rule 32 Petition counsel advice did not accurately

reflect the law of the capital murder procedures; appellant's

counsel could not give the advice pertaining the law that

his client would automatically be sentenced to death row and

in view of the facts it could have justified a charge on the

lesser included offense of felony murder where the appellant

was not the trigger man and the issue of complicity was a

question for the jury. The facts showed firmly that the ap-

pellant intent to robbery of the store, yet the facts equally

would support as to his culpability that another co-defendant

took undiscused or collective planned action in another part

of the store to execute the victim Travis Benefield and ap-

pellant turned himself in and co-operated with law enforcement.

9.

THEREFORE, with premises considered your appellant herein moves this honorable court to revisit it's memorandum opinion in these proceedings to serve substantial justice. opinion May 20, 2005.

Respectfully submitted,

*Willie L. Gardner*
WILLIE LIZZLIE GARDNER
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal document has been served on the appellee this _1st_ day June 2005 by placing the same in the United States mail postage prepaid and addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
Jean Paul M. Chappell
11 South Union Street
Montgomery, ala. 36130

Respectfully submitted,

*Willie L. Gardner*
WILLIE LIZZLIE GARDNER
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

10

IN THE ALABAMA COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

CR-04-0476

WILLIE LIZZLIE GARDNER,

Appellant,

vs.

STATE OF ALABAMA,

Appellee.

---

Willie Lizzlie Gardner v. State of Alabama
(Appeal from Montgomery County Circuit Court: CC-02-732.60)

---

BRIEF IN SUPPORT OF APPLICATION FOR REHEARING

ADDRESS OF APPELLANT PRO SE:

WILLIE LIZZLIE GARDNER
A.I.S.# 231984
100 Warrior Lane
Bessemer, Ala. 35023

\\

# TABLE OF CONTENT

|  | PAGE |
|---|---|
| TABLE OF CONTENT | 1. |
| TABLE OF AUTHORITIES | 2. |
| STATEMENT OF THE CASE | 3. |
| STATEMENT OF THE ISSUES | 4. |
| STATEMENT OF THE FACTS | 5. |
| STATEMENT OF THE STANDARD OF REVIEW | 6. |
| SUMMARY OF ARGUMENT | 7. |
| ARGUMENT | 8. |
| CONCLUSION | 18. |
| CERTIFICATE OF SERVICE | 19. |

Ex Parte Allred, 393 So.2d 1030 (Ala. 1980)........... 11.

Andrews v. State, 344 So.2d 533 (Ala.Cr.App.1977)..... 9.

Barbee v. State, 417 So.2d 611 (Ala.Cr.App. 1982)..... 10.

Cartwright v. State, 645 So.2d 326 (Ala.Cr.App. 1994). 15.

Ex Parte Carroll, 627 So.2d 874 (Ala. 1993).......... 15.

City of Daphne v. City of Spanish Fort, 853 So.2d
933 (Ala. 2003).................................... 10.

Cogman v. State, 870 So.2d 762 (Ala.CR.App. 2003)..... 12.

Ex Parte Coleman, 728 So.2d 703 (Ala. 1998).......... 9,12.

Ford v. State, 831 So.2d 641 (Ala.Cr.App. 2001)....... 17.

Harris v. State, 854 So.2d 145 (Ala.Cr.App. 2002)..... 14.

Harrison v. State, 879 So.2d 348 (Ala.Cr.App. 2003)... 10,11.

Ex Parte Jackson, 674 So.2d 1365 (Ala.1994).......... 8,12.

Lane v. State, 786 So.2d 1143 (Ala.Cr.App. 2000)...... 17.

Powell v. State, 854 So.2d 1206 (Ala.Cr.App. 2002).... 14.

Radney v. State, 840 So.2d 190 (Ala.Cr.App. 2002)..... 11.

Ex Parte Sapp, 497 So.2d 550 (Ala. 1986)............. 14.

Scott v. Wainwright, 698 F.2d 429 (1983)............. 16.

State v. Goldberg, 819 So.2d 123(Ala.Cr.App. 2001).... 10.

Steward v. State, 730 So.2d 1203 (Ala.Cr.App. 1996)... 9.

Versone v. State, 841 So.2d 312 (Ala.Cr.App. 2002).... 12.

OTHER AUTHORITIES

Title 13A, 13A-5-40(a)(2),Ala.Code 1975............... 9.

Title 13A, 13A-6-2(a)(1), Ala.Code 1975.............. 7,8,9,10,11.

Rule 39(a)(C) A.R.App.Pro............................ 7,8.

Rule 14.4 (a) and (b) A.R.Cr.Pro..................... 12,13,15.

13

## STATEMENT OF THE CASE

I hereby incorporate and adopt the statement of case
in initial brief to this court in brief on appeal.

14

STATEMENT OF THE ISSUES

ISSUE I

HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
"INDICTMENT NAMED TRAVIS BENE-
FIELD AS THE VICTIM OF AN INTENT-
IONAL KILLING. ALSO, THE INDICT-
MENT CLEARLY STATED THAT GARDNER
"USED FORCE AGAINST THE PERSON OF
TRAVIS BENEFIELD." FINALLY, THE
INDICTMENT STATED ON IT'S FACE
THAT TRAVIS BENEFIELD WAS A PERSON."

ISSUE# II

HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
"CONVERSELY, THE FIRST DEGREE
ROBBERY OF RAY DAVIS REQUIRED THE
INTENTIONAL TAKING OF PROPERTY BY
FORCE FROM RAY DAVIS," AND THERE
EXIST NO FACTUAL BASIS FOR THE
GUILTY PLEAD OR COLOQUY.

ISSUE# III

HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
APPELLANT "SPECIFICALLY, HE CON-
TENDS THAT BECAUSE HIS TRIAL COUN-
SEL DID NOT INFORM HIM OF THE LESSER-
INCLUDED OFFENSE OF FELONY MURDER AND
MURDER, AND HAD HE KNOWN THAT THERE
WAS A POSSIBILITY THAT THE JURY COULD
HAVE CONVICTED HIM OF ONE OF THESE
LESSER OFFENSES, HE WOULD HAVE GONE
TO TRIAL RATHER THAN PLEADING GUILTY.
HE FURTHER CLAIMS THAT HIS ATTORNEY
WAS INEFFECTIVE BASED ON HIS FAILURE
TO ADVISE HIM OF THIS FACT.

15    4.

## STATEMENT OF THE FACTS

The appellant request that this court views his 39(K)
Motion attached with this pleading as "corrected or additional"
statement of facts and correct any deficiencies in it's opinion.

16

## STATEMENT OF THE FACTS

The appellant request that this court views his 39(K)
Motion attached with this pleading as "corrected or additional"
statement of facts and correct any deficiencies in it's opinion.

SUMMARY OF ARGUMENT

ISSUE# I

HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND THE FACTS WHEN IT STATED THE
"INDICTMENT NAMED TRAVIS BENEFIELD
AS THE VICTIM OF AN INTENTIONAL
KILLING. ALSO, ALSO THE INDICTMENT
CLEARLY STATED THAT GARDNER "USED
FORCE AGAINST THE PERSON OF TRAVIS
BENEFIELD." FINALLY, THE INDICTMENT
STATED ON IT'S FACE THAT TRAVIS
BENEFIELD WAS A PERSON."

The Court of Criminal Appeals has failed to address the
would be issue of first impression before the Alabama Supreme
Court according to Ala.R.App.Pro., Rule 39(a)(C), where both
parties agree that such issue has not been established with
no law of precedential value in which sets out the law in
regards to what are the elements of murder as defined in 13A-
6-2(a)(1) that constitutes the offense of murder in Alabama.
Furthermore the Court of Criminal Appeals does not address
the question presented by the appellant and infer that the
robbery element in the capital murder charge as to "person"
compensates for the state failure to aver in the language
of the statute i.e. 13A-6-2(a)(1) "another person" and con-
trary to the facts of this case concludes that the capital
murder indictment substantially tracks the language of the
statute.

ISSUE# II

HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
"CONVERSELY, THE FIRST DEGREE
ROBBERY OF RAY DAVIS REQUIRED THE
INTENTIONAL TAKING OF PROPERTY BY
FORCE FROM RAY DAVIS," AND THERE

18    7.

<u>ARGUMENT</u>

ISSUE# I.     <u>HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
"INDICTMENT NAMED TRAVIS BENEFIELD
AS THE VICTIM OF AN INTENTIONAL
KILLING. ALSO, THE INDICTMENT
CLEARLY STATED THAT GARDNER "USED
FORCE AGAINST THE PERSON OF TRAVIS
BENEFIELD." FINALLY, THE INDICTMENT
STATED ON IT'S FACE THAT TRAVIS
BENEFIELD WAS A PERSON."</u>

Your appellant was charged by the Montgomery County legal
authorities with the violation of 13A-5-40(a)(2), Ala. Code 1975
and plead guilty to said offense. There are two components to sec-
tion 13A-5-40(a)(2) Murder and the underlining felony of robbery.
In Ex Parte Jackson, 674 So.2d 1365, at 1369 (Ala. 1994) it is
expressedly clearly the capital murder offense contain two com-
ponents Murder/Robbery as defined by 13A-6-2(A)(1) AND 13A-8-41,
Ala. Code 1975.

The Court of Criminal Appeals has failed to address the
would be issue of first impression before the Alabama Supreme
Courtaccording to Ala.R.App.Pro., Rule 39(a)(C), where both parties
agree that such issue has not been established with no law of pre-
cedential value in which sets out the law in regards to what are
the elements of murder as defined in 13A-6-2(a)(1) that constitutes
the offense of murder in Alabama. Furthermore the Court of Criminal
Appeals does not address the question presented by the appellant
and infer that the robbery element in the capital murder charge
as to "person" compensates for the state failure to aver in the
language of the statute i.e. 13A-6-2(a)(1) "another person" and
contrary to the facts of this case concludes that the capital

19

murder indictment substantially tracks the language of the statute.

Your appellant's chief contention is that the court has overlooked or misapprehended an important fact and principle of law which pertains to the murder component which must be spelled out in the indictment. Section 13A-5-40(b) makes all references to murder in the capital murder offense defined by 13A-6-2(a)(1):

> "A person commits the crime of murder if with intent to cause the death of another person, he cause the death of that person or of another person;"

Murder is an essential component of all capital murder offenses.

> "The specific form of conduct that the legislature has declared to be capital offense 'are set forth in 13A-5-40 (Supp. 1993). Each of these offense consist of an intentional murder coupled with some other element."

Ex Parte Coleman, 728 So.2d 703 (Ala.Cr.App. 1998).

When the legislature enacted 13A-5-40 and the preceding sections of 13A-5-40 with emphasis 13A-5-40(a)(2) it had already been established and existed in Alabama that the name of the victim must appear in the indictment, Andrews v. State, 344 So.2d 533 (Ala.Cr.App. 1977),

Section 13A-6-2(a)(1) made it a fundamental requisite that the element "another person" by statutory design be encompassed within the indictment; the legislative intent can be inferred by the fact that the legislature knew the law at the time of enacting 13A-5-40(b) which made 13A-6-2(a)(1) applicable to the capital murder offense.

> "Court of Appeals presumes that legislature knows meaning of words it uses in enacting legislature. Steward v. State, 730 So.2d 1203 (Ala.Cr.App. 1996).

The Criminal Court of Appeals was essentially called upon for guidance in it's

judicial capacity to interpret the legislative intent due to there not

being in Alabama any case law of precedential value which sets out the ele-

ments of murder as defined by 13A-6-2(a)(1), Ala. Code 1975.

> "When a court is called upon to construe
> a statute, fundamental rule is that the
> court has a duty to ascertain and effect-
> uate legislative intent expressed in the
> statute, which may be gleamed from the
> language used, the reason and necessity
> for the act, and the purpose sought to
> be obtained."

State v. Goldberg, 819 So.2d 123 (Ala.Cr.App. 2001).

The appellant argues that the cited case of Harrison v. State,

879 So.2d 348, 362 (Ala.Crim.App. 2003):

> "An indictment is sufficient if it substant-
> ially tracks the language of the statute,
> provided the statute sets out the elements
> of the offense."

Such legal standard applied to this case is as a preposition of law un-

grounded in the actual judicial analysis of the claim raise by the appellant

nor does it address the facts of this appeal to this court. Where-as the

court has held:

> "If the indictment is framed under a statute
> which defines the offense created, and prescribes
> its constituents, it must allege in the words of
> the statute, or other words equivalent in meaning,
> all the statutory elements which are essentially descriptiv
> descriptive of the offense."

Barbee v. State, 417 So.2d 611, at 612 (Ala.Cr.App.1982)

The Criminal Court of Appeals has not declared what the law is in reference

to 13A-6-2(a)(1) as to an indictment which omits "another person" from it's

avertments. Nor have the courts spelled out what are the statutory elements

of murder as comports to 13A-6-2(a)(1).

> "To declare what the law is, or has been
> is a judicial power; to declare what the law shall
> be is legislative; Const. Art. 3, 43, City of

10.

21

<u>Daphne v. City of Spanish Fort</u>, 853 So.2d
933 (Ala. 2003).

Such ruling of the Appeals Court in view of the foregoing law stands
as an arbitrary decision where it states such indictment substantially
tracks the language of the statute yet gives no effect to the <u>words</u> or
term "another person" 13A-6-2(a)(1).

> "Words used in a statute must be given their
> natural, plain, ordinary, and commonly under-
> stood meaning, and where plain language is used
> a court is bound to interpret that language to
> mean exactly what it says; if the language is
> not ambiguous, then there is no room for judi-
> cial construction."

<u>Radney v. State</u>, 840 So.2d 190 rehearing denied (Ala.Cr.App. 2002).

The law to which the Appeals court correctly cites is not conclusive
as to it's judicial role in interpreting the legislative intent regarding
the statute at question 13A-6-2(a)(1) as applies to 13A-5-40(a)(2) and
only imbarks upon the initial step as to the sufficiency of an indictment
that alleges that essential material elements of the charge has been excluded
from the indictment; Where-as the court in Allred, went further an applied
the law to the facts setting out the requisite elements of the offense;

> "...Here, the requisite constituents of the
> offense which must have been set out are:
> that the Appellant (1) drew the check, (2)
> with intent to defraud, (3) knowing that
> there was insufficient funds to cover the
> check. <u>Smith v. Southeastern Financial Cor-
> poration</u>, 337 So.2d 330 (Ala. 1976)."

<u>Ex Parte Allred</u>, 393 So.2d 1030 (1980).

<u>Harrison</u>, supra the offspring of <u>Ex Parte Allred</u>, supra. and the cases
of precedence arrived therefrom looks to the statute in question to establish
what such statute says the elements of the offense are for the purpose of
averments in an indictment, even <u>Harrison</u>, supra. sets out the elements of the
charge in illustrating that such indictment sufficiently tracks the language

11.

22

of said statute. Cogman v. State, 870 So.2d 762, at 765 (Ala.Cr.App. 2003) the case recognized "six essential elements" of 13A-8-16 that the indictment must contain. Here the court has been called upon to interpret statute 13A-6-2(a)(1) and has spelled out no essential elements of the statute and has reached the conclusion adverse to the appellant and contrary to law where the court in Ex Parte Jackson, 674 So.2d 1365, at 1367 (Ala. 1994):

> "A capital offense requires an intentional
> killing component, it requires the intent
> to deprive the owner of his property, in
> the theft component of robbery."

Although the case does not goes out to state specifically that each components elements must be set out separately, the practical law evince that robbery stand on it's own in the indictment, and murder stand on it's own in the indictment, our Supreme Court in Ex Parte Coleman, supra, at page ___ a ___ has stated that the capital murder offense involves the intentional murder coupled with some other element. In this instance the court's opinion which allows the robbery element the use of force on the person of the victim to support the absence of the averment that appellant intentionally caused the death of another person is fundamentally wrong and contrary to law.

ISSUE# II.    HAVE THE COURT OVERLOOKED OR MISAPPREHENDED THE POINT OF LAW AND FACTS WHEN IT STATED THE "CONVERSELY, THE FIRST DEGREE ROBBERY OF LAW REQUIRING THE INTENTIONAL TAKING OF PRO- PERTY BY FORCE MAY SERVE AS THE FACTUAL BASIS FOR THE GUILTY PLEAD OR COLLOQUY.

The Court of Criminal Appeals has erred in addressing the the sufficiency of the guilty plead on the attestation of the District Attorney of Montgomery County without any record in compliance with Rule 14.4(a) and Rule 14.4(b) Ala.R.Crim.Pro., and such opinion overlooked completely it's precedence of Versone v. State, 841 So.2d 312, at 314 (Ala.Cr.App. 2002).

23    12.

"Without a transcript of the guilty
plea colloquy, if the trial court
conducted one, we cannot determine
whether the appellant preserved any
of these arguments for our review
and we cannot determine whether the
trial court had jurisdiction to ac-
cept the appellant's guilty plea."

The foregoing language of <u>Verson</u>, makes it a necessity for
the record on appeal to compose of the guilty plead proceeding
for the attempted murder and robbery conviction in order for the
appellate court to determine whether the court had jurisdiction
to accept the guilty plead. MOREOVER, the 13A-5-42 proceedings
does not replace the trial court's duty to establish a factual
basis for the attempted murder conviction and the robbery conviction.

Within the proceeding there exist nothing in the record by
the appellee that sets out the requirement of Alabama Rules of
Criminal Procedures, Rule 14.4. The only reference to the guilty
or convictions is in the 13A-5-42 proceedings where it was adduced
that Willie Lizzlie Gardner removed a weapon from the store. There
exist no evidence that appellant took anything from Ray Davis
separately from the robbery which formed the capital offense as
charged in the capital murder indictment nor is there any specific
colloquy as required by Ala.R.Crim.Pro., Rule 14.4(a).

There exist no record in the form of 'Irland Form' or 'Ex-
plaination of Rights Form' to support a guilty plead of the attempt
murder and robbery 1st degree. The only testimony that could be
read to encompass additional charges is the 13A-5-42 proceedings

24    13.

in which testimony was provided that Willie Lizzlie Gardner <u>shot</u>
Rahmond Davis, nevertheless nothing exist where he "took" anything
from Rahmond or robbed Rahmond Davis aka Ray Davis!

There is nothing in the record before the court that an inde-
pendant robbery occurred separately form the robbery underliing
the capital offense. The facts in the supplemental record establish-
es that appellant relinquished any attempts to access the safe
with Raymond Davis and took a gun which was charged in the capital
indictment. see <u>Ex Parte Sapp</u>, 493 So.2d 550 (Ala. 1986). This
court would have to vacate the *robbery* conviction of Ray Davis
where no robbery of Ray Davis occurred separately from the capital
offense. see <u>Harris v. State</u>, 854 So.2d 145(Ala.Cr.App. 2002) and
<u>Powell v. State</u>, 854 So.2d 1206 (Ala.Cr.App. 2002).

ISSUE# III.     <u>HAVE THE COURT OVERLOOKED OR
MISAPPREHENDED THE POINT OF LAW
AND FACTS WHEN IT STATED THE
APPELLANT "SPECIFICALLY, HE CON-
TENDS THAT BECAUSE HIS TRIAL COUN-
SEL DID NOT INFORM HIM OF THE LESSER
INCLUDED OFFENSE OF FELONY MURDER
AND MURDER, AND HAD HE KNOWN THAT
THERE WAS A POSSIBILITY THAT THE
JURY COULD HAVE CONVICTED HIM OF ONE
OF THESE LESSER OFFENSES, HE WOULD
HAVE GONE TO TRIAL RATHER THAN PLEAD-
ING GUILTY. HE FURTHER CLAIMS THAT
HIS ATTRNEY WAS INEFFECTIVE BASED ON
HIS FAILURE TO ADVISE HIM OF THIS FACT.</u>

Your appellant specifically pleaded in the Rule 32 Peti-
tion at R-26 the following:

<u>"IN THE PARTICULAR CASE THE ATTORNEY FAILED
TO ADVISE THE DEFENDANT THAT THE FACTS OF
THIS CASE COULD SUPPORT THE CRIME OF FELONY
MURDER RATHER THAN THAT OF CAPITAL MURDER."</u>

25    14.

EXIST NO FACTUAL BASIS FOR THE GUIL-
TY PLEAD OR COLOQUY.

Within the proceeding there exist nothing in the
record by the appellee that sets out the requirement of
Alabama Rules of Criminal Procedures, Rule 14.4. The only
reference to the guilty or conviction is in the 13A-5-42
proceedings where it was adduced that Willie L. Gardner
removed a weapon from the store. There exist no evidence
that appellant took anything from Ray Davis separately
from the robbery which formed the capital offense as
charged in the capital murder indictment nor is there any
specific coloquy as required by Ala.R.Crim.Pro., Rule 14.4(a).

ISSUE# III.     HAVE THE COURT OVERLOOKED OR
                MISAPPREHENDED THE POINT OF LAW
                AND FACTS WHEN IT STATED THE
                APPELLANT "SPECIFICALLY, HE CON-
                TENDS THAT BECAUSE HIS TRIAL COUN-
                SEL DID NOT INFORM HIM OF THE LESSER
                INCLUDED OFFENSE OF FELONY MURDER AND
                MURDER, AND HAD HE KNOWN THAT THERE
                WAS A POSSIBILITY THAT THE JURY COULD
                HAVE CONVICTED HIM OF ONE OF THESE
                LESSER OFFENSES, HE WOULD HAVE GONE
                TO TRIAL RATHER THAN PLEADING GUILTY.
                HE FURTHER CLAIMS THAT HIS ATTORNEY
                WAS INEFFECTIVE BASED ON HIS FAILURE
                TO ADVISE HIM OF THIS FACT.

The ineffective assistance of counsel is not as complexed
of a an issue to plead as the Court infers; and your appel-
lant has plead counsel failed to explain the relevant law
to his client prior to the entering of the plead. The counsel
provided a position to the appellant that would only make
him co-orperate with law enforcement oddly to convict other
co-defendants where appellant was not the trigger man and
could have been found guilty of felony murder by a jury. 26

The ineffective assistance of counsel is not as complexed
of an issue to plead as the Court infers; and your appellant
has plead counsel failed to explain the relevant law to his client
prior to the entering of the plead. At this point counsel could
not have been competent when he gave his client wrong information
that he would automatically go to death row if he proceed to trial.

> "...Counsel must be familiar with
> the facts and the law in order to
> advise the defendant of the option
> available."

Scott v. Wainwright, 698 F.2d at 429 (1983)

The appellant had the fundamental right to know the correct
facts under the law:

> "The question of whether a defendant
> intentionally caused the death of another
> person is a question of fact for the jury.
> Carr v. State, 551 So.2d 1169 (Ala.Cr.App.
> 1989)."

Ex Parte Carroll, 627 So.2d 874 (Ala. 1993).

Under the circumstances of making a decision on the premise
that it was absolutely necessary to avoid the death chair in pleading
guilty which was not the case. Another co-defendant was the trigger
man on vedio camera while he was in another part of the store and
facts were adduced at the 13A-5-42 hearing that appellant only en-
tered the store with the intentions to rob not kill.

> "Because the element of intent, being a
> state of mind or mental purpose, is
> usually incapable of direct proof, it
> maybe inferred from the character of
> the assault, the use of a deadly weapon
> and other attendant circumstances."

Cartwright v. State, 645 So.2d 326 (Ala.Cr.App. 1994).

Counsel knew that appellant was not the trigger man of the

27

capital offense, and prejudice the appellant in having the jury decide intent and whether he was in fact an accomplice to the capital offense against Travis Benefield. Furthermore at the trial level he was denied the opportunity to inquire of counsel regarding the basis of his advice or statements. see Ford v. State, 831 So.2d 641 (Ala.Cr.App. 2001). Moreover, you basically have unrefuted allegations of the ineffective assistance of counsel that can only be resolved by examination of counsel under oath. "Unrefuted allegations of counsel ineffectiveness is cause for evidentiary hearing!" Lane v. State, 786 So.2d 1143 (Ala.Cr.App. 2000).

The counsel provided a position to the appellant that would only make him co-operate with law enforcement oddly to convict other co-defendants where appellant was not the trigger man and could have been found guilty of felony murder by a jury.

## CONCLUSION

ISSUE# I.        The appellant has called upon the judiciary
to protect his fundamental rights under Ala.Const. Art.
3. sec. 43 as to the judicial primary function to say what
the law is upholding the U.S. Const. and the Ala. Const. 1901.
The courts application of law to a set of facts that has
no relation to the particular question before the court.

ISSUE# II.        There would be a travesty of justice if
this court allows to stand guilty pleads that lacts any
factual basis or coloquy of the guilty plead proceeding
and to dispose of claims on the Motion of the District
Attorney as to what the appellant pleaded guilty, lacks
indicia of reliability of the process.

ISSUE# III.        The court has erred on a fundamental
question of federal law as to the effective assistance of
counsel guaranteed by the sixth Amendment to the United
States Constitution, where it was counsel duty to explain
the law to appellant in order that he knows his options
prior to enterring the plead of guilt; and the law cited
by the appellee and adopted by the court revolves only
around the court ascertainment of if the plead is voluntarily
entered.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal documents have been served on the appellee this 1st day June 2005 by placing the same in the United States mail postage prepaid and addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
Jean Paul Chappell
11 South Union Street
Montgomery, Ala. 36130

Respectfully submitted,

WILLIE LIZZLIE GARDNER
A.I.S.# 231934
100 Warrior Lane
Bessemer, Ala. 35023

30