IN THE ALABAMA SUPREME COURT

WILLIE LIZZLIE GARDNER

    Appellant/Petitioner,

v.

STATE OF ALABAMA,

    Appellee/Respondent.

Circuit Court of Montgomery County

SC No. _____

Petition for Writ of Certiorari

TO THE SUPREME COURT OF ALABAMA:

Comes your petitioner Willie Lizzlie Gardner, and petitions this court for a Writ of Certiorari to issue to the Court of Criminal Appeals in the above style cause under Rule 39, ARAP, and shows the following:

1. The petitioner was convicted of the charge of capital murder to which after proceedings consistent with 13A-5-42, Ala. Code 1975 the court accepted his guilty plead and sentenced him October 28, 2003 to a term of Life Without Parole for the capital murder conviction and to serve a life sentence for attempted murder and life sentence for robbery. "The Court; As to the attempted murder and robbery, what is the range there? Mr. Kidd: Judge, on a class A felony, 10. With a gun, it would be 20 to life. The Court: Okay, On each of those counts, you are hereby sentenced to life in prison on those counts." see Supplemental Record page 164.

1.

EXHIBIT H

Petitioner suffered a judgment on the Rule 32 Petition which is the wuestion of this petition in the Circuit Court of Montgomery County Nov. 15, 2004. The Court of Criminal Appeals affirmed the judgment on May 20, 2005.

2. A copy of the opinion of the appellate court is attached to the petition which shows the Criminal Appeals case to be No. CR-04-0476.

3. Petitioner alleges as grounds for the issuance of the writ the following:

The basis of this petition for the writ is that a material question requiring decision was one of first impression in the appellate courts of Alabama and was incorrectly decided. The issue is whether the appellate court erred in holding that, "As set out above, the indictment named Travis Benefield as the victim of an intentional killing. Also, the indictment clearly stated that Garderner "used force against the person of Travis Benefield." Finally, the indictment stated on its face that Travis Benefield was a person. <u>An indictment is sufficient if it substantially tracks the language of the statute, provided the statute set out the elements of the offense.</u>" MEMORANDUM CR-04-0476 May 20, 2005.

(2) The basis of this petition for the writ is that the decision of the appellate court is in conflict with its prior decision(s) on the same point of Law. In its present decision the appellate court held:

> "The "same evidence [or element] test of Blockburger[v. United States, 284 U.S. 299 (1932)] is stated as follows: 'Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proff of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.CT. at 182.' State v. Patton, 669 So.2d 1002, 1004 (Ala.Crim.App. 1993)."

In the case of Powell v. State, 854 So.2d 1206 (Ala.Crim.App. 2002), the appellate court held:

> "("When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense ... [o]ne offense is included in the other.")."

These statements of law are in conflict and the issue is which holding should be followed on this point of law. ADDITIONALLY, the Alabama Court of Criminal Appeals reached this conclusion in conflict with prior precedence being followed as to coloquy on the charge of attempted murder and the subsequernt robbery charge.

> "Without a transcript of the guilty pleadcolloquy, if the trial court conducted on, we cannot determine whether the appellant preserved any of these arguments for our review,

> <u>and we cannot determine whether the trial court had jurisdiction to accept the appellant's guilty plea." at 314.</u>"

<u>Verzone v. State</u>, 841 So.2d 312 (Ala.Cr.App. 2002).

(3) The basis of this petition for the writ is that the decision of the appellate court is in conflict with its prior decision on the same point of law. In its present decision the appellate court held:

> "A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concenring the nature and effect of t those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. <u>Ex Parte Boatwright</u>, supra <u>Ex Parte Clisby</u>, 501 So.2d 483 (Ala.1986)."

<u>Moore v. State</u>, 502 So.2d 819, 820 (Ala. 1986). In the case In the case of <u>Pugh v. State</u>, 729 So.2d 359 (Ala.Crim.App. 1998) the appellate court held:

> "To prevail on a claim of ineffective assistance of counsel, in connection with guilty plea, petitioner must show that but for counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial."

These statement of law are in conflict and the issue is which holding should be followed on this point of law.

Petitioner respectfully request that after a preliminary examination, the writ of certiorari be granted and that this court proceed under its rules to review the matters complained of, and to reverse the judgment of the

Court of Criminal Appeals, and for such other relief as the petitioner may be entitled.

I certify that I have this day served copies of this petition and the brief on allother parties to the appeal in the court of appeals and the Court of Criminal Appeals.

Date: 6/24/05

Respectfully submitted,

*[signature]*

WILLIE LIZZLIE GARDNER
AIS# 231984
100 Warrior Lane
Bessemer, Ala. 35023

## STATEMENT OF FACTS

1. Your Appellant was charged by the Montgomery County authorities with violation of Alabma Penal Statutes §13A-5-40(a)(2) Al. Code 1975.

2. Your Appellant raised the following issue in the Montgomery County Circuit Court at Issue# I:

> "IS THE CHARGING INSTRUMENT "THE INDICTMENT" FATALLY DEFECTIVE FOR FAILURE TO ALLEGE THAT PETITIONER INTENTIONALLY CAUSED THE DEATH OF ANOTHER PERSON."

3. At page 2 of the memorandum opinion incorrectly states what the appellant alleges as his claim, when it stated: "was invalid be because, he alleged, it did not specify that he was charged with the killing of "another human being."

Your appellant alleged that §13A-5-40(b) makes murder as defined by §13A-6-2(a)(1) applicable to §13A-5-40(a)(2) and that the elements of the charge as framed in the words of the statute must be averred in the indictment. The appellant alleges that he must have been charge with the intentional killing of "another person" as element of murder:

> "[a] person commits the crime of murder if: (1) With intent to cause the death of another person, he causes the death of that person or of another person...."

§13A-6-2(a)(1) Ala. code 1975.

Your appellant argued before the court that each of the components murder as defined by §13A-6-2(a)(1) and robbery §13A-8-41, and their elements must stand in the indictment

independant from each other. The court cites no precedence or authority where the robbery elements in a capital murder indictment pursuant to §13A-5-40(a)(2) compensate for the failure of the state to allege the requisite elements of murder.

4. At page 4 of the memorandum opinion incorrectly state what the appellant alleges as his claim, when it stated: "Gardner claims that he was subjected to double jeopardy because the capital murder of Travis Benefield and the robbery of Ray Davis arose out of the same incident."

There exist nothing in the record beyond the District Attorney's Motion To Dismiss [R-33,34] that appellant plead guilty to robbery of Ray Davis! The state implies that the guilty plead was for an offense of robbery against Ray Davis, no where in the Supplemental Record or otherwise does the state show "...the intentional taking of property by force from Ray Davis," as stated in memorandum order at page 5, as a separate requisite not required to prove in regards to Travis Benefield.

5. At Page 5 of the memorandum opinion incorrectly state what the appellant alleges as his claim, when it stated: "Thus, Gardner's claim that his plea was involuntary because he did not know of the lesser included offense of capital murder...."

At R-26 the appellant plead as follows: "In the particular case the attorney failed to advise the defendant that the facts of this case could support the crime of felony murder rather than that of Capital Murder. "...Counsel presented to the petitioner

2.

the ABSOLUTE that he would be convicted and sentenced to death if not accept the plea of guilty;" There is no testimony that the alleged victim Ray Davis was forced to open a safe, there is evidence that appellant only intended to rob the store from state witnesses whom overheard the conversation.

Therefore, with premises considered your appellant herein moves that this court accepts this as establishing, correcting, and or modification of the statement of facts regarding this appeal.

Respectfully submitted,

*[signature]*
WILLIE LIZZLIE GARDNER

I hereby certify and verify that this is a typed copy of the 39(K) Motion submitted to the Alabama Court of Criminal Appeals in the Application For Rehearing.

*[signature]*
WILLIE LIZZLIE GARDNER

3.