IN THE SUPREME
COURT OF ALABAMA

NO._____

---

WILLIE LIZZLIE GARDNER,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

---

On Appeal from the Circuit Court of
Montgomery County (CC-02-732.60),
seeking Writ of Certiorari to the
Alabama Court of Criminal Appeals in
CR-04-0476

---

BRIEF IN SUPPORT OF
PETITION FOR WRIT OF CERTIORARI


ADDRESS OF COUNSEL: PRO SE

WILLIE LIZZLIE GARDNER
AIS# 231984
100 Warrior Lane
Bessemer, Ala. 35023

EXHIBIT

J

PENGAD 800-631-6989

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CONTENTS........................... | 1. |
| TABLE OF AUTHORITIES........................ | 2,3. |
| STATEMENT OF THE CASE....................... | 4. |
| STATEMENT OF THE ISSUES..................... | 5. |
| STATEMENT OF THE FACTS...................... | 6. |
| STATEMENT OF THE STANDARD OF REVIEW......... | 9. |
| SUMMARY OF THE ARGUMENT..................... | 10. |
| ARGUMENT.................................... | 13. |
| CONCLUSION.................................. | 27. |
| CERTIFICATE OF SERVICE...................... | 28. |

## TABLE OF AUTHORITIES

PAGE

Ex Parte Allred, 393 So.2d 1030 (Ala. 1980)........    14.

Andrews v. State, 344 So.2d 533 (Ala.Cr.App. 1977).    18.

Bean Dredgging, L.L.C. v. Alabama Dpet. of Revenue,
855 So.2 513 (Ala. 2003)............................    8.

Blockburger v. U.S., 284 U.S. 299 (1932)...........    5,10,19

Ex Parte Carroll, 627 So.2d 874 (Ala. 1993)........    24.

Ex Parte Clisby, 501 So.2d 483 (Ala. 1986)........    5,11,23

ogman v. States, 870 So.2d 762 (Ala.Cr.App. 2003).    14.

Ex Parte Coleman, 728 So.2d 703 (Ala. 1998).......    16,18.

aphne v. City of Spanish Fort, 853 So.2d 933
(Ala. 2003)........................................    13.

Dobyne v. State, 672 So.2d 1319 (Ala.Cr.App. 1994).    18.

Duncan v. State, 722 So.2d 795 (Ala.CR.App 1998)...    25.

Harrison v. State, 879 So.2d 1030 (Ala. 1980)......    14.

Ingram v. State, 779 So.2d 1225 (Ala.Cr.App. 1999).    18.

Ex Parte Jackson, 674 So.2d 1365 (Ala. 1994).......    16,18.

Johnson v. State, 584 So.2d 881 (Ala.Cr.App. 1991).    18.

Ex Parte Jordon, 486 So.2d 485 (Ala. 1986)........    18.

Lane v. State, 786 So.2d 1143 (Ala.Cr.App. 2000)...    25.

McClain v. State, 659 So.2d 161 (Ala.Cr.App. 1994).    19.

Ex Parte McKelvey, 630 So.2d 57 (Ala. 1993)........    22.

Moore v. State, 502 So.2d 819 (Ala. 1986)..........    23.

Pugh v. State, 729 So,2d 359 (Ala.Cr.App. 1998)....    25.

Poole v. State, 846 So.2d 894 (Ala.Cr.App. 2001)...    13.

Powell v. State, 854 So.2d 1206 (Ala.Cr.App. 2002).    20.

Scott v. Wainwright, 698 F.2d 429 (1983)...........    24.

                                                    PAGE

State v. Goldbery, 819 So.2d 173 (Ala.Cr.App. 2001).    15.

State v. Hachey, 278 A.2d 397 (Me. 1971)...........    15.

State v. Patton, 669 So.2d 1002, 1004 (Ala.Cr.App.
1993)...............................................    10,19.

Steward v. State, 730 So.2d 1203 (Ala.Cr.App. 1996).    15.

U.S. v. Scott, 625 F.2d 623 (Ala. 1980)............    25.

Verzone v. State, 841 So.2d 312 (Ala.Cr.App. 2000)..    23.

Ex Parte Weaver, 871 So.2d 820 (Ala. 2003).........    12.

                    OTHER AUTHORITIES

Rule 39(K) ALABAMA RULES OF APPELLATE PROCEDURES....    6.

Rule 39(a)(C) ALABAMA RULES OF APPELLATE PROCEDURES.    9.

Rule 14.4(a) ALABAMA RULES OF CRIMINAL PROCEDURES...    10,20.

Rule 14.4(b) ALABAMA RULES OF CRIMINAL PROCEDURES...    10,20.

Section 13A-5-42, Ala. Code 1975...................    4,21.

Section 13A-5-40, Ala. Code 1975...................    16.

Section 13A-5-40(b), ala. Code 1975................    6,16.

Section 13A-5-40(a)(2), Ala. code 1975.............    7,11,21

Section 13A-3-20(1) and (2), Ala. Code 1975........    21.

Section 13A-6-2(a)(1), Ala. Code 1975..............    6,12,14
                                                       15,16,17,
                                                       18,19,21.

Section 13A-6-2(a)(3), Ala. Code 1975..............    11,23.

Section 13A-5-30 through 13A-5-38,Ala. Code 1975....    16.

Section 13A-8-41, Ala. Code 1975...................    17,21,23.

Section 13A-8-43, Ala.Code 1975....................    17, 23.

## STATEMENT OF THE CASE

Mr. Willie Lizzlie Gardner was sentenced to life without parole after proceedings consistent with §13A-5-42, Ala. Code 1975 and the court accepting the plea of guilty. The petitioner was also sentenced on two other charges and received a life sentence for each, (1) first degree robbery, and (2) attempted murder on or about Oct. 23, 2003 in the Montgomery County Circuit Court.

The petitioner filed Rule 32 Petition before the Montgomery Circuit Court Aug. 22, 2004 and the respondents filed their Motion To Dismiss on 7 Oct. 2004, petioner filed Request for Discovery 27 Oct. 2004. The Circuit Court issued order on 15th Nov. 2004 that Rule 32 Petition be dismissed on 14th Dec. 2004 your petitioner filed Notice of Appeal with the Montgomery County Circuit court to appeal such denial to the Alabama Court of Criminal Appeals. The Montgomery County Circuit Court certified the completion of the record on 4th Jan. 2005 and on 10th Jan. your petitioner filed Motion To Supplement the Record. The Alabama Court of Criminal Appeals order the lower court on 11 Feb. 2005 to Supplement the Record on Appeal.

Petitioner filed his brief to the Criminal Court of Appeals 15th March 2005, the respondent filed their brief April 12, 2005 and the petitioner/appellant filed his reply brief 27 April 2005. The Criminal Court of Appeals entered MEMORANDUM, May 20, 2005 affirming the lower courts dismissal of the Rule 32 Petitiuon. On the First day of June your petitioner filed in the Court of Criminal Appeals his Application For Rehearing. Application For Rehearing Overruled June 10, 2005; and this request for cert. follows.

4.

## STATEMENT OF THE ISSUES

ISSUE# I.       DID THE CRIMINAL COURT OF APPEALS ERR IN REGARDS TO A MATERIAL QUESTION REQUIRING DECISION OF FIRST IMPRESSION AND WAS INCORRECTLY DECIDED. THE ISSUE IS WHETHER THE APPELLATE COURT ERRRED IN HOLDING THAT, "AS SET OUT ABOVE, THE INDICTMENT NAMED TRAVIS BENEFIELD AS THE VICTIM OF THE INTENTIONAL KILLING. ALSO, THE INDICTMENT CLEARLY STATED THAT GARDNER "USED FORCE AGAINST THE PERSON OF TRAVIS BENEFIELD." FINALLY, THE INDICT-MENT STATED ON ITS FACE THAT TRAVIS BENE-FIELD WAS A PERSON. AN INDICTMENT IS SUF-FICIENT IF IT SUBSTANTIALLY TRACKS THE LANGUAGE OF THE STATUTE, PROVIDED THE STATUTE SETS OUT THE ELEMENTS OF THE OF-FENSE."

ISSUE# II.      DID THE CRIMINAL COURT OF APPEALS ERR IN REGARDS TO THE APPLICATION OF LAW TO THE SET OF FACTS IN HOLDING THAT, "THE SAME EVIDENCE [OR ELEMENT] TEST OF BLOCKBURGER V. UNITED STATES, 284 U.S. 299 (1932)] IS STATED AS FOLLOWS: 'WHERE THE SAME ACT OR TRANSACTION CON-STITUTES A VIOLATION OF TWO DISTINCT STATUTORY PROVISIONS, THE TEST TO BE APPLIED TO DETERMINE WHETHER THERE ARE TWO OFFENSES OR ONLY ONE IS WHETHER EACH PROVISION REQUIRES PROFF OF AN ADDITIONAL FACT WHICH THE OTHER DOES NOT." BLOCKBURGER, 284 U.S. at 304, 52 S.Ct. at 182.' STATE V. PATTON, 669 So.2d 1002, 1004 (Ala.Crim.App. 1993)."

ISSUE# III.      DID THE CRIMINAL COURT OF APPEALS ERR IN REGARDS TO THE APPLICATION OF LAW TO THE SET OF FACTS IN HOLDING THAT, "A PETITION IS 'MERITORIOUS ON ITS FACE ONLY IF IT CONTAINS A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RELIEF IS SOUGHT, INCLUDING FULL DISCLOSURE OF THE FACTS RELIED UPON (AS OPPOSED TO A GENERAL STATEMENT CONCERNING THE NATURE AND EFFECT OF THOSE FACTS) SUFFICIENT TO SHOW THAT THE PETITIONER IS ENTITLED TO RELIEF IF THOSE FACTS ARE TRUE. Ex PARTE BOATWRIGHT, SUPRA, EX PARTE CLISBY, 501 So.2d 483 (Ala. 1986). HOOKS V. STATE, 502 So.2d 819, 820 (Ala. 1986)."

## STATEMENT OF THE FACTS

The petitioner adopts as his statement of facts submitted to the Criminal Court of Appeals in his "39(K) MOTION" June 1, 2005.

"1.   Your appellant was charged by the Montgomery County auhtorities with violation of Alabama Penal Statute §13A-5-40(a)(2) Ala. Code 1975.

2.   Your appellant raised the following issue in the Montgomery County Circuit Court at Issue# I:

> "IS THE CHARGING INSTRUMENT "THE INDICTMENT" FATALLY DE-FECTIVE FOR FAILURE TO ALLEGE THAT PETITIONER INTENTIONALLY CAUSED THE DEATH OF ANOTHER PERSON."

3.   At page 2 of the memorandum opinion incorrectly state what the appellant alleges as his claim, when it stated: "was invalid because, he alleged, it did not specify that he was chargd with the killing of "another human being."

Your appellant alleged that §13A-5-40(a) makes murder as defined by §13A-6-2(a)(1) applicable to §13A-5-40(a)(2) and that the elements of the charge as framed in words of the statute must be averred in the indictment. The appellant alleges that he must have been charged with the intentional killing of "another Person" as element of murder:

> ""[a] person commits the crime of murder if: (1) With intent to cause the death of another person, he causes the death of that person or of another person..."

§13A-6-2(a)(1) Ala. Code 1975.

Your appellant argued before the court that each of the components murder as defined by §13A-6-2(a)(1) and robbery §13A-8-41, and their elements must stand in the indictment independant

from each other. The court cites no precedence or authority where
the robbery elements in a capital murder indictment pursuant to
§13A-5-40(a)(2) compensate for the failure of the state to allege
the requisite elements of murder.

4. At page 4 of the memorandum opinion incorrectly state
what the appellant alleges as his claim, when it stated: "Gardner
claims that he was subject to double jeopardy because the capital
murder of Travis Benefield and the robbery of Ray Davis arose out
of the same incident."

There exist nothing in the record beyond the District Attorney's
Motion To Dismiss [R-33,34] that the appellant plead guilty to
robbery of Ray Davis! The state implies that the guilty plead was
for an offense of robbery against Ray Davis, no where in the Supple-
mental Record or otherwise does the state show "...the intentional
taking of property by force from Ray Davis," as stated in memorandum
order at Page 5. as a separate requisite not required to prove in
regards to Travis Benefield.

5. At page 5 of the memorandum opinion incorrectly state
what the appellant alleges as his claim, when it stated: "Thus,
Gardner's claim that his plea was involuntary because he did not
know of the lesser-included offense of capital murder..."

At R-26 appellant plead as follows: "In the particular
case the attorney failed to advise the defendant that the facts
of this case could support the crime of felony murder rather than
that of Capital Murder. "....Counsel presented to the petitioner
the ABSOLUTE that he would be convicted and sentenced to death if
not accept the plea of guilty;" There is no testimony that the

alleged victim Ray Davis was forced to open a safe, there is evidence that appellant only intended to rob the store from state witnesses whom overheard the conversation."

I hereby certify that the foregoing Statement of Facts are the same that was presented to the Alabama Court of Criminal Appeals in Appellant's Application for Rehearing, Rule 39(K) Motion.

DATE: 6/22/05

DECLARANT:

WILLIE LIZZLIE GARDNER

NOTARY PUBLIC:

COMMISSION EXPIRES 10/12/2009

R

## STATEMENT OF THE STANDARD OF REVIEW

"When the Supreme Court must determine
if the trial court misapplied the law
to the undisputed facts, the standard
of review is de novo, and no presump-
tion of correctness is given the deci-
sion of the trial court."

Bean Dredging, L.L.C. v. Alabama Dept. of Revenue, 855
So.2d 513 (Ala. 2003).

## SUMMARY OF THE ARGUMENT

ISSUE# I.    DID THE CRIMINAL COURT OF APPEALS ERR
IN REGARDS TO A MATERIAL QUESTION
REQUIRING DECISION OF FIRST IMPRESSION
AND WAS INCORRECTLY DECIDED. THE ISSUE
IS WHETHER THE APPELLATE COURT ERRED
IN HOLDING THAT, "AS SET OUT ABOVE, THE
INDICTMENT NAMED TRAVIS BENEFIELD AS THE
VICTIM OF THE INTENTIONAL KILLING. ALSO,
THE INDICTMENT CLEARLY STATED THAT GARDNER
"USED FORCE AGAINST THE PERSON OF TRAVIS
BENEFIELD." FINALLY, THE INDICTMENT STATED
ON ITS FACE THAT TRAVIS BENEFIELD WAS A
PERSON. AN INDICTMENT IS SUFFICIENT IF IT
SUBSTANTIALLY TRACKS THE STATUTE, PROVIDED
THE STATUTE SETS OUT THE ELEMENTS OF THE
OFFENSE."

The Court of Criminal Appeals has failed to address the

would be issue of first impression before the Alabama Supreme

Court according to Ala.R.App.Pro., Rule 39(a)(C), where both

parties agree that such issue has not been established with

law of precedential value in which sets out the law in regards

to what are the elements of murder as defined in §13A-6-2(a)(1)

that constitutes the offense of murder in Alabama. Yet the appellee

implies that we should adopt precedence from other jurisdictions

and not examine what the law is in Alabama regarding §13A-6-2(a)(1).

Furthermore the Court of Criminal Appeals does not address the

question presented by the appellant/petitioner and concludes that

the robbery element in the capital murder charge as spelled out

in the indictment as to "person" compensates for the state's fail

ure to aver in the language of the statute i.e. §13A-6-2(a)(1)

"another person" and contrary to the facts of this case concludes

that the capital murder indictment substantially tracks the language

of the statute.

ISSUE# II.    DID THE CRIMINAL COURT OF APPEALS ERR
IN REGARDS TO THE APPLICATION OF LAW
TO THE SET OF FACTS IN HOLDING THAT
"THE SANE EVIDENCE [OR ELEMENT] TEST
OF BLOCKBURGER V. UNITED STATES, 284
U.S. 299 (1932) ] IS STATED AS FOLLOWS:
'WHERE THE SAME ACT OR TRANSACTION CON-
STITUTES A VIOLATION OF TWO DISTINCT
STATUTORY PROVISIONS, THE TEST TO BE
APPLIED TO DETERMINE WHETHER THERE ARE
TWO OFFENSE OR ONLY ONE IS WHETHER
EACH PROVISION REQUIRES PROFF OF AN
ADDITIONAL FACE WHICH THE OTHER DOES
NOT." BLOCKBURGER, 284 U.S. at 304,
52 S.Ct. at 182. STATE V. CANADY, 669
So.2d 1002, 1004 (Ala.Crim.App. 1993)."

The petitioner raised claims before the trial court that
the test of Blockburger v. United States, 284 U.S. 299 (1932)
which prohibites conviction that are the result of double jeo-
pardy, in regards to his conviction for attempted murder and
robbery, to-wit there exist only one robbery which was the under-
lining component of the capital charge. The petitioner furthers
argues before the lower courts that even-though the convictions
may have existed there could be only one sentence for the alleged
robbery of Ray Davis and alleged attempted murder of Ray Davis!
Moreover, your petitioner argues that without the trial court's
complying with Rule 14.4(A) and 14.4(D) A.R.CRIM.PRO., both
convictions cannot stand nor can the appellate court determine
if the trial court's actions suffers from a want of jurisdiction
to accept the guilty pleads. Nevertheless the petitioner contends
that only the plead for attempted murder could be valid under
these set of facts which would involve one sentence not withstand
ing the erroneous robbery conviction.

ISSUE# III.    DID THE CRIMINAL COURT OF APPEALS ERR
IN REGARDS TO THE APPLICATION OF LAW
TO THE SET OF FACTS IN HOLDING THAT,
"A PETITION IS 'MERITORIOUS ON ITS FACE
ONLY IF IT CONTAINS A CLEAR AND SPECIFIC
STATEMENT OF THE GROUNDS UPON WHICH RELIEF
IS SOUGHT, INCLUDING FULL DISCLOSURE OF
THE FACTS RELIED UPON (AS OPPOSED TO A
GENERAL STATEMENT CONCERNING THE NATURE
AND EFFECT OF THOSE FACTS) SUFFICIENT TO
SHOW THAT THE PETITIONER IS ENTITLED TO
RELIEF IF THOSE FACTS ARE TRUE. EX PARTE
BOATWRIGHT, SUPRA EX PARTE CLISBY, 501
So.2d 483 (Ala. 1986)." MOORE V. STATE,
502 So.2d 819, 820 (Ala. 1986)."

The petitioner has alleged that counsel failed to explain
his options at law in regards to the plead of guilty, in misrepre
senting the law that he would ABSOLUTELY be convicted of capital
murder and executed if proceed to trial. It was counsel's func-
tion to inform his client of the options if proceed to trial
and not make a jury determination to coerced the plead offer
of the state! Your petitioner contends that if counsel had ex-
plained that felony murder consisted of a unintended murder
during the course of a robbery he would have proceeded to trial!
This claim should have received an evidentiary hearing on unre-
futed allegations of counsel's failure to inform his client
of the relevant law as to the charge of capital murder §13A-
5-40(a)(2), where the applicable law would evince a charge if
proceed to trial of a lesser included offense of §13A-6-2(a)(3)!
Especially where petitioner was not the trigger man and had
no intent to commit murder.

## ARGUMENT

ISSUE# I.    DID THE CRIMINAL COURT OF APPEALS ERR
IN REGARDS TO A MATERIAL QUESTION
REQUIRING DECISION OF FIRST IMPRESSION
AND WAS INCORRECTLY DECIDED. THE ISSUE
IS WHETHER THE APPELLATE COURT ERRED
IN HOLDING THAT, "AS SET OUT ABOVE, THE
INDICTMENT NAMED TRAVIS BENEFIELD AS
THE VICTIM OF THE INTENTIONAL KILLING
ALSO, THE INDICTMENT CLEARLY STATED THAT
GARDNER "USED FORCE AGAINST THE PERSON
OF TRAVIS BENEFIELD." FINALLY, THE INDICT-
MENT STATED ON ITS FACE THAT TRAVIS BENE-
FIELD WAS A PERSON. AN INDICTMENT IS SUF-
FICIENT IF IF SUBSTANTIALLY TRACKS THE
LANGUAGE OF THE STATUTE, PROVIDED THE
STATUTE SETS OUT THE ELEMENTS OF THE
OFFENSE."

The appellee through the Attorney General's Office
for the first time in these proceedings  in rebuff of the issue
urged the Alabama Court of Criminal Appeals to adopt as prece-
dence the persausive authority of other jurisdictions in the
interpreting statutory law of Alabama Legislature  in inter-
preting the legislative intent. see Appellee Brief page 18.

The state does not show how such persausive authority was
applied to the set of facts in its own province that similar
results should issue as an operation of sound judicial determina-
tion of legislative intent as to the murder statute in Alabama,
§13A-6-2(a)(1), Ala. code 1975.

The judiciary would be constrained by constitutional man-
dates not to cause usurpation of legislative authority in giving
no effect to "words" the legislature in Alabama choose to define
the offense of murder! Ex Parte Weaver, 871 So.2d 820 (Ala.
2003):

> "Words in a statute must be given
> their natural ordinary commonly
> understood meaning "where plain
> language is used in a statute, the
> court is bound to interpret that
> language to mean exactly what it say."

id. at 821.

The court in its fundamental role must address Alabama
Laws as enacted by the legislature of this state and not ignore
such in assigning the legislative intent to statutes which would
strip the legislature branch of its power converred by the 10th
amendment of the United States Constitution upon the states
through their legislative branch to enact laws.

The Court of Criminal Appeals for the State of Alabama
made an arbitrary ruling in face of prior precedence from this
court in the interpretation of statutes and applying the law
to the set of facts; which in essenses is an usurpation of the
legislative authority in declaring what the law shall be 'to
make laws!'

> "To declare what the law is, or has been
> is a judicial power; to declare what the
> law shall be is legislative."

Daphne v. City of Spanish Fort, 855 So.2d 935 (Ala. 2003).

The alabama court of Criminal Appeals in a decision of
no precedential effect applies laws to the petitioner's claims
for relief that supports an indictment that tracks the language
of the statute; yet there are no facts that such indictment
tracks the essencial elements in order for it to substantially
comply with the organic law of averments in an indictment. see
Poole v. State, 846 So.2d at 394 (Ala.Cr.App. 2001) (quoting

Spooney v. State, 217 Ala. 219, 222-223, 115 So. 308, 312").

Even the precedence to which this court announced in Ex Parte

Allred, 393 So.2d 1030 (Ala. 1980) as preceeding Harrison v.

State, 879 So.2d 594, 605 (Ala.Cr.App. 2003) as relied on by

the Alabama Court of Criminal Appeals such case identifies the

material elements of the underlying charge and shows how or

what it mean in the indictment substantially tracking the langu-

age of the statute!

The Criminal Court of Appeals has used the same approach

in Harrison, supra herein, and Cogman v. State, 870 So.2d 762,

at 765 (Ala.Cr.App. 2003) where the court identifies the essen-

tial elements of the offense!

In this case the petitioner has alleged that murder compon-

ent and robbery component must be averred in indictment collectively

yet standing on its own elements 'language' of respective statute;

here the Criminal Court of Appeals ruling seeks aid from averments

of robbery in the indictment to make out the murder component,

"                    "Also, the indictment clearly stated
                      that Gardner "used force against the
                      person of Travis Benefield." Finally,
                      the indictment stated on its face
                      that Travis Benefield was a person."

MEMORANDUM OPINION, page 3.

The Court of Criminal Appeals has failed to address the

would be issue of first impression before the Alabama Supreme

Court according to Ala.R.App.Pro., Rule 39(a)(C), where both

parties agree that such issue has not been established with

law of precedential value which sets out the law in regards

to what are the elements of murder as defined in §13A-6-2(a)(1)

that constitutes the offense of murder in Alabama. Yet the Appellee implies that we should adopt precedence from other jurisdiction and not examine what the law is in Alabama regarding §13A-6-2(a)(1). Furthermore the Court of Criminal Appeals does not address the question presented by the appellant/petitioner and concludes that the robbery element in the capital murder charge as spelled out in the indictment as to " person" compensate for the state's failure to aver in the language of the statute i.e. §13A-6-2(a)(1) "another person." and contrary to the _facts_ of this case concludes that the capital murder indictment _substantially tracks the language of the statute._

The _present_ _ruling_ _of_ _the_ _Alabama_ _Court_ _of_ _Criminal_ _Appeals_ _displaces_ _the_ _fact_ _that_ _the_ _Alabama_ _Legislature_ _is_ _cognizant_ _of_ _the_ _meaning_ _of_ _"words"_ _used_ _to_ _enact_ _statutes!_

> "_Court_ _of_ _Appeals_ _presumes_ _that_ _legislature_ _knows_ _meaning_ _of_ _words_ _it_ _uses_ _in_ _enacting_ _legislature._"

_Steward v. State,_ 730 So.2d 1203 (Ala.Cr.App. 1995).

Not with-standing _State v. Hachey,_ 273 A.2d 397, 398-99 (Me. 1971) as argued in brief of appellee at page 18 and how the Maine Courts applied such to the set of facts in the Maine province; the Alabama Courts acting in its own province must:

> "When a court is called upon to construe a statute, fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and the necessity for the act , and the purpose sought to be obtained."

_State v. Goldbery,_ 819 So.2d 123 (Ala.CR.App. 2001).

Title §13A-5-40(a)(2) Ala. Code 1975 is Alabama's murder robbery statute which involves the intentional murder and the intentional robbery. In Ex Parte Jackson, 674 So.2d 1365, at 1369 (Ala. 1994) it evince that there must be an intentional murder/intentional robbery!

Historically, the capital murder statute in question became effective July 1, 1980. §13A-5-40, Ala. Code 1975 the present capital murder statute uses "murder" at least 18 times as a component of capital murder. In repealing the prior statutes §13A-5-30 through §13A-5-38, the legislature enacted our present capital murder statutes and at §13A-5-39 as defined therein at Section (5) what murder and murder by the defendant meant referring to §13A-5-40 "shall be defined as provided in Section 13A-5-40(b)! Section 13A-5-40(b) clearly states that "murder" as used in the capital murder statute "...as used in this section to define capital offenses mean murder as defined in Secton 13A-6-2(a)(1)..."

The Alabama Court of Criminal Appeals has previously distinguished the two components essentially to make out a capital charge:

> "The specific form of conduct that the legislature has declared to be capital offenses 'are set forth in 13A-5-40(Supp. 1993). Each of these offense consist of an intentional murder coupled with some other element."

Ex Parte Coleman, 728 So.2d 703 (Ala.Cr.App. 1993).

Yet in the present case such court chooses to conflate the requisite of averments to the elements of robbery with that of murder in stating:

> "Also, the indictment clearly stated
> that Gardner "used force against the
> person of Travis Benefield."

MEMORANDUM OPINION, page 3.

The murder statute in alabama clearly reads at §13A-6-2(a)(1) as such:

> "A person commits the crime of murder
> if with the intent to cause the death
> of another person, he causes the death
> of that person of of another person;"

The first degree robbery statute clearly reads at §13A-8-41 as such:

> "A person commits the crime of robbery
> in the first degree if he violates
> Section 13A-8-43 and he :
> "is armed with a deadly weapon or dan-
> gerous instrument; or..."

Section (a)(1).

Section 13A-8-43 reads as follows:

> "A person commits the crime of robbery
> in the third degree if in the course of
> committing a theft he:
> (1) use force against the person of the
> owner or any person present with intent
> to overcome his physical resistance or
> physical power of resistance; or
> "Threatens the imminent use of force
> against the person of the owner, or any
> person present with intent to compel
> acquiescence to the taking of or es-
> caping with the property."

No where does the offense of robbery carries the same ele-ments of murder to be automatically encompassed in the indictment vis-versa.

Your appellant/petitioner argues that the Alabama Legislature
intent was that murder be averred in the capital murder indictment
independant of robbery and vis-versa and relies on the inference
from Ex Parte Jackson, 674 So.2d 1365 (Ala. 1994) and Ex Parte
Coleman, 728 So.2d 703 (Ala. 1998) until this court says other.

Prior to the adoption of the new capital murder statute
the Alabama Court of Criminal Appeals held in Andrew v. State,
344 So.2d 533 (Ala.Cr.App. 1977) as a jurisdictional requsite
the "name" of the alleged victim must be averred in the indict-
ment! Your appellant/petitioner argues that the Legislature
knew of the prior statute of murder in Alabama and when enacting
the new statute §13A-5-40(b) making murder as defined by §13A-
6-2(a)(1) applicable to capital murder, setting out the requisite
elements that are to be averred in the murder component of the
charge of capital murder pursuant to §13A-5-40(a)(2),Andrews,
supra does not set out all the elements of murder in Alabama
according to the language of the said statute; nor does any
precedence of the state, therefore your appellant as premised
on the clear 'language' of the murder statute §13A-6-2(a)(1)
that "another person" is an essential averment of murder and
the the fact that several prosecutors in the State of Alabama
has drafted indictments using the 'language' of the 'statute'
connoting "another person" with the judicially constructed ele-
ment as to the "name" of the victim. see Ingram v. State, 779
So.2d 1225 (Ala.Cr.App. 1999), Ex Parte Jordan, 486 So.2d 485
(Ala. 1986), Johnson v. State, 584 So.2d 881, at 883 (Ala.Cr.
App. 1991), Dobyne v. State, 672 So.2d 1319, at 1325(Ala.Cr.App.

1994), and McClain v. State, 659 So.2d 161, at 162 (Ala.Cr.App.
1994).

All of the above cases came before the appellate courts
with indictments drafted by prosecutors in various counties
of the State of Alabama which states the 'name' of the victim
and identifies them as "another person' setting out the murder
averments of the offense of murder according to §13A-6-2(a)(1)
in the indictment!

Therefore, this court should establish precedence on this
question and grant guidance and relief to the petitioner if
his rendition be correct.

ISSUE# II.        DID THE CRIMINAL COURT OF APPEALS ERR
                  IN REGARDS TO THE APPLICATION OF LAW
                  TO THE SET OF FACTS IN HOLDING THAT,
                  "THE SAME EVIDENCE [OR ELEMENT] TEST
                  OF BLOCKBURGER V. UNITED STATES, 284
                  U.S. 299 (1932) ] IS STATED AS FOLLOWS:
                  'WHERE THE SAME ACT OR TRANSACTION CON-
                  STITUTES A VIOLATION OF TWO DISTINCT
                  STATUTORY PROVISIONS, THE TEST TO BE APPLIE
                  APPLIED TO DETERMINE WHETHER THERE ARE
                  TWO OFFENSE OR ONLY ONE IS WHETHER EACH
                  PROVISION REQUIRES PROOF OF AN ADDI-
                  TIONAL FACT WHICH THE OTHER DOES NOT."
                  BLOCKBURGER, 284 U.S. 95 299, 52 S.Ct.
                  at 182.' STATE V. PATTON, 669 So.2d
                  1002, 1004 (Ala.Cr.App. 1995)."

The petitioner raises claims before the trial court that
the test of BLOCKBURGER V. UNITED STATES, 284 U.S. 299 (1932)
which prohibites conviction that are the result of double jeo-
pardy in regards to his conviction for attempted murder and
robbery, to-wit there exist only one robbery which was the under-
lining component of the capital charge. The petitioner furthers
argues before the lower courts that even-though the convictions

26.

argues before the lower courts that even-though the convictions
may have existed there could be only one sentence for the alleged
robbery of Ray Davis and the alleged attemmpted murder of Ray
Davis! Moreover, your petitioner argues that without the trial
court's complying with Rule 14.4(a) and 14.4(b) A.R.Crim.Pro.,
both convictions cannot stand nor can the appellate court deter-
mine if the trial court's action suffers from a want of jurisdic-
tion to accept the guilty plead. Nevertheless the petitioner
contends that only the plead for attempted murder could be valid
under these set of facts which would involve one sentence not
withstanding the erroneous robbery conviction.

   In view of the facts that are a part of the record there
exist no jurisdiction for the Circuit Court of Montgomery County
to have accepted the subsequent robbery plea, where the acceptance
of the plea to capital murder was predicated on tne same under-
lying incident. The Supplemental Record shows only 1 (one) robbery
in the chain of events. The Robbery of Ray Davis is lacking a
factual basis.

> "When the same conduct of a defendant
> may establish the commission of more
> than one offense, the defendant may
> be prosecuted for each such offense
> He may not, however, be convicted of
> more than one offense if...[o]ne
> offense is included in the other."

Powell v. State, 854 So.2d 1206, at 1208 (Ala.Cr.App. 2002).
   The legislature enacted law pertaining to use of two types
of force in connection with offenses:

> "(1) Force. Physical action or threat
> against another, including confinement."

§13A-3-20(1), Ala. Code 1975.

> "(2) Deadly Physical Force. Force, which
> under the circumstances in which it is use,
> is readily capable of causing death or
> serious physical injury."

§13A-3-20(2), Ala. Code 1975.

Under the applicable law of §13A-5-40(a)(2) you have both in the charge of capital murder as one offense #(1). applicable to the robbery charge/or offense §13-8-41, and #(2). applicable to the murder charge/or offense §13A-6-2(a)(1), which constitutes one offense. The state has choose to argue that it is sufficient to charge petitioner for the consequences of one chain of events where a robbery of Ray Davis is never shown and only evidence that he shot Ray Davis-in Ray Davis resistence to co-operate or comply with instructions from the petitioner.

> "I got back to the office, was trying to
> get my keys off my side to unlock the door.
> obviously, I wasn't moving quick enough for
> his likings, and he discharged the weapon
> into theground close to my feet. And I said
> hold on a minute, you know. I got the keys
> off my side, got the door unlocked. And
> when I got the door unlocked, I slip-
> pedinside. And as I was slipping inside, I
> was shot , got the door closed, couldn't
> get it to lock. The door was snatched open
> again and was shot an additional time and
> finally got the dooor to close, locked the
> door, picked up the phone and called 911."

TESTIMONY OF RAY DAVIS in the §13A-5-42, proceedings, Supplemental Report page 59.

The petitioner an accomplice to the robberof the store was complete when money and weapons were removed therefrom.

> "Q. Also, not only was money taken
> from teh Premium Package Store but

> a weapon was taken from the premium
> package Store? A. Yes, Sir."

SUPPLEMENTAL REPORT AT PAGE 127.

The only feasible charge to which the state could have
offered petitioner to plead as to acts against Ray Davis would
be attempted murder.

The state could not use the "force" in the shooting of
Ray Davis to constitute two offenses of attempted murder and
robbery. This rational is supported by, Ex Parte Mckelvey, supra,
630 So.2d at 57 (Ala. 1993), especially according to the Alabama
Court of Criminal Appeals enunciation of what must occur to
substain a separate conviction against petitioner for robbery
of Ray Davis.

> ""...the first degree robbery of Ray Davis
> required the intentional taking of property
> by force from Ray Davis, which was not re-
> quired to prove the capital murder of
> Travis Benefield."

The appellate erred in failing to realise that the charge
of robbery was already a component of the capital murder plead
against Travis Benefield and could not be used for the single
transaction to support a separate offense of robbery that did
not occur.

The respondents in their brief (Brief to the Criminal Court
of Appeals) at page 2 states no colloquy of these pleads are
in the record, it goes to show there exist a real jurisdiction
question as to the trial court accepting the pleas of attempted

murder and robbery evincing a total non-compliance
with Rule 14.4(a) and 14.4(b) Ala.R.Crim.Pro., conflicting with
its own precedence of <u>Verzone v. State</u>, 841 So.2d 312 (Ala.Cr.App
2002).

ISSUE# III.   <u>DID THE CRIMINAL COURT OF APPEALS ERR
IN REGARDS TO APPLICATION OF LAW
TO THE SET OF FACTS IN HOLDING THAT,
"A PETITION IS 'MERITORIOUS ON ITS
FACE ONLY IF IT CONTAINS A CLEAR AND
SPECIFIC STATEMENT OF THE GROUNDS
UPON WHICH RELIEF IS SOUGHT,INCLUD
ING FULL DISCLOSURE OF THE FACTS
RELIED UPON (AS OPPOSED TO A GENERAL
STATEMENT CONCERNING THE NATURE AND
EFFECTS OF THOSE FACTS) SUFFICIENT
TO SHOW THT THE PETITIONER IS EN
TITLED TO RELIEF IF THOSE FACTS
ARE TRUE. Ex PARTE BOATWRIGHT, SUPRA
EX PARTE CLISBY, 501 So.2d 483 (Ala.
1986)." MOORE V. STATE, 502 So.2d 819,
820 (Ala. 1986)."</u>

<u>     The petitioner has alleged that counsel failed to explain
his options at law in regards to the plead of guilty.</u> in mis-
representing the law that he would ABSOLUTELY be convicted of
capital murder and executed if proceed to trial. It was counsel's
function to inform his client of the options if proceed to trial
and not make a jury determination to coerced the plead offer
of the state! Your petitioner contends that if counsel had ex-
plained that felony murder consisted of an unintentional murder
during the course of a robbery he would have proceeded to trial!
This claim should have received an evidentiary hearing on unre-
futed allegations of counsel's failure to inform his client
of the relevant law as to the charge of capital murder §13A-
5-40(a)(2), where the applicable law would evince a charge if
proceed to trial of a lesser included offense of §13A-6-2(a)(3)!

Especially where petitioner was not the trigger man and had
no intent to commit murder.

Your petitioner states that counsel did not act as competent
adviser of the law in representing to him the ultimatum to go
to trial he would ABSOLUTELY be convicted of capital murder
an executed.

The options available to petitioner was foreclosed by such
representation where petitioner could have proceeded to trial
on the defense that he had no intent to cause the death of any
one and that he was not the trigger man of the offense charged!
If a jury believed his version of the facts supported by the
evidence he could have been convicted of felony murder!

> "The question whether a defendant
> intentional caused the death of another
> person is a question of fact for the
> jury Carr v. State, 551 So.2d 1169
> (Ala.Cr.App. 1989)."

Ex Parte Carroll, 627 So.2d 874 (Ala. 1993).

In the counsel failure to advise his client he could proceed
to trial on the above defense he acted outside of the scope
of competent counsel and contrary to applicable law. Scott v.
Wainwright, 698 F.2d at 429 (1983).

Although the Criminal Court of Appeals cited valid law
on the point subsequently it is applied in an oppressive man-
ner with no regards to established precedence to which guided
petitioner in drafting his claim for relief!

> "To prevail on a claim of ineffective
> assistance of counsel, in connection
> with guilty plea, petitioner must show
> that for counsel's errors, he would not
> have pleaded guilty but would have in-
> sisted on proceeding to trial."

ugh v. State, 729 So.2d 359 (Ala.Cr.App. 1998).

    Duncan v. State, 722 So.2d 795 (Ala.Cr.App. 1998) makes
it applicable simply by practice of counsel that where underlying
facts merits a lesser included offense counsel informs his client
in the plead negotiations as to implications of proceeding to
trial and requesting those instruction to support such a de-
fense. In the event that counsel does not perform such he leaves
his client to fend for himself without professional assistance
at this critical stage of the proceedings!.

    The only way in which the Criminal Court of Appeals could
conclude that counsel was not ineffective at a critical stage
of the  proceeding, is to concure with counsel's rendition of
providing the "ABSOLUTE" necessity to plead to his client as
competent legal advise of capital murder charges in regards
to the law. "...faulty advice  is a miscarriage of justice."
U.S. v. Scott, 625 F.2d 623 (Ala. 1980). Nevertheless, we have
no refuting of these allegations to which is cause for evidentia-
ry hearing! Lane v. State, 786 So.2d 1143 (Ala.Cr.App. 2000).

## CONCLUSION

The Alabama Supreme Court should grant certiorari
on the afore-attached merits of the petition, and address the
question of first impression and establish precedence on that
point of law, as to what are the elements of murder in the State
of Alabama and what are the requsite elements that must be averr-
ed in an indictment. Second vacate the robbery conviction alleged
agianst Ray Davis. And third remand the issue to the Montgomery
County Circuit Court for an evidentiary hearing as to the inef-
fective assistance of counsel issue.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing legal document has been served on the appellee this ___24th___day June 2005 by placing the same in the United States mail postage prepaid and addressed as follows:

**OFFICE OF THE ATTORNEY GENERAL**
TROY KING
11 South Union Street
Montgomery, Ala. 36130
CLERK, ALABAMA COURT OF CRIMINAL APPEALS
300 Dexter Ave.
Montgomery, Ala. 36130

Respectfully submitted,

WILLIE LIZZLIE GARDNER
AIS# 231984
100 Warrior Lane
Bessemer, Ala. 35023