RECEIVED

2006 JUL 13 A 9: 28

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE L. GARDNER, AIS#231984,    )
                                  )
        Petitioner,               )
                                  )
vs.                               )  CIVIL ACTION NO.
                                  )  2:06-cv-413-WHA
KENNETH JONES, et al.,            )
                                  )
        Respondents.              )

## RESPONSE TO THE RESPONDENTS "ANSWER"

Comes now the Petitioner in the above style cause before
the court pursuant to applicable rules of court and state as
follows:

(1)  Petitioner challenges the ascertion of the State of
Alabama that he did not exhaust his **federal claims** before the
Alabama Supreme court, and

(2)  The Petitioner challenges the Respondents that the
State Court proceedings, "resulted in a decision that was contra-
ry to, or involved an unreasonable application of, clearly esta-
blished Federal law, as determined by the Supreme Court of the
United States; or....."resulted in a decision that was based
on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding:"

    a.  defective indictment,

    b.  double jeopardy, and

    c.  ineffective assistance of counsel!

1.

PART (1)          "PETITIONER CHALLENGES THE ASCERTION
                  OF THE STATE OF ALABAMA THAT HE DID
                  NOT EXHAUST HIS FEDERAL CLAIMS BEFORE
                  THE ALABAMA SUPREME COURT,...."

1.  Your Petitioner disputes the Respondent's allegation
and argument that he did not exhaust his **5th and 6th Amendment**
**Claims** of **Double Jeopardy** and **Ineffective Assistance of Counsel**
before the Alabama Supreme Court! See Respondents Answer page
19-20, 23-27.

The Respondents relies on <u>McNair v. Campbell</u>, 416 F.#d
1291, 1302-1303 (11th Cir. 2005) as preposition for the denial
of his petition due to failing to exhaust his claims to the
Alabama Supreme Court as a pre-requisite to seeking habeas review
by this court according to <u>O'Sullivan v. Boerckel</u>, 526 U.S.
838, 845 (1999). Nevertheless the Respondents overlooks a premise
to which <u>McNair</u>, supra was based on as cited therein <u>Kelly v.</u>
<u>Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317(2004) as to what
constitutes fairly presenting claims to the St Courts:

> "We are not so draconian or formalistic
> as to require petitioners to give a separate
> federal law heeding to each of the claims
> they raise in state court to ensure exhaust-
> ion for federal review. We simply require
> that petitioners present their claims to
> the state courts such that the reasonable
> reader would understand each claim's parti-
> cular legal basis and specific factual found-
> ation!"

> "The petitioner must present his claims to
> the state courts such that they are permitted
> the "opportunity to apply controlling legal
> principles to the facts bearing upon (his)
> constitutional claim.""

<u>Kelly</u>, supra. at 1344,1345 therein.

## 'PETITIONER'S DOUBLE JEOPARDY CLAIM'

The Petitioner clearly cites the controlling law in the federal court as to the double jeopardy claim for review by the Alabama Supreme Court!

> "The same evidence [or element] test of Blockburger[v. United States, 284 U.S. 299 (1932)] is stated as follows: "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proff of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.' State v. Patton, 669 So.2d 1002, 1004 (Ala.Cr.App. 1993)."

The Petitioner alleges that the court was applying the above standard wrongfully as applied in Powell v. State, 854 So.2d 1206 (Ala.Cr.App.2002). See Respondents Exhibite H. page 3. Although the Alabama Supreme Court struck Petitioner's brief in support of petition, the Alabama Supreme Court had before it **"Statement of Facts"** submitted with **"Petition"** which did not abandon double jeopardy issue as alleged by respondents in their "Answer" at page 16 "he appears, however, to abandon his double jeopardy argument, in favor of attacking the factual basis to accept his guilty plea." In the Petitioner's "Statement of Facts" he alleges:

> "4.  at page 4 of the memorandum opinion incorrectly state what the appellant alleges as his claim, when it stated: "Gardner claims that he was subjected to double jeopardy because the capital murder of Travis Benefield and the robbery of Ray Davis arose out of the same incident."

> There exist nothing in the record
> beyond the District Attorney's
> Motion to Dismiss [R-33,34] that
> appellant plead guilty to robbery
> of Ray Davis! The State implies
> that the guilty plead was for an
> offense of robbery against Ray Davis,
> no where in the Supplemental Record
> or otherwise does the state show
> "...the intentional taking of property
> by force from Ray Davis," as stated
> in memorandum order at page 5. as a
> separate requisite not required to
> prove in regards to Travis Benefield."

See Exhibite H "Statement of Facts.

Your Petitioner disputes he ever plead guilty knowing to

a robbery against Ray Davis and that there was only **one robbery!**

Your Petitioner alleges still as he did in the State Courts

even  in challenging the convictions on double jeopardy the

record must reflect firmly what offenses the petitioner plead

guilty to ; to-wit the only rendition in the record of what

petitioner plead guilty to is the District Attorney of Montgomery

County "States Answer To Petition For Relief From Conviction

or Sentence," at EX-A,R-IV. Your petitioner only raised the

factual basis argument in conjunction with the double jeopardy

argument neverless your Petitioner's claim is clearly that he

contend that only **one robbery** occurred in the alleged offense

according to the **FACTS.** The case of Ivery v. State, 698 so.2d

179, 183 (Ala.Cr.App. 1995) Key note 1 cites 5 Amendment United

States Constitution, See EX-E, p.4, and the case Powell v. State,

854 So,2d 1206, 1208 (Ala.Cr.App. 2002) Key note 2 and 3 cites

5th Amendment to the United States Constitution; therefore the

appropriate facts and law was denoted before the Alabama Supreme

Court that they knew a federal claim was being presented to them and they would have to evaluate such claim under <u>Blockburger v. United States</u>, supra.

Your Petitioner raised that the Alabama Criminal Court of Appeals decision was in conflict with it's previous decision on the same point of law. See EX-H, p.4, therein. The Petitioner raised argument of <u>Pugh v. State</u>, 729 So.2d 359 (Ala.Cr.App. 1998) was the principle of law the court should have applied, although <u>Pugh v. State</u>, supra. was a State Judicial decision, such decision was predicated on application of a **federal principle of law "ineffective assistance of counsel!** Your petitioner argues that it was enough before the Alabama Supreme Court if it choose to accept certiorari, that they would have been aware that Petitioner was raising a federal claim. <u>Pugh</u>, supra. at Key note 1 clearly states as basis for legal principle USCA Const. Amend. 6;....."

The Petitioner only pointed the Alabama Supreme Court to accept the fact, the Alabama law previously applied the standard under the 6th Amendment differently, on point with his issue. Petitioner according to <u>Kelly</u>, supra, at 1344, "does not require "exact replicas" or state a separate heading "federal" in order to preserve his claims in the Alabama Supreme Court for review as a federal claim. <u>McNair v. Campbell</u>, supra., "For instance, the Supreme Court recently wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds,

or by simply labeling the claim federal." Baldwin v. Reese,

541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.ED.2d 64(2004)."

UNEXHAUST CLAIM:

This theory was addressed under McNair, to prevent a liti-

gant from "We therefore hold that "the exhaustion doctrine

requires a habeas applicant to do more than scatter some make-

shift needles in the haystack of the state court record." Kelly,

377 F.3d at 1345 (quoting Martens v. Shannon, 836 F.2d 715,

717 (1st Cir. 1988)." The examples in McNair, of the unexhausted

claims are not present in Gardner where Gardner never avers

that he relied exclusively on Alabama Law in Brief to Alabama

Court of Criminal Appeals or the Alabama Supreme Court.


GROUND ONE:            THE MONTGOMERY CIRCUIT COURT LACKED
                       SUBJECT MATTER JURISDICTION 'ACCORD-
                       ING TO STATE LAW' IN CONVICTION OF
                       PETITIONER FOR AN OFFENSE NOT CON-
                       TAINED IN THE INDICTMENT OMITTING
                       ESSENTIAL ELEMENTS OF MURDER AS EN-
                       ACTED BY ALABAMA LEGISLATURE.

SUPPORTING FACTS:  THE MONTGOMERY COUNTY DISTRICT ATTOR-
                       NEY FAILED TO ALLEGE THE AVERTMENTS OF
                       CAPITAL MURDER IN ADHERENCE TO THE
O                      PRINCIPLE OF LAW THAT ALL THE ESSENTIAL
                       ELEMENTS MUST BE ALLEGE THAT CONSTITUTE
                       MURDER AS ENACTED BY THE ALABAMA LEGISLATURE;
                       WHERE THE QUESTION PRESENTED TO THE ALABAMA
                       COURTS WAS, "IS THE CHARGING INSTRUMENT
                       "THE INDICTMENT" FATALLY DEFECTIVE FOR
                       FAILURE TO ALLEGE THAT PETITIONER INTENT-
                       IONALLY CAUSED THE DEATH OF ANOTHER PERSON?
                       YES!"

Your Petitioner will propound to this court with supporting

facts and argument, that this court's appropriate actions would

be to certify the question as to the elements of 13A-6-2(a)(1),

Ala. Code 1975 to the Alabama Supreme Court prior to reaching such merits. That the Alabama Supreme Court be given the opportunity by the federal court to say what Alabama Law is Marbury v. Madison, 5 U.S. 137, 2 L.Ed. 60 (1803). The determination of the elements of the offense charged is the pre-requisite of resolving the issue as to defective indictments and reaching the conclusion by the state court,"An indictment is sufficient if it substantially tracks the language of the statute, provided the statute set out the elements of the offense." See EX-E.

The Petitioner claims exhausted in State Courts on the defective indictment, alleged that such was defective for failure to state the element of "another person" as to the murder component of the offense.

In the State of Alabama the Capital Offense 13A-5-40(a)(2), Ala. Code 1975 comprises of two components: (1)  murder as defined by 13A-6-2(a)(1), ala. Code 1975, and (2)  robbery as defined by 13A-8-41, Ala. Code 1975.

In the State Courts the Respondents contends that due to the indictment composing of the word "person" in the robbery component as made requisite for the particular offense by the robbery statutes, then such was sufficient for the "another person" element as to the murder component. See EX-A. R-33, para. 1., page 3 therein.

The State Court at Circuit level concluded that the Petitioner has failed to prove beyond a prepounderance of the evidence the facts necessary to entitle him to relief in accordance with Rule 32.3 of the Ala.R.Crim.P. See EX-A.,R.56, See

Also EX-D, p.4, and p.19, Respondents Brief to the Alabama Crimi-
nal Court of Appeals which essentially argues the same preposition
that simply because the robbery element of person was in the
indictment any defect alleged as to the murder element of "another
person," was meritless! See EX-E., p.3. The Alabama Court of
Criminal Appeals also affirmed such reasoning in stating "As
set out above, the indictment named Travis Benefield as the
victim of an intentional killing. Also, the indictment clearly
stated that Gardner "used force against the **person** of Travis
Benefield."

the Alabama Criminal Court of Appeals although cite law
which makes the elements of an indictment essential in the analy-
sis of language sufficiently tracking the statute, subsequently
never interpreting what the elements of **murder** is in Alabama
and conflates the **MURDER** and **ROBBERY ELEMENTS** which combines
the objective adjective "another person,"

> "(a)  A person commits the crime of murder
> if:
> (1)  With intent to cause the death of another
> person, he causes the death of that person
> or of another person; or"

**13A-6-2(a)(1), Ala. Code 1975,**

with the possessive noun "person."

> "(a)  A person commits the crime of robbery
> in the first degree if he violates Section
> 13A-8-43 and he:"
> (1)  Is armed with a deadly weapon or dan-
> gerous instrument; or"

**13A-8-41,(a)(1), Ala. Code 1975,**

> "(a)  A person commits the crime of robbery
> in the third degree if in the course of com-
> mitting a theft he:
> (1)  Uses force against the person of the

8.

> owner or any person present with
> intent to overcome his physical
> resistance or physical power of
> resistance; or
> (2) Threatens the imminent use of
> force against the <u>person</u> of the
> owner or any <u>person</u> present with the
> intent to compel acquiescence to the
> taking of or escaping with the property."

13A-8-43, Ala. Code 1975.

The Petitioner argues as a matter of judicial powers and duties the state courts were bound to identify the particular statute in question, interpret the legislative intent of such statute-setting out the elements there-of and then lastly apply the conclusive ruling if such "....indictment sufficiently tracks language of the statute!" Why? Because no indictment can track language of the statute as a matter of law if it omits essential elements of the offense! Petitioner argues that the plain language of the statute In Hac Verba must be alleged "another person" as a requisite by the Alabama Legislature and to depart from this would indeed be the Alabama Court creating a law rather than interpreting one. Under Alabama Law it was an erroneous conclusion reached by the Alabama Court of Criminal Appeals where the law in Alabama is: "failure to alleged an essentail element of the charged offense is a jurisdiction defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver." <u>Ex Parte Lewis</u>,811 So.2d 485, 487 (Ala.2001).

The question placed before the Alabama Courts was not whether Travis Benefield a "person" or was he called a "person" in the indictment but was the murder component as enacted by Alabama

Legislature 13A-6-2(a)(1), Ala. Code 1975 averred in the indict-
ment which omits language of such statute that was designed
thewre-in for the charge of that offense "...another person..."
the intentionally killing there-of.

There exist a void of precedence in the State of Alabama
as to what constitutes murder in the State, and when reference
is made to the statute in question the courts never interpret
the legislative intent, yet quote such statute verbatim, without
ever going into the constient elements of the offense."A person
commits the crime of murder if, with the intent to cause the
death of another person, he causes the death of that person
or another person." Ex Parte McGiff, 908 So.2d 1024, at 1030
(Ala. 2004).

In Alabama the Supreme Court has inferred that each of
the components of murder/robbery must be spelled out in the
indictment, "...Two components, killing of a human being of
the intentional type." "A capital offense requires the intentional
killing component, it requires the intent to deprive the owner
of his property, in the theft component of robbery." Ex Parte
Jackson, 674 So.2d at 1367 (Ala. 1994). These are two components
that must be averred jointly yet separately where each can stand
on it own feet from the other. Why? Because to hold other wise
would be to relieve the State of Alabama from charging defendants
with the elements of murder and borrow from the robbery charge
to support an infirmed charge of murder, nor does the Respondents
or Courts in Alabama cite any preposition of law for such reason-
ing. Your petitioner argues that the Respondents reasoning to

which the Alabama court of Criminal Appeals Affirmed represents

faulty reasoning and signs of **ANARCHY** rather than interpret

13A-6-2(a)(1), Ala. Code 1975 become a law of it's own.

> "In a government of **laws**, existence
> of the government will be imperilled
> if it fails to observe the **law scrupul-**
> **ously.** Our Government is the potent, the
> omnipresent teacher. For good or for ill,
> it teaches the whole people by its example.
> Crime is contagious. If the Government be-
> comes a lawbreaker, it breads contempt for
> law; it invites every man to become a law
> unto himself; it invites **anarchy.** To de-
> clare, that in the administration of the
> criminal law the ends justifies the means-
> to declare that the Government may commit
> crimes in order to secure the conviction
> of a private criminal-would bring terrible
> retribution. Against that pernicious doctrine
> this Court should resolutely set its face."
> <u>Olmstead v. United States</u>, 277 U.S. 438,
> 485, 72 L.Ed 944, 48 S.Ct. 564, 66 ALR 376
> (1928)(dissenting opinion)."

<u>United States v. Alvares-Machain</u>, 119 L.ED.2d 441, 504 U.S.655.

The Alabama State Courts in failing to adhere to its duties

once called upon by the petitioner "To say what the law is"

<u>Marbury v. Madison</u>, supra has negated a function of the judiciary

and further ignored a call from within its own brothers:

> "Such is the danger of sitting on the highest
> court of any sovereign when that court is
> interpreting the sovereign's own constitution
> With no threat of being overruled, we can
> wield our words in any way that we like,
> knowing that they will be given the full effect
> of law. In this way, the nature of being
> Supreme Court Justices creates a dangerous
> dynamic. As we are sworn in we are handed
> by the peole-a powerful sword: our ability
> to state what the law is. at this same time
> we are placed inside a paper boundary-a written
> constitution-and told by the people "this
> far you may go, and no further." The problem
> is that the sword can easily sever the boundary
> a written constitution-and told by the people

> "this far you may go, and no further."
> The problem is that the sword can easily sever
> the boundary and we can escape its limits,
> perhaps with the notion of "doing justice."
> once the boundary is severed, however, it
> is not easily repaired; and the next judge
> now not bound, is free to do either justice
> or evil. As judges, then, we are entrusted
> by the people to use that sword wisely and
> with restraint; to stay within the boundary
> no matter how strongly we think it too small
> to meet the people's needs. The people made
> the boundary; it is for the people to enlarge
> it."

Ex Parte Meloef, 735 So.2d 1172(1999). Maddox concurring.

This honorable court is not **bound by t**he evil result in

the Alabama Courts in failing to interpret legislative intent

of 13A-6-2(a)(1), Ala. Code 1975.

The Alabama Legislature in 13A-6-2(a)(1), Ala. Code 1975 provided the

language of the murder statute, "To give these same wards a different meaning

for **each** category would be to invent a statute rather than interpret one."

Clark v. Martinez, 160 L.Ed.2d 734, 543 U.S._____(      ).

> "Courts have long had to consider which facts
> are elements in order to determine the sufficiency
> of an accusation (usually an indictment)."

Aprendi v. N.Y., 147 L.Ed.2d 435, 530 U.S._____, S.Ct._____, at 461(2000).

The State Courts has NEVER interpreted 13A-6-2(a)(1), Ala. Code 1975

in following the law of the State of Alabama in regards to the interpretation

of the murder statute nor federal law of interpreting the statute to ascertain

the elements of the offense. Tyler v. Cain, 150 L.Ed.2d 632, 533 U.S. 656 at

668 "We do not, however, construe the meaning of statutory terms in a vacuum.

Rather, we interpret words "in their context and with a view to their place

in the overall statutory scheme." The Respondents have sucessfully avocated

an inconsistent theory of law before the Alabama Courts that allows for

dis-si milar statutes at law that are combined into one charge to borrow support from the other statute where the State fails to make appropriate avertments in the language of that statute. The Alabama Courts gave little attention to Leocal v. Ashcroft, 543 U.S. _____, 160 L.Ed.2d 271, 125 S.Ct. 377 (2004)("When interpreting a statute, we must give words their ordinary or natural meaning)," Simply, because Alabama Courts has never established any precedence on this point of law. Nor has the Alabama State Court adhered to its own law or the Supreme Law of the Land, "An indictment must set forth each element of the crime that it charges." Hamling v. United States, supra, at 117, 41 L.Ed.2d 590, 94 S.Ct. 2887." Almendarez-Torres v. United States, 140 L.ED.2d 350, 523 U.S. 224. See Also U.S. v. Bobo, 344 F.3d 1076, at 1083 (11th Cir. 2003) on this point was equally without force before the Alabama Courts on this constitutional issue!

Your Petitioner has raised a jurisdictional issue before the State Courts to which they have failed to resolve, and this court can consider on habeas review that an indictment which lacks the required elements of a conviction at State level violates the 5th Amendment and 6th Amendment.

> "Deficient indictment will provide basis for federal habeas relief if defect is so sinificant that convicting court lacked jurisdiction under state law."

Nethery v. Collins, 993 F.2d 1154, rehearing denied 998 F.2d 1015, cert. denied 114 S.Ct. 1416, 511 U.S. 1026, 128 L.ED2d 87 (TX. 1993). See Also DeBenedicts v. Wainwright, 674 F.2d at 842 (1982).

The Eleventh Circuit has consistently applied "essential elements" test as to evaluate the sufficiency of an indictment in federal review as to the defects there-of. U.S. v. Bobo, supra, therein at p. 1083, See Also United States v. Wilk, 2005 U.S. Dist Lexis, "Challenges to the sufficiency of an indictment are premised upon which it is based does not set forth the essential elements of the offense. United States v. Cayle, 967 F.2d 483, 485 (11th Cir,

1992)(en banc), cert. denied, 507 U.S. 967, 113 S.Ct. 1402, 122 L.ED.2d 775 (1993)." Prior to the court reaching the merit of this issue it should in curtésy refer the question as to the elements of 13A-6-2(a)(1), Ala. Code 1975 to the Alabama Supreme Court as a matter of federal law. <u>Price v. Time, Inc.</u>, 416 F.3d 1327 (11th Cir. 2005).

Under the applicable standard the federal court pursuant to 28 USCS 2254(d)(1)(2) can reach the merits of this 5th Amendment Claim.

<u>FEDERAL STANDARD OF REVIEW</u>

"(d)    An application for a writ of habeas corpus on behalf of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
(1)    resulted in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;or
(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidencepresented in the State court proceeding." 28 USCS 2254(d)(1)(2).

<u>Brown v. Payton</u>, 161 L.Ed.2d 334, 544 U.S.____(2005).

GROUND TWO:    "CONVICTION OBTAINED BY A VIOLATION OF THE PROTECTION AGAINST DOUBLE JEOPARDY!"

FACTS:    Your Petitioner entered a plead of guilty to Capital Murder count 1, and Robbery Count IV, and Attempted Murder Count III.
    The facts of the case and the colloquy of the Capital Murder Proceedings §13A-5-43, does not and cannot support a conviction of Capital Murder, and Robbery being that Petitioner it alleged to have been the accomplice to the Murder/Robbery of the Premium Package Store, to which Travis Benefield and Ray Davis were employees at the time of the offense. The facts are that there was only one **robbery** to which travis Benefield was killed and Ray Davis allegedly shot during the course of said robbery; Your Petitioner avers that the acts of accomplishing the robbery or the force used on Ray Davis would not constitute a separate or robbery offense from

the underlying robbery which is the
aggravating circumstance of 13A-5-40(a)(2)
Ala. Code 1975."

SEC. (2),b. "double jeopardy, and"

1. The Petitioner disputes the Respondents rendition
of his double jeopardy claim, "...Because the murder of Travis
Benefield required different elements to prove the crime than
the robbery of Ray Davis and vice versa,...."

Your Petitioner states that the same elements that were
elements of the aggrevating component of the capital murder
offence murder/robbery are the **only** elements of robbery, the
only other fact that the State of Alabama offers to justify
these multible offenses is the fact that Gardner shot Ray Davis
during such robbery. See p.5, Respondents Answer. A review of
the capital murder indictment for the crime against Travis
Benefield and the robbery indictment against Ray Davis evince
the fact that the aggrevating component robbery to the capital
murder is the same as the robbery charge allegedly committed
against Ray Davis. See EX-A, R-39 thru 47.

Your Petitioner disputes the State's ascertion that he
abandoned his double jeopardy claim, and firmly states that
**nowhere** in the record does the Respondents show what victim
or who was the victim to this offense for the record.

The Petitioner's belief  the State Courts to have applied
the  test of Blockburger v. United States, 284 U.S. 299 (1932)
contrary to it's application to the set of facts before the
Court:

> "'Where the same **act** or **transaction**
> constitutes a violation of two dis-
> tinct statutory provisions, the test
> to be applied to determine whether
> there are two offense or only one
> is whether each provision requires
> proof of an additional fact which
> the other does not.'"

Your Petition being made aware by the State at R-___ in the proceedings that the robbery he plead guilty to was actually against "Ray Davis" and not the Premium Package Store, argues that the robbery as spelled out by statute is a component of §13A-5-40(a)(2) yet the same offense, and these two convictions can't be sustained, when they are one and the same and there exist nothing to support an independant **robbery** of Ray Davis beyond the robbery of Premium Package Store. See Respondents Answer page 5 and 6. Gardner only takes property in connection with robbery of the store, and the attempted to access the safe ended when Ray Davis secured himself behind the office door, only being aware that property had been removed from the store after the Petitioner had left the premises. Alabama Courts has previously held:

> "Based on the indictment, as well
> as our review of the record, it is
> clear that robbery, as charged in
> count 3 of the indictment, was a
> lesser-included offense of murder
> made capital because it was com-
> mitted during a robbery, as charged
> in count 1 of the indictment.
> Therefore, McElyea's convictions
> for both robbery-murder and the
> lesser-included crime of **robbery**
> violated double-jeopardy principles
> and the trial court lacked juris-
> diction to adjudge him guilty of
> both offenses."

<u>McElyea</u> <u>v. State</u>, 892 So.2d 993, at 999 (2004).

Your Petitioner disputes the double jeopardy argument at page 23 of Respondents in their "Answer."

GROUND THREE:    "PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THE PLEAD BARGAINING PROCESS."

FACTS:    "The trial counsel failed to explain the law to his client at the plead bargaining process that he could make an informed decision prior to entering the plead of guilty. The trial counsel failed to provide the petitioner with correct legal advice making him aware of his options in pleading guilty. Counsel gave his client the ultimatum of either pleading guilty or go to trial and get convicted and receive the death penalty."

SEC. (2),c.   "ineffective assistance of counsel!"

The Petitioner ascert the fact that his facts should have been taken as true in the Montgomery Circuit Court as pleaded in the Montgomery Court in the Rule 32 Petition and that the Alabama Courts application of <u>Strickland v. Washington</u>,466 U.S. 688 (1984) was contrary to the test therein and represented an unreasonable application of federal law.

The Petitioner identified specific facts to the State Courts which constitute a coerced plead of guilt be trial counsel and these allegation went un-rebuffed by trial counsel or the District Attorney of Montgomery County Circuit Court. See EX-A, R-26-27. The Petitioner states that the governing facts will make the claim sufficiently plead under the particular legal principles. See <u>Neitzke v. Williams</u> (1989) 490 U.S. 319, 104 L.ED.2d 338, 109 S.Ct. 1827.

The State in their "Answer" at page 13 incorrectly state what the Petitioner's claim is and what was presently to the Alabama Courts, the Alabama Courts have mis-stated such claim also as illustrated in the opinion from the Alabama Court of Criminal Appeals for the State of Alabama, "Thus, Garder's claim that his plead was involuntary because he did not know of the lesser-included offense of capital murder is without merit." See Respondents "Answer" page 13. Your Petitioner present ed this to the Alabama Supreme Court in the attached "Statement of Facts" to his request for certiorari review. See EX-H "STATE_ MENT OF FACT" page 2-therein,para. 5.

Although such facts was alleged as to not being made aware of felony murder by the trial counsel, the Petitioner claims that counsel gave him the advice that in the event that he does not accept such plead of guilty that he would "absolutely" be convicted and sentenced to death if not accept the plead of guilty." See EX-A, R-26.

There exist no law in the State of Alabama that supports such advice, and there are no facts pertaining to Gardner's involvement with the offense that such advice could have been competent. Where all the **facts** points to **Delano Smith** killing Travis Benefield while Gardner was in another part of the store, See SR.119-121 and Gardner only intentions in the record was to be involved in a robbery, See SR. 69.

The State Courts never indulged into the standard governing guilty pleads, "The longstanding test for determing the validity of a guilty plea is "whether the plea represents a voluntary

and intelligent choice among the alternative course of action open to the defendant." Hill v. Lockhart, 88 L.Ed.2d 203, 474 US. 52. See Also Tollett v. Henderson, 36 L.Ed.2d 235, 411 U.S. 258.

The Strickland v. Washington, 466 U.S. 668, 687(1984) "reasonable probability" standard was unreasonable applied by the State Courts where in the State of Alabama the Courts previously held on similar claims:

> "In Starks, five men were indicted for capital murder. Only two of the five were tried for capital murder; the other three testified against Starks and his uncle in exchange for being charged with an offense less than capital murder. In Starks, the evidence indicated that the killing was committed during a planned robbery,......"

Ex Parte Myers, 699 So.2d 1285 (1997) at 1291.

Under Alabama Alabama because Gardner participated in what ended up as the intentionally killing of the victim by a co-defendnant didn't "absolutely" mean that Gardner would be convicted of capital murder and executed, and such statements by counsel mis-stated the law to the Petitioner and over-bore the will of the i6 year old minor with no prior experience with law enforcement proceedings. See Also Boyd v. State, 2003 Ala.Crim. App. Lexis 265. The trial counsel became judge and jury in his role as counsel when he informed his client either to accept the guilty plead or go to trial and you will be found guilty of capital murder and put to death. "...the question of a defendant's intent at the time of the commission of the crime

is usually an issue for the jury to resolve." <u>Crowe v. State</u>, 435 So.2d 1371, 1379 (Ala.Crim.App. 1983)." <u>McElyea v. State</u>, 892 So.2d 993, at 997 (2004).

A controlling principle of STrickland, supra was never applied to the set of facts in the State Court that was pleaded by the Petitioner, "Once a petitioner has identified the specific acts or omission that he alleges were not the result of reasonable professional judgment on counsel's part, the court must determine whether those acts or omissions fall outside the wide range of professionally competent assistance!" 466 U.S. at 690.." Contrary to the Respondents ascertion your petitioner would have as a matter of State Law been entitled to a jury charge on "felony murder" where the facts are clear that he was in another part of the store when Travis benefield was killed by a co-defendant and the only intentions supplied by the State of Alabama is intent to initially rob, nothing showed that Gardner's intentions changed in the course of the robbery. "..Starks was entitled to a jury charge on the lesser included offense of felony murder because "whether [he] intended to kill the victim during the commission of [the] robbery was a question for the jury." <u>Stark</u>, supra, 594 So.2d at 195." <u>Ex Parte Myers</u>, supra.

I hearby affirm under the penalty of perjury that all facts contained herein are true and correct.

Therefore with premises considered I herein move that the Respondents be denied dismisal of this action and further proceedings issues.

<u>CERTIFICATE OF SERVICE</u>

      <u>I hereby</u> certify that a copy of the foregoing legal document
have been served on the respondents this <u>10th</u> day of July, 2006
by placing the same in teh United states maiepaid and addressed
as follows:


Jean-Paul M. Chappell(CHA073)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Ala. 36130-0152

Respectfully submitted

Willie L. Gardner
AIS#231984
100 Warrior Lane
Bessemer, Ala, 35023

21.