IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE L. GARDNER #231984,    )
    )
    Petitioner,    )
    )
v.    )    CASE NO. 2:06-CV-413-WHA
    )    [WO]
    )
KENNETH JONES, et al.,    )
    )
    Respondents.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie L. Gardner ["Gardner"], a state inmate, on April 25, 2006.  In this petition, Gardner challenges convictions for capital murder, attempted murder and first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama in October of 2003.[1]

---

[1]The trial court entered these convictions against Gardner pursuant to his pleas of guilty.  Specifically, Gardner pled guilty to the capital murder of Travis Benefield during the commission of a first degree robbery against Benefield, the attempted murder of Ray Davis and the first degree robbery of Ray Davis.  Pursuant to *Ala. Code* § 13A-5-42, even though Gardner pled guilty to this capital offense, a jury trial was held on October 27-28, 2003, in which the State proved Gardner's guilt of capital murder beyond a reasonable doubt as demonstrated by the petit jury's verdict of guilt.  *Respondents' Exhibit A - Court Doc. No. 11-3 through 11-5*.  On October 28, 2003, after waiver of the participation of the jury in the sentencing phase, the trial court sentenced Gardner to life imprisonment without parole for the capital murder conviction.  *Respondents' Exhibit A - Court Doc. No. 11-5* at 22.  The court also sentenced Gardner "to life in prison" for the attempted murder and first degree robbery convictions.  *Id.* at 23.  Gardner did not properly appeal his convictions and, on January 9, 2004, the Alabama Court of Criminal Appeals dismissed his attempted appeal "as untimely filed." *Respondents' Exhibit B - Court Doc. No. 11-6* at 1 -- *Gardner v. State*, 910 So.2d 841 (Ala.Cr.App. 2004) (table decision).  The appellate court issue the certificate of judgment on this same date. *Respondents' Exhibit B - Court Doc. No. 11-6* at 2.

On August 22, 2004, Gardner filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure challenging his capital murder, attempted murder and robbery convictions. *Respondents' Exhibit A - Court Doc. No. 11-2* at 15. In this petition, Gardner presented the following claims for relief: (1) The capital murder indictment is defective as it fails to allege that Petitioner intentionally caused the death of another person, as the use of the victim's name in the indictment and/or references to the victim via pronouns does not properly charge the murder of a person or human being;[2] (2) The conviction for robbery of Ray Davis violates double jeopardy and should be vacated as this conviction arises from the same facts as the conviction for capital murder of Travis Benefield during a robbery of Benefield;[3] (3) Trial counsel provided ineffective assistance

---

[2]Count I of the indictment contains the capital murder charge lodged against Gardner and, in pertinent part, reads as follows:

> The Grand Jury of [Montgomery] County charge that ... WILLIE LIZZLIE GARDNER, whose name is otherwise unknown to the Grand Jury, did intentionally cause the death of Travis Benefield by shooting him with a gun and caused said death during the time that Willie Lizzlie Gardner and/or an accomplice, was in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States of America, better descriptions of which are unknown to the Grand Jury, of some value, the value of which is unknown to the Grand Jury, the property of Travis Benefield and/or Premium Package, by the use of force against the person of Travis Benefield, with intent to overcome his physical resistance or physical power of resistance, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or dangerous instrument, to -wit: a gun, ... in violation of Section 13A-5-40 of the Code of Alabama ....

*Respondents' Exhibit A - Court Doc. No. 11-2* at 41.

[3]Count IV of the indictment charges Gardner with first degree robbery of Ray Davis. This count, in relevant part, states:

> WILLIE LIZZLIE GARDNER, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of a gun and/or lawful currency and/or coinage of the United States ..., of some value, the value of which is unknown to the Grand Jury, better descriptions of which are unknown to the Grand Jury, use force against the person of the owner or any person present, Raymond Davis, with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Raymond Davis, with intent to compel acquiescence to the taking of or escaping with the property, while the said Willie Lizzlie Gardner and/or an accomplice was armed with a deadly weapon or

during the plea negotiations because he failed to explain the lesser included offenses of capital murder. *Respondents' Exhibit A - Court Doc. No. 11-2* at 17-29.

On November 15, 2004, the trial court issued an order denying Gardner's Rule 32 petition. In this order, the court deemed Gardner's challenge to the indictment "without merit." *Respondents' Exhibit A - Court Doc. No. 11-2* at 58.[4] With respect to the double jeopardy and ineffective assistance of counsel claims, the court held that:

> 2. The Petitioner's claim that the Double Jeopardy clause was violated is without merit and is denied because the victim named in the capital murder count of the indictment is a separate individual from the victim listed in the first-degree robbery count to which the Petitioner pled guilty. Because the State of Alabama bore the burden of proving that Travis Benefield was intentionally murdered during the course of a robbery under Count I and that Ray Davis was also a victim of first-degree robbery under Count IV, each of the counts to which the Petitioner pled guilty is a separate offense which required proof of an additional element that the other did not. Thus, the Petitioner's claim that his protection from double jeopardy was violated is without merit and is denied.
>
> 3. The Petitioner's claim that he was denied effective assistance of counsel is without merit and is denied. Petitioner failed to show that but for counsel[']s alleged errors that the outcome of his trial and/or plea would have been different in accordance with Strickland v. Washington, 466 U.S. 668 (1984)....

*Respondents' Exhibit A - Court Doc. No. 11-2* at 59.

On May 20, 2005, the Alabama Court of Criminal Appeals affirmed Gardner's

---

dangerous instrument, a gun, ... in violation of Section 13A-8-41 of the Code of Alabama.... *Respondents' Exhibit A - Court Doc. No. 11-2* at 44.

[4]It is clear that Gardner's attack on the validity of the indictment is devoid of merit as the indictment clearly identifies Travis Benefield as a person, alleging that Gardner intentionally caused the death of Travis Benefield during the course of a theft of property "by the use of force against **the person of Travis Benefield**...." *Respondents' Exhibit A - Court Doc. No. 11-2* at 41 (emphasis added).

capital murder, attempted murder and robbery convictions in an unpublished memorandum

opinion. *Respondents' Exhibit E - Court Doc. No. 11-9 -- Gardner v. State*, 926 So.2d

1085 (Ala.Cr.App.)(table decision), *rehearing denied* (June 10, 2005), *cert. denied*, *Ex*

*parte Gardner*, 971 So.2d 748 (Ala. 2006).  The appellate court's opinion reads as follows:

> The appellant, Willie Lizzlie Gardner, appeals from the trial court's denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he challenged his 2002 guilty-plea convictions for first-degree robbery, attempted murder, and murder made capital because it was committed during the commission of a felony.  Following a jury trial [on the capital offense], as required in capital murder cases by § 13A-5-42, he was sentenced to a term of life imprisonment without the possibility of parole for the capital murder conviction, and to terms of life imprisonment for both the attempted murder and first-degree robbery convictions.  No [proper] direct appeal was taken.
>
> On August 22, 2004, Gardner filed the instant Rule 32 petition, in which he raised the following claims: (1) that the Court was without jurisdiction to render judgment or impose sentence against him because count one of his indictment, which charged Gardner with capital murder [of Travis Benefield], was invalid because, he alleged, it did not specify that he was charged with the killing of "another human being"; (2) that his constitutional protection against double jeopardy was violated because the trial court entered separate judgments of guilty to both the capital murder of Travis Benefield in count one of the indictment and the first-degree robbery of Ray Davis as charged in count four of the indictment, even though the crimes occurred during the same transaction; and (3) that his trial counsel was ineffective for failing to explain the lesser-included offenses of capital murder to him; more specifically, trial counsel allegedly told Gardner that "he would be sentenced to death if [he did] not accept the plea of guilty," and that, if his attorney had explained to him that there was any possible chance of the jury returning any verdict other than capital murder, he would have elected to proceed to trial.  On November 15, 2004, after receiving a response from the State requesting that all of Gardner's claims for relief be denied, the trial court entered a detailed written order summarily dismissing Gardner's petition.  The trial court held that Gardner's claim regarding the indictment was without merit and additionally that Gardner had failed to plead and prove

4

sufficient facts that would entitle him to relief.  The trial court also held that
Gardner's double jeopardy claim was without merit on the grounds that each
of the offenses to which Gardner pleaded guilty was a separate offense which
required proof of an additional element that the other did not.  Further, the
trial court held that Gardner's ineffective-assistance-of-counsel claim was
without merit, because he failed to meet the two-prong test established in
Strickland v. Washington, 466 U.S. 668 (1984).  The trial court noted that
extra lengths were taken to ensure that Gardner's pleas were entered
voluntarily and knowingly, ensuring that all of his rights were protected.
Moreover, the Court found that Gardner's counsel had represented him in an
exceptional manner.  The trial court also determined that Gardner failed his
burden of pleading and proof pursuant to Rule 32.3, Ala.R.Crim.P., and
further, that his claims lacked the specificity required under Rule 32.6(b),
Ala.R.Crim.P.  This appeal followed.

On appeal, Gardner argues that the trial court abused its discretion
when it denied his claim regarding the indictment.  Specifically, Gardner
contends that his capital murder indictment was void because the count did
not specifically state that the victim, Travis Benefield, was a person.

The record contains a copy of Gardner's capital murder indictment,
which reads:

> "Willie Lizzlie Gardner, whose name is otherwise [un]known
> to the Grand Jury, did intentionally cause the death of Travis
> Benefield by shooting him with a gun and caused said death
> during the time that Willie Lizzlie Gardner and/or an
> accomplice was in the course of committing a theft of a gun
> and/or lawful currency and/or coinage of the United States of
> America, better descriptions of which are unknown to the
> Grand Jury, of some value, the value of which is unknown to
> the Grand Jury, the property of Travis Benefield and/or
> Premium Package, by the use of force against the person of
> Travis Benefield, with intent to overcome his physical
> resistance or physical power of resistance, while the said Willie
> Lizzlie Gardner and/or an accomplice was armed with a deadly
> weapon or dangerous instrument, to-wit, a gun, a better
> description of which is unknown to the Grand Jury, in violation
> of § 13A-5-40 of the Code of Alabama 1975 as amended,
> against the peace and dignity of [the State of] Alabama."

... (Emphasis added.)

As set out above, the indictment named Travis Benefield as the victim

5

of an intentional killing.  Also, the indictment clearly stated that Gardner
"used force against the person of Travis Benefield."  Finally, the indictment
stated on its face that Travis Benefield was a person.  An indictment is
sufficient if it substantially tracks the language of the statute, provided the
statute sets out the elements of the offense.  See, e.g., <u>Harrison v. State</u>, 879
So.2d 594, 605 (Ala.Crim.App. 2003); <u>R.L.G. v. State</u>, 712 So.2d 348, 362
(Ala.Crim.App. 1997).   The capital murder indictment was sufficient.
Therefore, Gardner's claim is without merit.

Next, Gardner claims that he was subjected to double jeopardy
because the capital murder of Travis Benefield and the robbery of Ray Davis
arose out of the same incident.  Because the murder of Travis Benefield
required different elements to prove the crime than the robbery of Ray Davis
and vice versa, Gardner's right to be free from double jeopardy was not
violated.

This Court noted in <u>Ivey v. State</u>, 698 So.2d 179 (Ala.Crim.App.
1995), aff'd, 698 So.2d 187 (Ala. 1997):

> "'The "same evidence [or element]" test of
> <u>Blockburger [v. United States</u>, 284 U.S. 299
> (1932)] is stated as follows: 'Where the same act
> or transaction constitutes a violation of two
> distinct statutory provisions, the test to be
> applied to determine whether there are two
> offenses or only one is whether each provision
> requires proof of an additional fact which the
> other does not." <u>Blockburger</u>, 284 U.S. at 304,
> 52 S.Ct. at 182.' <u>State v. Patton</u>, 669 So.2d
> 1002, 1004 (Ala.Crim.App. 1993)."

698 So.2d at 183.

Section 13A-6-2(a)(1), Ala. Code 1975 provides that "[a] person
commits the crime of murder if: (1) With intent to cause the death of another
person, he causes the death of that person or of another person . . . ."  Section
13A-5-40(a)(2), Ala. Code 1975, provides that murder is made a capital
offense when it is committed ". . . during a robbery in the first degree or an
attempt thereof committed by the defendant."   Section 13A-8-43 provides
that "[a] person commits the crime of robbery in the third degree if in the
court of committing a theft he:  (1) Uses force against the person of the
owner or any person present with intent to overcome his physical resistance
or physical power of resistance. . . ."  Finally, Section 13A-8-41(a) states that
"[a] person commits the crime of robbery in the first degree if he violates

6

Section 13A-8-43 and he:  (1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another."

Under Gardner's indictment, capital murder required an intentional killing of Travis Benefield, which was not required to commit the robbery of Ray Davis; conversely, the first degree robbery of Ray Davis required the intentional taking of property by force from Ray Davis, which was not required to prove the capital murder of Travis Benefield.  Thus, the trial court correctly denied any relief as to this claim.

Gardner also argues that his guilty plea was not knowingly and voluntarily made.  Specifically, he contends that because his trial counsel did not inform him of the lesser-included offenses of felony murder and murder, and had he known that there was a possibility that the jury could have convicted him of one of these lesser offenses, he would have gone to trial rather than pleading guilty.  He further claims that his attorney was ineffective based on his failure to advise him of this fact.

There is no requirement that requires an accused to be advised or informed of the elements of any lesser included offenses of the offense to which he is pleading guilty. See Holcomb v. State, 519 So.2d 1378, 1379 (Ala.Crim.App. 1988).  In addition, before accepting Gardner's guilty plea, the trial court ascertained that Gardner was entering this plea of guilty to capital murder because he was, in fact, guilty of that offense.  Thus, Gardner's claim that his plea was involuntary because he did not know of the lesser-included offenses of capital murder is without merit.

Moreover, Gardner did not meet his burden of pleading and proving that he received ineffective assistance of counsel with specific facts that would entitle him to relief.  Thus, the trial court did not err when it held that Gardner did not meet the criteria outlined in Strickland v. Washington, 466 U.S. 668 (1984), and in denying relief as to this claim.

In Strickland, supra, the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel.  A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense.  To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  Furthermore, "a court must indulge a strong presmption that counsel's conduct falls within the wide range of reasonable profesional assistance."  Id. at 689.

7

Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."  Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

> "A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.  Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala. 1986)."

Moore v. State, 502 So.2d 819, 820 (Ala. 1986).

Although Gardner argues that he would not have pleaded guilty had his counsel told him there was a possibility that the jury would have found him guilty of murder or felony murder as a lesser-included offense of capital murder, his petition contained no specific facts supporting this claim which would entitle him to relief.  Indeed, Gardner's claim that the jury could have convicted him of either of the aforementioned lesser-included offenses is wholly unsupported by the record, which contains a transcript of the evidence presented by the State during the "trial phase" of his plea proceeding.  Our review of the evidence presented indicates that the evidence against Gardner was overwhelming, including eyewitness testimony of the one victim who survived the robbery and shootings at the Premium Package Store.  Ray Davis testified that he was able to identify Gardner as one of the four males who entered the store, forced him to open the store's safe, and shot both store employees, killing Travis Benefield as he lay begging for his life and seriously wounding Davis.  Moreover, evidence was presented that another person overheard Gardner and his cohorts planning the robbery several days before the robbery-homicide occurred.

Although a defendant is entitled to a charge on a lesser offense if there is any evidence supporting the charge, Ex parte Hannah, 527 So.2d 675 (Ala. 1988), charges on lesser-included offenses should not be given where the evidence permits no reasonable conclusion other than that the defendant is guilty as expressly charged or is not guilty of any offense.  Love v. State, 677 So.2d 1272 (Ala.Crim.App. 1996).  Assuming Gardner's claim is true, given

that no evidence supported an instruction on either murder or felony murder, it would have been unwise for Gardner's counsel to have offered him false hope that the court would instruct the jury on lesser-included offenses or that the jury would somehow disregard eyewitness testimony to convict him of any offense other than capital murder in the death of Travis Benefield. Thus, we fail to see how counsel could have been ineffective for failing to advise him about the existence of lesser-included offenses when the evidence did not support instructing the jury on these charges.

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a Rule 32 petition "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings." See also, Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App. 2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992). As discussed above, Gardner's claims were either precluded, insufficiently pleaded, or lacked merit. Thus, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

*Respondents' Exhibit E - Court Doc. No. 11-9* at 1-7 (citation to record omitted) -- *Gardner v. State*, 926 So.2d 1085 (Ala.Cr.App.)(table decision), *rehearing denied* (June 10, 2005), *cert. denied*, *Ex parte Gardner*, 971 So.2d 748 (Ala. 2006).

Gardner initiated this 28 U.S.C. § 2254 action on April 25, 2006 in which he asserts the following claims for relief:

> 1. The trial court lacked subject matter jurisdiction as the indictment failed to allege the essential element that the petitioner intentionally caused the death of another person.[5]

---

[5]As previously noted, *infra* at 3 n.4, this claim is patently frivolous because the indictment specifically charges that Gardner used "force against the person of Travis Benefield...." *Respondents' Exhibit A - Court Doc. No. 11-2* at 41. Moreover, a federal district court's review of a claim attacking the sufficiency of an indictment is limited to considering the adequacy of the notice afforded a petitioner through the state procedures. The Due Process Clause

2.    The conviction for first degree robbery of Ray Davis violates double jeopardy because "the acts of accomplishing the robbery or the force used on Ray Davis would not constitute a separate ... robbery offense from the underlying robbery which is the aggravating circumstance of [the capital murder conviction]." *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 6.

3.    Trial counsel provided ineffective assistance during the plea bargaining process because he failed to explain the law regarding possible lesser included offenses to capital murder so "that [Petitioner] could make an informed decision prior to entering" a plea of guilty to capital murder. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 6.

In their answer to the petition, the respondents argue that the claims pending before this court entitle Gardner to no relief as the state courts properly adjudicated these claims on the merits. *Price v. Vincent*, 538 U.S. 634, 123 S.Ct. 1848, 1852 (2003); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000).

---

of the Fourteenth Amendment requires that whatever charging method the State chooses to employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *Jackson v. Virginia,* 443 U.S. 307, 314 (1979); *Faretta v. California,* 422 U.S. 806, 818 (1975). "The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. *DeBenedictis v. Wainwright,* 674 F.2d 841 (11th Cir.1982)." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980) ("[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."). A review of the indictment for capital murder issued against Gardner demonstrates that it substantially tracked the language of the state statute and adequately incorporated all elements of the charged offense. *Respondents' Exhibit A - Court Doc. No. 11-2* at 41. Thus, this count of the indictment is not fatally defective as it provided Gardner sufficient notice of the charge lodged against him so as to allow preparation of an adequate defense, and, therefore, "the state trial court was not deprived of jurisdiction." *Heath*, 863 F.2d at 821. Consequently, the indictment for capital murder did not deprive Gardner of any constitutionally protected interest.

Upon review of the § 2254 petition, the answer of the respondents, Gardner's response to the answer, the state court record and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II.  DISCUSSION

During the Rule 32 proceedings, both the Circuit Court of Montgomery County, Alabama and the Alabama Court of Criminal Appeals deemed the deficient indictment, double jeopardy and ineffective assistance of counsel claims without merit.  Review of the instant habeas petition is therefore governed by 28 U.S.C. § 2254(d), as amended by the Anti-Terrorism and Effective Death Penalty Act.  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."  *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'").  Thus, a

12

federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

In light of the foregoing, the court concludes that Gardner is entitled to no relief as

the state court properly adjudicated each of his federal habeas claims on the merits. *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523 (2000). Specifically, the decisions of the trial court and the Alabama Court of Criminal Appeals denying Gardner relief on his Rule 32 petition were not contrary to or unreasonable applications of federal law nor unreasonable determinations of the facts in light of the evidence presented to the state courts.

On appeal from the denial of the Rule 32 petition, the Alabama Court of Criminal Appeals deemed "Gardner's claim [challenging the indictment] ... without merit" as the indictment clearly identified Travis Benefield as a person and likewise sufficiently set forth the elements of the offense. *Respondents' Exhibit E - Court Doc. No. 11-9* at 3. In addressing Gardner's double jeopardy claim, the state appellate court, upon application of the test set forth in *Blockburger*, determined that "[b]ecause the murder of Travis Benefield required different elements to prove the crime than the robbery of Ray Davis and vice versa, Gardner's right to be free from double jeopardy was not violated." *Id*. at 4. With respect to the ineffective assistance of counsel claim, both the trial and appellate courts applied *Strickland v. Washington*, 466 U.S. 668 (1984) in determining that such claim provided no basis for relief to Gardner. *Respondents' Exhibit A - Court Doc. No. 11-2* at 59; *Respondents' Exhibit E - Court Doc. No. 11-9* at 5-7.

Neither the Circuit Court of Montgomery County nor the Alabama Court of Criminal Appeals decided Gardner's deficient indictment, double jeopardy or ineffective assistance

14

of counsel claims "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law.  *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523.  Consequently, the rejection of these claims by the state courts was not contrary to actual Supreme Court decisions.  Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the decisions of the state courts denying these claims were objectively reasonable and likewise constituted reasonable determinations of the facts in light of the evidence presented by the parties.  Consequently, Gardner is not entitled to relief from this court as the state courts properly adjudicated each of his claims on the merits.[6]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Willie Lizzlie Gardner be DENIED and this case be DISMISSED with prejudice.  It is further

ORDERED that on or before April 14, 2009 the parties may file objections to the Recommendation.  Objections must specifically identify the findings in the

---

[6]The respondents also argue that Gardner is procedurally defaulted on his double jeopardy and ineffective assistance of counsel claims because he failed to fairly present these claims as federal claims in his petition for certiorari to the Alabama Supreme Court on appeal from the denial of his Rule 32 petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *McNair v. Campbell*, 416 F.3d 1291, 1302-1303 (11th Cir. 2005); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  However, it appears to this court that Gardner did fairly present his double jeopardy and ineffective assistance of counsel claims as federal claims in the petition for writ of certiorari.  Thus, based on the foregoing and in light of the disposition of these issues in accordance with 28 U.S.C. § 2254(d)(1), the court deems it unnecessary to address the respondents' procedural default argument.

Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

Done, this 1st day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE